IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 FEB 20  P 12: 23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:07CV149-MEF

**NORMAN TODD,** )
)
Plaintiff, )
)
vs. )
)
**CITY OF CLANTON,** a municipal )
corporation, by and through its **MAYOR,** )
**HONORABLE BILLY JOE DRIVER,** in )
his official capacity as Mayor and individually; )
**POLICE CHIEF, JAMES HENDERSON,** )
in his official capacity, as well as individually; )
**CORPORAL GREG CHARLES,** in his )
official capacity and individually; and )
**CHRISTINE LITTLEJOHN,** an )
individual. )
)
Defendants. )

## NOTICE OF REMOVAL

COME NOW the Defendants, the City of Clanton, Alabama, a municipal corporation, by and through its Mayor Honorable Billy Joe Driver, in his official capacity as Mayor and individually, Police Chief James Henderson, in his official capacity and individually, and Corporal Greg Charles, in his official capacity and individually hereby file this Notice of Removal of the above-styled action to the United States District Court for the Middle District of Alabama, from the Circuit Court of Chilton County where the action is now pending as provided by Title 28, U.S. Code, Chapter 89, and state the following:

1.   The above-named individuals and entities are named as defendants in the above entitled action.

2. The above entitled civil action was commenced in the Circuit Court of Chilton County, State of Alabama, and is now pending in that court. Process was served on the defendants on or about February 5, 2007. A copy of plaintiff's complaint setting forth the claims for relief upon which this action is based was first received by the defendants on this date.

3. This is a civil action for alleged violations of the plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution as well as alleged violations of the Fifth Amendment to the United States Constitution as the same applies to the states through the Fourteenth Amendment to the United States Constitution. The plaintiff is bringing said action pursuant to 42 U.S.C. § 1983 (USCA). Jurisdiction, if any, is under 28 U.S.C. §1343 (USCA).

4. The United States District Court for the Middle District of Alabama has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367 in that they form part of the same case or controversy.

5. Simultaneously with the filing of this Notice, the defendants are filing clear and legible copies of all records and proceedings from the Circuit Court of Chilton County, Alabama pursuant to M.D. Ala. LR 81.1.

6. Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice will be filed with the Clerk of the Circuit Court of Chilton County, Alabama, as required by 28 U.S.C. § 1446(d).

WHEREFORE, the defendants request that this action proceed in this Court as an action properly removed to it.

/s/ James W. Porter II
James W. Porter II, one of the attorneys for Defendants
State Bar ID ASB 3314 T79J
State Code POR001

/s/ Natalie Daugherty
Natalie Daugherty, one of the attorneys for Defendants
State Bar ID ASB 6494 A55D
State Code DAU007

OF COUNSEL:

PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama 35201-0128
(205) 322-1744

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been *filed* with the Clerk of the Court and notification of such filing will be served upon the following, this the 20th day of February, 2007 .

Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104

*/s/ Natalie Taylor*
OF COUNSEL

IN THE CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA

NORMAN TODD, )
)
    Plaintiff, )
)
vs. ) CASE NO. : CV-2007-__10__ F
)
CITY OF CLANTON, a municipal )
corporation, by and through its Mayor, )
HONORABLE BILLY JOE DRIVER, )
in his official capacity as Mayor and )
individually; POLICE CHIEF JAMES )
HENDERSON, in his official capacity, ) **JURY TRIAL REQUESTED**
as well as individually; CORPORAL )
GREG CHARLES, in his official capacity )
and individually; and CHRISTINE )
LITTLEJOHN, an individual. )
)
    Defendants. )



## COMPLAINT

### PARTIES

1.    Norman Todd (hereinafter referred to as Plaintiff) is over the age of nineteen (19) years and was a resident of the city of Clanton, Chilton County, Alabama, at the time of the matters hereinafter complained. The Plaintiff was residing in a mobile home located in a mobile home park pursuant to a lease agreement originally entered into by and between Plaintiff and Christine Thomas. The address of Plaintiff at the time was 550 Ashley Court, Clanton, Alabama.

2.    The City of Clanton is, on information and belief of Plaintiff, a municipal corporation organized and existing under the laws of the State of Alabama. The Mayor of the City of Clanton at the time of the matters hereinafter complained was Honorable Billy Joe Driver. He is sued in his official capacity as well as in his individual capacity. On information and belief of Plaintiff, the

Mayor of Clanton is the person responsible for hiring and firing employees of the City of Clanton.

3. The Police Chief for the City of Clanton at the time of the matters hereinafter complained was James Henderson. Said Defendant was responsible for training, hiring and supervising, as well as instructing, his officers of proper legal procedures and compliance with laws in the enforcement of public laws for which the Police Department of the City of Clanton has as its primary duties and function.

4. Corporal Greg Charles (hereinafter referred to as Defendant Charles) was a police officer employed by the City of Clanton at the time of the matters hereinafter complained. The Defendant Charles is sued in his official capacity as a police officer for the City, as well as individually. The Defendant Charles was over the age of nineteen (19) years at the time of the matters complained of by Plaintiff, as well as was a resident of Chilton County, Alabama.

5. Christie Littlejohn is an individual over the age of nineteen (19) years and a resident of Chilton County, Alabama, at the time of the matters hereinafter complained.

## FACTS

6. On April 23, 2004, Plaintiff rented a mobile home with a street address of 550 Ashley Court from Ms. Christine Thomas, whom was the then owner of the Ashley Court Trailer Park (the Lease Agreement is attached hereto as Exhibit 1). Plaintiff continued to lease said mobile home and to pay the monthly installments due thereon during the term of the lease. The mobile home park was later sold to Tasco, LLC. After the mobile home park was purchased by Tasco, LLC, it (the park) was managed by Debra Allison.

7. On or about January 16, 2005, Plaintiff, while still leasing said mobile home, had a conversation with the Defendant Littlejohn whom advised Plaintiff that she and the Defendant

2

Charles had, using the Defendant Charles' position as a police officer, obtained access to Plaintiff's mobile home through Ms. Allison whom opened the trailer at the insistence and under the impression of complying with the lawful instructions/authority of the Defendant Charles, in his official capacity as a police officer with the City in order to allow the Defendants Littlejohn and Charles access to the mobile home. Upon obtaining access to the mobile home, the said Defendants invaded Plaintiff's privacy when they searched and ransacked the Plaintiff's mobile home without probable cause to believe that Plaintiff had committed any crime; but instead to allow the Defendant Littlejohn to obtain personal items of hers which were at Plaintiff's residence as a result of the Defendant Littlejohn's relationship with the Plaintiff. The Defendant had not notified the Plaintiff that she wanted any personal items from Plaintiff's residence, nor was Plaintiff aware of any items she was seeking.

8. After hearing of the invasion of his privacy through the trespass and unauthorized entry into his residence, Plaintiff went to the residence and discovered that his mobile home had been ransacked, drawers were taken out of the chest of drawers, and items strewn about the mobile home; a shoe box Plaintiff kept on his kitchen counter was moved to his bedroom with some of the contents from said box thrown on his bed; two (2) rings in the shoe box, valued at $1,200.00, were missing and to this day have not been located. One set of keys in the shoe box was kept by the intruders. The door in the middle bedroom was taken off its hinges, and the back door had been left unlocked.

9. On or about the same time period, apparently, the Defendant Charles and the Defendant Littlejohn conspired together to cause the unlawful arrest, detention and prosecution of Plaintiff for alleged unlawful use of a vehicle which the Defendant Littlejohn had helped the Plaintiff

to purchase by financing in her name; but which note and/or indebtedness the Plaintiff had made all payments on. The Defendant Charles was one of the initiating causes of Plaintiff's arrest and prosecution.

10. The prosecution of Plaintiff which followed his illegal arrest and detention was nol prossed and dismissed when the Plaintiff attended his trial as a result of a lack of probable cause that the Plaintiff had committed a crime.

11. On information and belief of Plaintiff, the City, by and through its police chief, learned of the Defendant Charles' conduct in invading Plaintiff's privacy in searching the residence immediately before or during the "call" where he responded to Plaintiff's residence. Additionally, the City, by and through its police chief, either knew before Plaintiff was arrested or learned thereafter that Plaintiff was to be arrested on frivolous and false charges and did nothing to stop the arrest warrant from being served and the prosecution commenced and continued against Plaintiff.

12. The Defendant Police Chief and Defendant Mayor of the City are the final decision makers, jointly and severally responsible for hiring, firing, training and supervising their police department employees. Said Defendants negligently trained and/or negligently failed to properly/adequately train the Defendant Charles, and/or negligently supervised or failed to supervise said Defendant Charles which resulted in the Defendant Charles' participation in the conduct for which the Plaintiff now complains.

13. Additionally, the Plaintiff alleges that the Defendants Mayor and Police Chief, if not learning of the Defendant Charles' and Defendant Littlejohn's actions before or at the time therof, discovered immediately thereafter regarding the same. Each knew that warrant for Plaintiffs' arrest had been issued, and failed to stop said illegal acts thereby fully ratifying and condoning the

Defendant Littlejohn's and Defendant Charles' actions in committing the trespass; illegal search and ransacking of Plaintiff's mobile home; but, also ratified and condoned the illegal warrant of arrest issued for the Plaintiff, as well as ratified and condoned Plaintiff's subsequent arrest and prosecution of Plaintiff, said actions also ratifying and condoning the Defendants' invasion of Plaintiff's privacy interest to be secure in his home.

## COUNT 1

14. Paragraphs 1-5 of the "Parties" section of the Complaint, as well as paragraphs 6-13 of the Facts of the Complaint are incorporated herein by this reference as if the same were more fully set out.

15. The Defendant Charles used his position as a police officer to aid the Defendant Littlejohn in obtaining illegal access and in committing a trespass and illegal search of Plaintiff's mobile home, as well as committed a trespass against the personalty of Plaintiff.

16. The Defendant City, by and through its Mayor and Police Chief, either knew that the invasion of Plaintiff's privacy interest by trespass and illegal search was about to be commenced or learned during the illegal search and ransacking of Plaintiff's home of the Defendant Charles' actions and failed and/or refused to stop said Defendant's actions. The Defendants' actions at the time of invading Plaintiff's privacy in engaging in the Illegal search and detention were made under color of state law and in his official capacity. The Mayor and Police Chief were also acting in their official capacity at the time of the Defendants' actions.

17. Furthermore, the Defendant City, by and through its Mayor and Police Chief, on information and belief of Plaintiff, learned of the intent of the Defendant Charles to initiate the arrest warrant being made without probable cause to make the arrest against Plaintiff; learned of the

subsequent arrest made without probable cause; and failed and/or refused to do anything, thereby fully ratifying and condoning the illegal arrest; detention and prosecution of Plainntiff.

18. The Defendants, jointly and severally, acted with a deliberate disregard, deliberate indifference to Plaintiff's federal constitutional rights to be free from invasion of his privacy interest and to be secure in his home and his person; to be free from unlawful searches of his home; and seizure of his person. The Defendants City, Mayor, Police Chief and Officer Charles, under color of their office and under law, along with the Defendant Littlejohn violated the Plaintiff's constitutional rights under the First and Fourth Amendment to the United States Constitution as well as represent a violation of the Fifth Amendment to the United States Constitution as the same applies to the states through the Fourteenth Amendment to the United States Constitution, as said actions were performed under color of state law, they form the basis of Plaintiff's 42 USC 1983 United States Code (USCA) and its amendments thereto (et sequel) provisions.

19. As a result of the above and foregoing, Plaintiff was damaged in that he lost over $1,200.00 in rings; his home was ransacked which required cleaning and repairs to be made in placing the door back on its hinges. In addition, the Plaintiff suffered humiliation, embarrassment, pain and suffering as a result of the illegal trespass, search, detention and arrest. As a result, the Plaintiff claims against the Defendant City, its Mayor, Police Chief, the Defendant Charles, in their official capacities, and the Defendant Littlejohn, jointly and severally, compensatory damages in excess of the jurisdictional minimum of this Court such punitive damages as a jury may award, Plaintiff's legal fees to which the Plaintiff is entitled and his costs of this action.

## COUNT II

20. Plaintiff incorporates paragraphs 1-5 of the Parties, paragraphs 6-13 of the Facts

and paragraphs 14-19 of Count I of the Complaint herenabove as if the same were more fully set forth.

21. Plaintiff claims that the Defendant Littlejohn, along with Defendants City, by and through its Mayor, Police Chief and Defendant Charles, all acting in their individual capacities, under color of state law, and with a deliberate indifference and complete disregard to Plaintiff's constitutional rights violated Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment constitutional rights which are actionable under 42 USC 1983, et. seq., which damaged Plaintiff.

22. As a result of the violation of Plaintiff's aforesaid constitutional rights, Plaintiff claims compensatory damages in amounts exceeding the jurisdictional minimum of this Court, such punitive damages as a jury may award, his attorney fees and costs of this action.

## COUNT III

23. Plaintiff incorporates paragraphs 1-5 of the Parties, paragraphs 6-13 of the Facts, paragraphs 14-19 of Count I, and paragraphs 20-22 of Count II of the Complaint hereinabove by this reference as if the same were more fully set forth.

24. The Defendants Charles and Littlejohn violated the Plaintiff's corresponding state constitutional rights (Fourth and Fifth United States Constitution rights re-adopted by the State in its Constitution) to be free from invasion of privacy, illegal search, illegal detention and arrest without probable cause which damaged Plaintiff.

25. The Mayor and Police Chief, if not having actual knowledge of the illegal acts at the time of their commission, thereafter learned of the illegal acts and failed or refused to do anything about the matters which Plaintiff was subjected.. Said Mayor and Police Chief thereby ratified and condoned the illegal search of Plaintiff's home, the illegal trespass thereto, detention and arrest of

Plaintiff made by the Defendants Charles and Littlejohn, thereby damaging Plaintiff.

26.   The Plaintiff claims compensatory damages in excess of the jurisdictional minimum of this Court, such punitive damages as a jury may award, his attorneys fees and costs of this action.

## COUNT IV

27.   Plaintiff realleges and adopts by this reference paragraphs 1-5 of the Parties, paragraphs 6-13 of the Facts, paragraphs 14-19 of Count I, paragraphs 20-22 of Count II, and paragraphs 23-27 of Count III of the Complaint herein by this reference as if the same were more fully set forth.

28.   The City, by and through its Mayor and Police Chief, negligently hired, supervised and trained the Defendant Charles, and/or failed to establish proper training methods and procedure to clearly establish that its officers would not engage in the type conduct in which the Defendant Charles engaged in violating Plaintiff's Fourth, Fifth and Fourteenth Amendments constitutional rights. As a result, the Plaintiff was damaged. Therefore, Plaintiff is entitled to relief pursuant to 42 USC 1983, et.seq., for the violation of his constitutional rights.

29.   Plaintiff therefore claims damages in an amount of the jurisdictional minimum of this Court, his attorneys fees and costs.

## COUNT V

30.   Plaintiff incorporates paragraphs 1-5 of the Parties, paragraphs 6-13 of the Facts, paragraphs 14-19 of Count I, paragraphs 20-22 of Count II, paragraphs 23-26 of Count III, and paragraphs 27-29 of Count IV of the Complaint herein by this reference as if the same were more fully set out.

31.   Plaintiff claims that the Defendants, jointly and severally, and in their official

capacities, under color of state law with a deliberate indifference and wanton disregard of Plaintiff's rights, initiated, prosecuted and/or ratified and condoned an illegal prosecution of Plaintiff of alleged criminal laws without probable cause, thereby giving rise to a malicious prosecution in violation of the Plaintiff's First, Fourth, Fifth and Fourteenth Amendments constitutional rights, thereby causing the Plaintiff damage and detriment. The Plaintiff therefore claims under 42 UCS 1983, et seq, that his prosecution was without probable cause and with malice damaged Plaintiff. The Plaintiff claims his federal malicious prosecution claims under 42 U.S.C. 1983 are advanced herein.

32. The Plaintiff therefore claims compensatory damages in an amount of the jurisdictional minimum of the court, such punitive damages as a jury may award, Plaintiff's attorneys fees and costs.

## COUNT VI

33. Plaintiff incorporates by this reference, paragraphs 1-5 of the Parties, paragraphs 6-13 of the Facts, paragraphs 14-19 of Count I, paragraphs 20-22 of Count II, paragraphs 23-26 of Count III, paragraphs 27-29 of Count IV and paragraphs 30-32 of Count V of the Complaint herein as if more fully set forth.

34. Plaintiff's claim that the Defendant Littlejohn, along with Defendants City, by and through its Mayor, Police Chief and Officer Charles, all acting in their individual capacities, violated Plaintiff's First, Fourth, Fifth and Fourteenth Amendments right to be free from invasion of his privacy, trespass, illegal search, detention, arrest and prosecution. Said Defendants engaged in the initiation and continuation of a prosecution of Plaintiff without probable cause. Defendants did so maliciously and with malice and/or so recklessly and wantonly to impute malice. The prosecution was terminated in Plaintiff's favor. The Mayor and Police Chief, if not knowing of the wrongful

prosecution when it was commenced, thereafter learned of the same and failed or refused to terminate the wrongful prosecution, thereby ratifying and condoning the Defendants Charles' and Littlejohn's conduct.

35. As a result, the Plaintiff claims against the said Defendants, jointly and severally, damage and detriment for an amount of compensatory damages which exceed the jurisdictional minimum of this Court, such punitive damages as a jury may award, attorney fees and costs as a result of the malicious prosecution of Plaintiff.

## COUNT VII

36. Plaintiff incorporates paragraphs 1-5 of the Parties, paragraphs 6-13 of the Facts, paragraphs 14-19 of Count I, paragraphs 20-22 of Count II, paragraphs 23-26 of Count III, paragraphs 27-29 of Count IV, paragraphs 30-32 of Count V, paragraphs 33-35 of Count VI of the Complaint herein by this reference as if more fully set forth.

37. That the Defendants Littlejohn and Charles committed a trespass against Plaintiff's home, his personalty and to his person, thereby damaging Plaintiff.

38. The Mayor and Police Chief ratified and condoned said trespass by failing and/or refusing to do anything about the trespass thereby damaging Plaintiff.

39. The trespass was done wilfully, recklessly, maliciously and with a complete disregard to Plaintiff's rights thereby entitling Plaintiff to punitive damages.

40. Therefore, Plaintiff claims compensatory damages in an amount in excess of the jurisdictional minimum of this Court; such punitive damages as a jury may award; attorney fees and costs.

Respectfully submitted,

_____
NORMAN TODD
Plaintiff

_____
DONALD G. MADISON (MAD008)
Attorney for Plaintiff Norman Todd

OF COUNSEL:
DONALD G. MADISON
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-mail: dgmadison@bellsouth.net

STATE OF ALABAMA    )
MONTGOMERY COUNTY )

BEFORE ME, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Norman Todd, who is known to me and who, after first being duly sworn by me, deposes and says as follows:

"My name is Norman Todd. I am the Plaintiff in the foregoing Complaint. I have read the Complaint and the facts stated therein are true and correct according to my knowledge, information and belief."

_____
NORMAN TODD

SWORN TO and SUBSCRIBED BEFORE me on this the 11th day of January, 2007.

(SEAL)

_____
NOTARY PUBLIC
My Commission Expires: 7-15-09

PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

11

The City of Clanton
Office of Municipal Clerk
505 2nd Avenue North
Clanton, Alabama 36045

Honorable Billy Joe Driver
Mayor, City of Clanton
Office of the Mayor
505 2nd Avenue North
Clanton, Alabama 35045

Honorable James Henderson
Chief of Police, City of Clanton
601 1st Avenue
Clanton, Alabama 35045

Corporal Greg Charles
Police Department, City of Clanton
601 1st Avenue
Clanton, Alabama 35045

Ms. Christine Littlejohn

Clanton, Alabama

