IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| STEVE MERRILL, NANCY MERRILL, | ) | |
| IDA ECHOLS and GWENDOL ECHOLS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. CV 05-272 |
| | ) | |
| **THE CITY OF CULLMAN,** DRINKARD | ) | |
| DEVELOPMENT, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF CITY OF CULLMAN'S
MOTION FOR SUMMARY JUDGMENT**

Comes now the defendant, the City of Cullman, Alabama, a municipal corporation, ("the City"), to file its Brief in Support of its Motion for Summary Judgment, and as grounds therefore, state as follows:

**STATEMENT OF THE CASE**

*The Original Four (4) Party Plaintiffs File Their Original Complaint in Circuit Court.*

On or about May 17, 2005, Steve Merrill, Nancy Merrill, Ida Echols and Gwendol Echols, original party plaintiffs, filed a Complaint in the Circuit Court of Cullman County, Alabama against the City of Cullman, Alabama, a municipal corporation, Drinkard Development, Inc., and other fictitious parties. See Original Comp., p.1. The Original Complaint contains the following four (4) counts:

Count One:    **Declaratory Judgment** that City of Cullman **Ordinance 1372**, passed on

or about April 10, 2000, is invalid.

Count Two:    **Permanent Injunction** ordering Drinkard Development, Inc. to stop

altering the subject property.

<u>Count Three</u>:   Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Nuisiance / Trespass / Negligence / Wantonness** committed by all of the defendants.

<u>Count Four</u>:   Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Civil Conspiracy** committed by all of the defendants.

<u>See</u> Original Comp., p.p.3-4, ¶¶ 20-29.

***The Original Four (4) Party Plaintiffs File Their First Amended Complaint.***

On or about September 6, 2005, Steve Merrill, Nancy Merrill, Ida Echols and Gwendol Echols, original party plaintiffs, filed their First Amended Complaint against the same party defendants named in their Original Complaint.  <u>See</u> First Am.Comp., p.1.  The First Amended Complaint contains the same four (4) counts that were alleged in the Original Complaint and they are as follows:

<u>Count One</u>:   **Declaratory Judgment** that City of Cullman **Ordinance 1372**, passed on or about April 10, 2000, is invalid.

<u>Count Two</u>:   **Permanent Injunction** ordering Drinkard Development, Inc. to stop altering the subject property.

<u>Count Three</u>:   Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Nuisiance / Trespass / Negligence / Wantonness** committed by all of the defendants beginning on or about July 20, 2004 and continuing through the present.

<u>Count Four</u>:   Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Civil Conspiracy** committed by all of the defendants.

2

<u>See</u> Am.Comp., p.p.3-5, ¶¶ 20-31.

***Two (2) of the Original Party Plaintiffs, Ida Echols and Gwendol Echols, Are Dismissed.***

On or about May 9, 2006, Ida Echols and Gwendol Echols, original party plaintiffs, filed a Motion to Dismiss all of their claims against all defendants in the above-styled case. <u>See</u> Echols' Motion to Dismiss, p.1. Their Motion to Dismiss was granted on or about May 12, 2006. <u>See</u> Order, dated May 12, 2006.

***The Remaining Two (2) Party Plaintiffs, Steve and Nancy Merrill, File Their Second Amended Complaint.***

On or about July 20, 2006, Steve Merrill and Nancy Merrill, current party plaintiffs, filed a Second Amended Complaint against the same party defendants named in their Original Complaint and, in addition, named MTN, Ltd. and T&K Construction, L.L.C. as party defendants. <u>See</u> Second Am.Comp., p.p.1-2. The Second Amended Complaint adopts the four (4) counts previously made in the Original and First Amended Complaints and, although they are not enumerated, alleges two (2) new counts. <u>See</u> Second Am.Comp., p.p.1-4, ¶¶ 1-17. The counts contained in the Second Amended Complaint are as follows:

<u>Count One</u>: **Declaratory Judgment** that City of Cullman **Ordinance 1372**, passed on or about April 10, 2000, is invalid.

<u>Count Two</u>: **Permanent Injunction** ordering Drinkard Development, Inc. to stop altering the subject property.

<u>Count Three</u>: Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Nuisance / Trespass / Negligence / Wantonness** committed by the defendants, the City, Drinkard Development, Inc., MTN, Ltd. and T&K Construction, L.L.C., beginning on or about July 20, 2004 and

3

continuing through the present.

Count Four:    Damages, as determined by a jury, for alleged injuries suffered due to the

alleged **Civil Conspiracy** committed by the defendants, the City, Drinkard

Development, Inc. and MTN, Ltd.

Count Five:    Damages, as determined by a jury, for alleged injuries suffered due to the

alleged **Assault and/or threatened bodily harm** to the plaintiffs by

employees of T&K Construction, L.L.C.

Count Six:     Damages, as determined by a jury, for alleged injuries suffered due to the

alleged taking of the plaintiff's property by the City.  Plaintiffs allege that

the City committed **Inverse Condemnation** when they enacted

**Ordinance 1384** or about September 25, 2000

See Second Am.Comp., p.p. 1-4, ¶¶ 1-17.

***The Remaining Two (2) Party Plaintiffs, Steve and Nancy Merrill, File Their Third Amended Complaint.***

On or about August 20, 2006, Steve Merrill and Nancy Merrill, current party plaintiffs,

filed a Third Amended Complaint against the same party defendants named in their Original,

First and Seconded Amended Complaints and, in addition, named Nearen Construction Co., Inc.

as a party defendant.  See Third Am.Comp., p.1.  The Third Amended Complaint adopted the

previously alleged counts and did not add any additional counts.   See Third Am.Comp., p.p.1-2.,

¶¶ 1-5.  The Third Amended Complaint contains the following counts:

Count One:     **Declaratory Judgment** that City of Cullman **Ordinance 1372**, passed on

or about April 10, 2000, is invalid.

Count Two:     **Permanent Injunction** ordering Drinkard Development, Inc. to stop

4

altering the subject property.

Count Three:    Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Nuisance / Trespass / Negligence / Wantonness** committed by the defendants, the City, Drinkard Development, Inc., MTN, Ltd., T&K Construction, L.L.C., and Nearen Construction Co., Inc., beginning on or about July 20, 2004 and continuing through the present.

Count Four:    Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Civil Conspiracy** committed by the defendants, the City, Drinkard Development, Inc. and MTN, Ltd.

Count Five:    Damages, as determined by a jury, for alleged injuries suffered due to the alleged **Assault and/or threatened bodily harm** to the plaintiffs by employees of T&K Construction, L.L.C. and Nearen Construction Co., Inc.

Count Six:    Damages, as determined by a jury, for alleged injuries suffered due to the alleged taking of the plaintiff's property by the City.  Plaintiffs allege that the City committed **Inverse Condemnation** when they enacted **Ordinance 1384** or about September 25, 2000.

See Third Am.Comp.

***After the City's Motions to Dismiss Were Ruled Upon, Only Two (2) Claims Remain Against the City.***

The City filed Motions to Dismiss the plaintiffs' complaint and each of the amended complaints.  Consequently, all but two (2) of the plaintiffs' claims against the City were dismissed.  On or about August 5, 2005, this Court dismissed the plaintiffs' claims against the

5

City for Wantonness (Count Three) and Conspiracy (Count Four). See Order, dated August 5, 2005. Additionally, on or about October 20, 2005, this Court dismissed all of the plaintiffs' claims in Count Three for Negligence, Trespass and Wantonness (Count Three). See Order, dated October 20, 2005. Clearly, the plaintiffs' claims in Count Two seeking a Permanent Injunction are not asserted against the City nor is the City named within Count Two. See Original Comp., p.3, §§ 22-24; see First Am.Comp., p.4, §§ 23-25; see Second Am.Comp.; see Third Am.Comp. Therefore, the only claims pending against the City in this action are the plaintiffs' claims for a Declaratory Judgment on the validity of **Ordinance 1372**, passed on or about April 10, 2000, (Count One) and (2) a claim for monetary damages arising from the alleged **Inverse Condemnation** by the City when they enacted **Ordinance 1384** on or about September 25, 2000 (Count Six).

Contemporaneously with the filing of this Brief, the City is filing its Motion for Summary Judgment. There is no dispute of any material fact and the City is entitled to a judgment as a matter of law.

## STATEMENT OF THE FACTS

The following facts are undisputed and material to this litigation:

The two (2) remaining plaintiffs, Nancy and Steve Merrill, bought the subject property along Dialsdale Drive in Cullman, Alabama during February of 1998. See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**. They purchased the subject property for eighty-four thousand one hundred dollars ($84,000.00). See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**. On July 12, 2006, plaintiffs sold the subject property for one hundred and thirteen thousand dollars ($113,000.00). See

Deposition of Nancy Merrill, Feb. 9, 2007, p. 6 lines 12-18, 83 lines 17-23, p. 84 lines 1-14, **Exhibit 2**. The plaintiffs are currently living in Arizona. <u>See</u> Deposition of Nancy Merrill, Feb. 9, 2007, p. 6 lines 12-18, **Exhibit 2**.

The complained of commercial development made basis of this suit lies on property adjoining the subject property. <u>See</u> Deposition of Steve Merrill, Feb. 22, 2006, p. 77 lines 7-23, p. 78 lines 1-23, p. 79 lines 1-23, p. 80 lines 1-23, p. 81 lines 1-23, p. 82 lines 1-23 and p. 83 lines 1-19, **Exhibit 1**. Throughout this litigation, the property site of the complained of commercial development has commonly been referred to as the "Drinkard Property" and will continue to be referenced to as such throughout this pleading.

When MTN, Ltd. filed a request for rezoning of the "Drinkard Property" with the City, the City Council referred the subject rezoning request to the Planning Commission on August 28, 2000. <u>See</u> Cullman City Council Minutes, Aug. 28, 2000, **Exhibit 3**. Thereafter, the City published a legal notice containing the text of the proposed **Ordinance 1384** in the local newspaper on two (2) occasions, once on September 1, 2000 and again on September 8, 2000. <u>See</u> Legal Notice, **Exhibit 4**. The Planning Commission held two (2) properly noticed public hearings, one (1) on September 5, 2000 and another on (2) September 11, 2000. <u>See</u> Notice of Request to Planning Commission **Exhibit 5;** <u>see also</u> Public Notice of Hearings, **Exhibit 6**; <u>see also</u> Planning Commission Minutes, **Exhibit 7**; <u>see also</u> Record Showing Planning Commission Made a Recommendation to City Council, **Exhibit 8**. Thereafter, on September 12, 2000, the Planning Commission sent a written recommendation to City Council recommending that they approve the rezoning request. <u>See</u> Planning Commission Minutes, **Exhibit 7**; <u>see also</u> Record Showing Planning Commission Made a Recommendation to City Council, **Exhibit 8**.

On September 19, 2000 the City sent certified letters to the adjoining property owners, including the plaintiffs Steve and Nancy Merrill, giving them proper Notice of the upcoming City Council's public hearing on the proposed rezoning request and **Ordinance 1384**. See Public Notice of Public Hearing, **Exhibit 9**. The public hearing was held on September 25, 2000. See Public Notice of Public Hearing, **Exhibit 9**. After public comments were made at the public hearing, the City Council voted and approved the adoption of **Ordinance No. 1384**. See Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**.

## SUMMARY OF THE ARGUMENT

The only claims pending against the City in this action are the plaintiffs' claims for (1) a Declaratory Judgment on the validity of **Ordinance 1372**, passed on or about April 10, 2000, and (2) a claim for monetary damages arising from the alleged **Inverse Condemnation** by the City when they enacted **Ordinance 1384** or about September 25, 2000. For the reasons set forth herein, all of the plaintiffs' claims against the City are due to be dismissed with prejudice.

First and foremost, this Court does not have jurisdiction over any claims by the plaintiffs that either **Ordinance 1372** is invalid or, to the extent they make such a claim, that **Ordinance 1384** is invalid because they failed to serve the Attorney General for the State of Alabama with a copy of the proceeding pursuant to Section 6-6-227 of the Code of Alabama (1975). Secondly, all of the plaintiffs' claims are time-barred by Sections 11-47-23 and 11-47-192 of the Code of Alabama (1975). In addition to being time-barred, the plaintiffs' claims are bared by the doctrine of laches and/or res judicata. Third, the plaintiffs do not have standing to seek a Declaratory Judgment on the validity of **Ordinance 1372**. Lastly, the plaintiffs have failed to state a claim for Inverse Condemnation.

8

Furthermore, because the plaintiffs waited five (5) years before bringing any claims attacking **Ordinance 1372** and six (6yrs) before bringing any claims attacking **Ordinance 1384**, they have no remedy in law or in equity. It is undisputed that the plaintiffs were aware of the complained of rezoning prior to the City's enactment of said ordinances because they were present at the Public Hearings that took place in 2000. The construction and development of the "Drinkary Property" is complete. In fact, the construction and development of the "Drinkard Property" has been complete for almost two (2) years and was complete at the approximate time the plaintiffs filed their Original Complaint. This Court cannot enjoin an already performed act. Williams v. Wert, 259 Ala. 557, 67 So.2d 830 (Ala. 1953). The plaintiffs no longer own the property they alleged was damaged or taken by the City and currently reside in Arizona, therefore, they are no longer an interested party with standing to seek a Declaratory Judgment on the validity of an ordinance adopted by the City of Cullman.

Secondly, the plaintiffs have failed to show that the City diminished the fair market value of their property which is necessary for them to prove a claim for Inverse Condemnation. The only admissible evidence offered by the plaintiffs to show the fair market value of the subject property are that they purchased the house prior to the City's enactment of **Ordinance 1384** for eighty-four thousand one hundred dollars ($84,000.00) and then sold it at the *higher* price of one hundred and thirteen thousand dollars ($113,000.00) six (6) years after **Ordinance 1384** was adopted and one (1) year after the complained of developed was complete. The plaintiffs admit that they are not experts and are not qualified to assess the fair market value of the subject property. In forming their lay opinion that the fair market value was diminished as a result of the City's adoption of **Ordinance 1384**, the plaintiffs rely on tax assessments. However, Section 18-

1A-197(3) of the Code of Alabama expressly states that tax assessments are not admissible evidence in assessing the fair market value of property for condemnation purposes. ALA.CODE § 18-1A-197(3) (1975).

For all of these aforementioned reasons, which will be set out in further detail below, the plaintiffs' claims against the City are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

## ARGUMENT

In the two (2) remaining claims against the City, the plaintiffs have made allegations based on two (2) of the City's ordinances, **Ordinance 1372** and **Ordinance 1348**. See Original Comp., p.3, ¶¶ 20-21; see also First Am.Comp., p. 3, ¶¶ 20-22; see also Second Am.Comp.; see also Third Am.Comp.

The complained of commercial development made basis of this suit lies on property adjoining the subject property. See Deposition of Steve Merrill, Feb. 22, 2006, p. 77 lines 7-23, p. 78 lines 1-23, p. 79 lines 1-23, p. 80 lines 1-23, p. 81 lines 1-23, p. 82 lines 1-23 and p. 83 lines 1-19, **Exhibit 1**. Throughout this litigation, the property site of the complained of commercial development has commonly been referred to as the "Drinkard Property" and will continue to be referenced as such in this pleading. The location of the "Drinkard Property" was rezoned from a residential district to a business district by the City, on or about September 25, 2000, and this rezoning was adopted into law by the enactment of **Ordinance 1384**. See Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**.

**Ordinance 1372** does not regulate the "Drinkard Property". **Ordinance 1372** regulates another piece of property, commonly referred to as the "WalMart Property." See Deposition of

Steve Merrill, Feb. 22, 2006, p. 77 lines 7-23, p. 78 lines 1-23, p. 79 lines 1-23, p. 80 lines 1-23, p. 81 lines 1-23, p. 82 lines 1-23 and p. 83 lines 1-19, **Exhibit 1**.

I.  **PLAINTIFFS CAN NOT ASSERT A CLAIM FOR A DECLARATORY JUDGMENT ACTION AS TO THE VALIDITY OF ORDINANCES ENACTED BY THE CITY OF CULLMAN.**

The plaintiffs only make one (1) claim demanding a Declaratory Judgment (Count One). See Original Comp., p.3, ¶¶ 20-21; see also First Am.Comp., p. 3, ¶¶ 20-22; see also Second Am.Comp.; see also Third Am.Comp.  In Count One, the plaintiffs seek a Declaratory Judgment that City **Ordinance 1372** is invalid. See Original Comp., p.3, ¶¶ 20-21; see also First Am.Comp., p. 3, ¶¶ 20-22.  In their Complaint and in all their amendments to it, the plaintiffs never assert a claim seeking a Declaratory Judgment on the validity of **Ordinance 1384**.

A.  **THIS COURT LACKS JURISDICTION OVER THE PLAINTIFFS' ACTION FOR A DECLARATORY JUDGMENT AS TO THE VALIDITY OF THE CITY'S ORDINANCES.**

The plaintiffs failed to notify the Attorney General for the State of Alabama of their challenge to the validity of **Ordinance 1372**.  Bratton, et al. v. City of Florence, 688 So.2d 233 (Ala. 1996) (citing Armstrong v. Roger's Outdoor Sports, Inc., 581 So.2d 414 (Ala. 1990) and Fairhope Single Tax Corp. v. Rezner, 527 So.2d 1232 (Ala. 1987)); see also Town of Warrior v. Blaylock, 271 Ala. 685, 127 So.2d 618 (Ala. 1961); see also City of Gadsden v. Cartee, 279 Ala. 280, 184 So.2d 360 (Ala. 1996); see also Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385 (Ala. 1975); see also ALA. CODE § 6-6-227 (1975); see also Am.Comp.  As a matter of law, when a plaintiff fails to notify the Attorney General of a challenge to the validity of a municipal ordinance, courts lack jurisdiction to resolve any claims based on that challenge.  Id.  Therefore, as a matter of law, the plaintiffs' claims are due to be dismissed with prejudice and summary

judgment is due to be granted in the City's favor.

    **B.**    **PLAINTIFFS CLAIMS FOR ACTION FOR A DECLARATORY JUDGMENT AS TO THE VALIDITY OF THE CITY'S ORDINANCES ARE BARRED BY THE DOCTRINE OF LACHES.**

    The plaintiffs' claims for a Declaratory Judgment Action on the validity of **Ordinance 1372** and, to the extent the plaintiffs attempt to assert such a claim, **Ordinance 1384** are barred by the doctrine of laches. "To establish the application of the doctrine of laches, [a defendant] ha[s] to show that [the plaintiff] delayed in asserting his right or claim, that his delay was inexcusable, and that his delay caused the [defendant] undue prejudice." Jackson v. City of Auburn, et al., 2006 WL 893617 (Ala. Civ. App. April 7, 2006) (quoting Ex parte Grubbs, 542 So. 2d 927, 929 (Ala. 1989)) (internal citations and quotation omitted). The plaintiffs waited five (5) years before bringing any claims attacking **Ordinance 1372** and six (6yrs) before bringing any claims attacking **Ordinance 1384**, and, therefore, they have no remedy in equity.

    It is undisputed that the plaintiffs were aware of the complained of rezoning prior to the City's enactment of said ordinances because they were present at the Public Hearings that took place in 2000. However, instead of seeking a Declaratory Judgment or Injunction in 2000, or within a reasonable time thereafter, the plaintiffs waited five (5) years before bringing any claims attacking **Ordinance 1372** and six (6yrs) before bringing any claims attacking **Ordinance 1384**, and, therefore, they have no remedy in equity. During this period of time and while the plaintiffs were sitting on their hands, the property regulated by the zoning set forth in **Ordinance 1372** (the "Wal-Mart Property") and the property regulated by the zoning set forth in **Ordinance 1384** (the "Drinkard Property") were developed for commercial use. In fact, the construction and development of the "Drinkard Property" has been complete for almost two (2) years and was

complete at the same approximate time the plaintiffs filed their Original Complaint.

Declaratory Judgment actions are meant to resolve controversies *before* they lead to an invasion of a party's rights.  Ex parte Richardson, 2006 WL 3239812 (Ala. 2006).  A Declaratory Judgment invalidating a municipal ordinance that amended and was adopted into the municipality's zoning ordinance like **Ordinance 1372** and **Ordinance 1348** did here in the case-at-bar, enjoins the rezoning and, in effect, enjoins the affected property owner from commercially developing the property that was subject to the rezoning.  The complained of commercial development in this suit is already complete.  This Court "cannot enjoin an already performed act."  Williams v. Wert, 259 Ala. 557, 67 So.2d 830 (Ala. 1953).  Therefore, the plaintiffs do not have a remedy in equity.  If this Court were to invalidate one of the City's ordinance at issue in this case, what is the City to do?  Will the Court order the business to cease operations or the buildings be destroyed?  This exact situation is why there is a doctrine of laches.  The plaintiffs could have brought actions in equity years ago, but instead they chose to sit on their hands and now they no longer have this remedy.

Additionally, the City issued building permits and other permits required for the construction to go forward.  Furthermore, during this five (5) to six (6) year period while the plaintiffs sat on their hands, the City's master comprehensive zoning plan was amended to reflect how both the "Wal-Mart Property" and the "Drinkard Property" were zoned and others relied on that zoning in not only going forward with the construction and development of these properties, but also adjacent property.  Moreover, during this time period, the construction was completed, certificates of occupancy issued, commercial enterprises undertaken and license fees and taxes paid to the City.  It is disingenuous to argue that this delay is not prejudicial.

13

For the foregoing reasons, the plaintiffs claims against the City are due to be dismissed and summary judgment should be granted in its favor.

### C.    THE PLAINTIFFS LACK STANDING TO DEMAND A DECLARATORY JUDGMENT ACTION ON THE VALIDITY OF THE ORDINANCES.

The plaintiffs lack standing to demand a Declaratory Judgment because they are no longer interested parties.  There must be a justiciable controversy between the parties for a Declaratory Judgment Action to be proper.  See Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661 (Ala. 1963); see also State Farm Mut. Auto. Ins. Co. v. Brown, 894 So.2d 643 (Ala. 2004).  For a person to have standing to seek to a Declaratory Judgment Action on a municipal ordinance, the ordinance must affect a person's legal rights under a deed, will, written contract or other legal relations. ALA.CODE § 6-6-223 (1975); Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661 (Ala. 1963); Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273 (1936); Tillman v. Sibbles, 292 Ala. 355, 294 So.2d 436 (1974); see also State Farm Mut. Auto. Ins. Co. v. Brown, 894 So.2d 643 (Ala. 2004).  The plaintiffs no longer own the property they alleged was damaged or taken by the City and currently reside in Arizona.

The two (2) remaining plaintiffs, Nancy and Steve Merrill, bought the subject property along Dialsdale Drive in Cullman, Alabama during February of 1998.  See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**.  They purchased subject property for eighty-four thousand one hundred dollars ($84,000.00).  See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**.  On July 12, 2006, plaintiffs sold subject property for one hundred and thirteen thousand dollars ($113,000.00).  See Deposition of Nancy Merrill, Feb. 9, 2007, p. 6 lines 12-18, 83 lines 17-23, p. 84 lines 1-14, **Exhibit 2**.  The plaintiffs are currently living in Arizona.  See Deposition of Nancy Merrill, Feb.

14

9, 2007, p. 6 lines 12-18, **Exhibit 2**.

As property owners, the plaintiffs may have had standing to seek a Declaratory Judgment when they originally filed suit, but they must maintain standing throughout the course of the litigation. Standing is a jurisdictional requirement which remains open to review at all stages of litigation. Carey v. Howard, 2006 WL 1119260 (Ala. 2006). Since the plaintiffs no longer own the subject property and currently reside in Arizona, they are no longer an interested party with standing to seek a Declaratory Judgment on the validity of the two (2) challenged ordinances.

Additionally, the plaintiffs' lack standing to demand a Declaratory Judgement on **Ordinance 1372** not only because they are no longer an interested party, but also because they have not alleged an actual injury they suffered due to the enactment of **Ordinance 1372** during the time they owned the property. See Original Comp.; see also First Am.Comp.; see also Second Am.Comp.; see also Third Am.Comp. Standing is a jurisdictional requirement which remains open to review at all stages of litigation. Carey v. Howard, 2006 WL 1119260 (Ala. 2006).

Declaratory Judgment actions are meant to resolve controversies before they lead to the invasion of a party's rights. Ex parte Richardson, 2006 WL 3239812 (Ala. 2006). There must be a bona fide justiciable controversy in order for a court to grant a Declaratory Judgment. Id. An essential component of justiciability is whether the plaintiffs have standing to sue. Id. Standing turns on whether the plaintiffs have suffered an actual injury and, if so, whether that actual injury is an injury to a legally protected right. Id.

The complained of commercial development made basis of this suit lies on property adjoining the subject property which was formerly owned by the plaintiffs. See Deposition of

15

Steve Merrill, Feb. 22, 2006, p. 77 lines 7-23, p. 78 lines 1-23, p. 79 lines 1-23, p. 80 lines 1-23, p. 81 lines 1-23, p. 82 lines 1-23 and p. 83 lines 1-19, **Exhibit 1**.  Throughout this litigation, the property site of the complained of commercial development has commonly been referred to as the "Drinkard Property" and will continue to be referenced as such in this pleading.  After receiving and considering a recommendation from the Planning Commission, on September 25, 2000, the City Council approved a request to rezone the location of the "Drinkard Property," or complained of property, from a residential district to a business district and adopted the rezoning into its master comprehensive zoning scheme by enacting **Ordinance 1384**.  See Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**.

However, the plaintiffs are seeking a Declaratory Judgment on **Ordinance 1372** which does not regulate the complained of "Drinkard Property."  Instead, **Ordinance 1372** regulates another piece of property, commonly referred to as the "Wal-Mart Property."  See Deposition of Steve Merrill, Feb. 22, 2006, p. 77 lines 7-23, p. 78 lines 1-23, p. 79 lines 1-23, p. 80 lines 1-23, p. 81 lines 1-23, p. 82 lines 1-23 and p. 83 lines 1-19, **Exhibit 1**.   Nowhere in any of the plaintiffs' many complaints, have they asserted any *actual injury* caused by the City's rezoning of the location of the "Wal-Mart Property."   See Original Complaint; see also First Amended Complaint.  The factual allegations made in the Original and First Amended Complaints did not occur pursuant to the enactment of **Ordinance 1372** but were the facts surrounding the rezoning pursuant to **Ordinance 1384** and development of the "Drinkard Property."  See Deposition of Steve Merrill, Feb. 22, 2006, p. 77 lines 7-23, p. 78 lines 1-23, p. 79 lines 1-23, p. 80 lines 1-23, p. 81 lines 1-23, p. 82 lines 1-23 and p. 83 lines 1-19, **Exhibit 1**; see also Original Complaint; see also First Amended Complaint.

16

Based on the foregoing, the plaintiffs' claims are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

    **D.**    **PLAINTIFFS' DECLARATORY JUDGMENT ACTION ON THE VALIDITY OF CITY ORDINANCE 1372 IS BARRED BY THE DOCTRINE OF RES JUDICATA.**

In any event, the plaintiffs were two (2) of the initial party plaintiffs named in the case of Speakman, et al. v. City of Cullman and Wal-Mart Stores East, Inc., 829 So.2d 176 (Ala.Civ.App. 2002).   Speakman, et al. v. City of Cullman and Wal-Mart Stores East, Inc., 829 So.2d 176 (Ala.Civ.App. 2002).   In Speakman, several party plaintiffs filed a lawsuit challenging the validity of the aforementioned **Ordinance 1372**, which regulates the "Wal-Mart Property." Id.   In Speakman, the Alabama Court of Civil Appeals ruled **Ordinance 1372** invalid for the following two (2) reasons: (1) the City did not receive a recommendation from the Planning Commission, and (2) because the City did not publish the rezoning ordinance in its final form before adoption.   Speakman v. City of Cullman, 929 So. 2d 176 (Ala. Civ. App. 2002).   It is noteworthy that in Speakman, **Ordinance No. 1372** was not invalidated by the legal notice used by the City because the Court held that the legal notice used by the City *did* adhere to the provisions set forth in Section 11-52-77 of the Code of Alabama (1975). Id.

At some point during the litigation and/ appellate process, plaintiffs in the case-at-bar, Nancy and Steve Merrill, were dismissed as party plaintiffs in the Speakman case.   See Deposition of Steve Merrill, Feb. 22, 2006, p. 74 lines 13-23, p. 75 lines1-23, p. 76 lines 1-23, p. 77 lines 1-2, **Exhibit 1**.   The legality of **Ordinance 1372** was already determined and adjudicated in Speakman v. City of Cullman, 929 So. 2d 176 (Ala. Civ. App. 2002) and related proceedings.   Therefore, in addition to their lack of standing, the plaintiffs actions for a

Declaratory Judgment on the validity of **Ordinance 1372** are res judicata and thereby barred.

Based on the foregoing, the plaintiffs' claims are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

**E.    THE PLAINTIFFS HAVE FAILED TO STRICTLY COMPLY WITH § 11-47-23 AND § 11-47-192 OF THE <u>CODE OF ALABAMA</u> (1975) AND, THEREFORE, THEIR CLAIM SEEKING A DECLARATORY JUDGMENT IS TIME-BARRED.**

The plaintiffs have already failed to meet their burden as to whether they are allowed to pursue a claim against the City under Alabama state law. As the Supreme Court of Alabama has explained

> It is also firmly established by the decisions of this court, as well as elsewhere, that the filing of the statement is not only mandatory but is a condition precedent to the bringing of an action against the municipal corporation for any cause to which they relate. In order to maintain such action, the filing of the claim in substantial compliance with the statute *must be averred in the complaint and proved*.

<u>Dixon v. City of Mobile</u>, 280 Ala. 419, 421, 194 So.2d 825, 826 (Ala. 1967) (quoting <u>City of Birmingham v. Weston</u>, 233 Ala. 563, 172 So. 643 (Ala. 1937). Pursuant to Alabama law, the plaintiffs were required to present a sworn statement of their claims against the City to the city clerk within two (2) years from their accrual or they are barred. ALA. CODE § 11-47-23 (1975). The plaintiffs did file sworn statements with the city clerk on or about January 10, 2005. <u>See</u> Nancy Merrill's Notice of Claim, **Exhibit 11**; <u>see</u> <u>also</u> Steve Merrill's Notice of Claim, **Exhibit 12**. However, these statements do not contain the facts and circumstances made basis of the claims that remain against the City. <u>See</u> <u>id</u>. Their statements only set forth the facts and circumstances made basis of any claims they thought they had for Negligence and Wantonness against the City. <u>See</u> <u>id</u>. However, those claims have been dismissed as to the City. <u>See</u> Order,

dated August 5, 2005 (dismissing plaintiffs' claims for wantonness and conspiracy against the City); <u>see also</u> Order, dated October 20, 2005 (dismissing all of the plaintiffs' claims in Count Three (3) for Negligence, Trespass and Wantonness against the City).

Nowhere in either of the sworn statements filed by either Nancy or Steve Merrill do the plaintiffs make any allegations attacking either **Ordinance 1372** or **Ordinance 1384**.  <u>See</u> Nancy Merrill's Notice of Claim, **Exhibit 11**; <u>see also</u> Steve Merrill's Notice of Claim, **Exhibit 12**. The plaintiffs never filed a sworn statement containing the facts and circumstances made basis of their remaining claims against the City.  The time for the plaintiffs to file the required sworn statement begins to run as soon as they are entitled to bring those actions against the City.  The challenged ordinance was enacted in 2000 and, therefore, the time for filing of the required sworn statements has long expired.

Based on the foregoing, the plaintiffs' claims are due to be dismissed against the City with prejudice and it is entitled to a summary judgment granted in their favor.

## II.    IN ANY EVENT, CITY OF CLANTON ORDINANCE 1384 IS VALID.

As previously argued in this Brief,  the plaintiffs do not seek a Declaratory Judgment action on the validity of **Ordinance 1384** in their Complaint, as originally filed or as amended. <u>See</u> Original Comp., p.3, ¶¶ 20-21; <u>see also</u> First Am.Comp., p. 3, ¶¶ 20-22.   However, and only in the abundance of caution, even if the plaintiffs are seeking such an action, their claim fails because the City's adoption of **Ordinance 1384** fully comported and complied with the laws of the State of Alabama, including Section 11-52-77 of the <u>Code of Alabama</u> (1975), and it is valid.

Municipal ordinances are presumed to be valid and reasonable and to be within the scope of powers granted municipalities to adopt such ordinances and are not to be struck down unless

19

they are clearly arbitrary and unreasonable.  <u>Cudd et al. v. City of Homewood, et al.</u>, 284 Ala. 268, 270-72, 224 So.2d 625, 627-28 (Ala. 1969).  Financial loss suffered by the plaintiff is not the test, but instead the question is whether the scheme is sound and the classification fair.  <u>Id.</u> Although the plaintiffs have not made a claims for a Declaratory Judgment Action in their Complaint, as originally filed or as amended, in their Motion for Partial Summary Judgment, the plaintiffs allege that **Ordinance 1384** is invalid pursuant to the holdings and procedural requirements set forth in <u>Speakman v. City of Cullman</u>, 929 So. 2d 176 (Ala. Civ. App. 2002). <u>See</u> Plaintiffs' Motion for Partial Summary Judgment; <u>see also</u> City's Opposition to Plaintiffs' Motion for Summary Judgment.  In an action for Declaratory Judgment regarding the validity of a municipal ordinance, the burden of alleging and proving facts to support claims that the ordinance is invalid is on the plaintiff.  <u>Benson v. City of Andalusia</u>, 240 Ala. 99, 195 So. 443 (Ala. 1940).

In their Motion for Partial Summary Judgment, the plaintiffs rely on the Alabama Court of Civil Appeals' decision in <u>Speakman v. City of Cullman</u>, 929 So. 2d 176 (Ala. Civ. App. 2002).  <u>See</u> Plaintiffs' Motion for Partial Summary Judgment.  As previously argued, in <u>Speakman v. City of Cullman</u>, the Alabama Court of Civil Appeals held the City **Ordinance 1372** invalid for the following two reasons: (1) the City did not receive a recommendation from the Planning Commission, and (2) because the City did not publish the rezoning ordinance in its final form before adoption.  <u>Speakman v. City of Cullman</u>, 929 So. 2d 176 (Ala. Civ. App. 2002).  In <u>Speakman</u> **Ordinance 1372** was not invalidated by the legal notice used by the City because the Court held that the legal notice used by the City *did* adhere to the provisions set forth in Section 11-52-77 of the <u>Code of Alabama</u> (1975). <u>Id.</u>

The City Council referred the subject rezoning request of MTN, Ltd to the Planning Commission, which led to the adoption of **Ordinance 1384**, on August 28, 2000. <u>See</u> Cullman City Council Minutes, Aug. 28, 2000, **Exhibit 3**. Thereafter, the City published a legal notice containing the text of the proposed **Ordinance 1384** in the local newspaper on the following two (2) occasions: (1) September 1, 2000 and again on (2) September 8, 2000. <u>See</u> Legal Notice, **Exhibit 4**. The Planning Commission held two (2) properly noticed public hearings, one (1) on September 5, 2000 and another on (2) September 11, 2000. <u>See</u> Notice of Request to Planning Commission **Exhibit 5;** <u>see also</u> Public Notice of Hearings, **Exhibit 6**; <u>see also</u> Planning Commission Minutes, **Exhibit 7**; <u>see also</u> Record Showing Planning Commission Made a Recommendation to City Council, **Exhibit 8**.

The Planning Commission's records show that the plaintiffs were sent letters noticing the rezoning request relative to the "Drinkard Property" in August of 2000. <u>See</u> Legal Notice, **Exhibit 4**; <u>see also</u> Public Notice of Hearings, **Exhibit 6**. In any event, clearly the plaintiffs were aware of rezoning request on September 5, 2000 because plaintiff Steve Merrill was present at Planning Commission's Public Hearing held on September 5, 2000. <u>See</u> Planning Commission Minutes, **Exhibit 7**. At the hearing, plaintiff Steve Merrill spoke in opposition to the request for rezoning and gave the following reasons for his opposition: "what is the best value of the land, more noise, spot light from Wal-Mart, safety for children, lower home values, not enough buffer zone and increased traffic flow." <u>See</u> Planning Commission Minutes, **Exhibit 7**.

Thereafter, on September 12, 2000, the Planning Commission sent a written recommendation to City Council that they approve the rezoning request. <u>See</u> Planning Commission Minutes, **Exhibit 7**; <u>see also</u> Record Showing Planning Commission Made a

21

Recommendation to City Council, **Exhibit 8**.  On September 19, 2000 the City sent certified

letters to the adjoining property owners giving them proper Notice of upcoming City Council

public hearing on the proposed rezoning and enactment of **Ordinance 1384**.  See Public Notice

of Public Hearing, **Exhibit 9**.  The public hearing was held on September 25, 2000.  See Public

Notice of Public Hearing, **Exhibit 9**.  After public comments were made at the public hearing,

the City Council voted to adopt **Ordinance 1384**.  See Cullman City Council Minutes, Sept. 25,

2000 Regular Meeting, **Exhibit 10**.

      Like the legal notice in Speakman, the legal notice published for **Ordinance 1384** by the

City, in the case at bar, adhered to the provisions set forth in Section 11-52-77 of the Code of

Alabama (1975).  The City not only published legal notices in the local newspaper, but also sent

notices to the adjacent landowners via certified mail.  See Cullman City Council Minutes, Sept.

25, 2000 Regular Meeting, **Exhibit 10**; see also Public Notice of Public Hearing, **Exhibit 9**; see

also Deposition of the City Clerk, Mrs. Gilan, p.p. 37-40, **Exhibit 13**.  The City's records show

that the plaintiffs were sent a notice via certified mail and it was received.  See Public Notice of

Public Hearing, **Exhibit 9**.  It is undisputed that the City's legal and public notices were

adequate.

      Secondly, it is undisputed that the City received a written recommendation from the

Planning Commission on September 12, 2000 before adopting **Ordinance 1384** on September

25, 2000.  See Notice of Request to Planning Commission **Exhibit 5;** see also Public Notice of

Hearings, **Exhibit 6**; see also Planning Commission Minutes, **Exhibit 7**; see also Record

Showing Planning Commission Made a Recommendation to City Council, **Exhibit 8**. Unlike the

City's procedural mistake in Speakman, the City properly received a written recommendation

from the Planning Commission after the Commission carefully considered **Ordinance 1384** and even held its own public hearings.  See Notice of Request to Planning Commission **Exhibit 5;** see also Public Notice of Hearings, **Exhibit 6**; see also Planning Commission Minutes, **Exhibit 7**; see also Record Showing Planning Commission Made a Recommendation to City Council, **Exhibit 8**.  Therefore, it is undisputed that the City also satisfied this procedural requirement in its adoption of **Ordinance 1384**.

Thirdly, the City published **Ordinance 1384** in its final form prior to its adoption.  The plaintiffs' claim in their Motion for Partial Summary Judgment that the City adopted **Ordinance 1384** "with certain amendments imposing certain restrictions" without first publishing it to the public is unsupported and completely false.  Plaintiffs' Motion for Partial Summary Judgment, p. 8.  Moreover, the plaintiffs do not offer any proof or evidence to support this claim.  To the contrary, the certified minutes from the public hearings held by the City Council, in the adoption process of **Ordinance 1384**, show that the ordinance did not change.  See Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**; see also Legal Notice, **Exhibit 4**.  The plaintiffs have not shown, nor can they show, where there was ever an amendment or alteration made to **Ordinance 1384**, as it appears in its final publication. See Plaintiffs' Motion for Partial Summary Judgment.

In their Motion for Partial Summary Judgment, the plaintiffs allege that the City failed to perform certain studies or account for applicable covenants when they adopted **Ordinance 1384**.  However, there is "no legal principle requiring a municipal governing body to give reasons in its minutes or to perform studies before adopting a zoning ordinance" as the plaintiffs suggest in their Complaint, as originally filed and as amended.  Ex parte City of Jacksonville, 693 So.2d

23

465 (1997). Furthermore, restrictive covenants and/or equitable easements create property rights

that may only be enforced by one of the property owners. See Burma Hills Development Co. v.

Marr, 285 Ala. 141, 229 So.2d 776 (Ala. 1969). Municipal zoning ordinances do not invalidate a

restrictive covenants or affect a property owners duty to abide by or enforce a restrictive

covenant.

Based on the foregoing and to the extent that the plaintiffs make a claim seeking a

Declaratory Judgment on the validity of **Ordinance 1384**, their claims are due to be dismissed

and summary judgment is due to be granted in the City's favor.

## III.    THE CITY OF CULLMAN DID NOT TAKE, IN WHOLE OR IN PART, THE PLAINTIFFS' PROPERTY THROUGH INVERSE CONDEMNATION.

### A.    THE PLAINTIFFS HAVE FAILED TO STRICTLY COMPLY WITH § 11-47-23 AND §11-47-192 OF THE <u>CODE OF ALABAMA</u> (1975) AND, THEREFORE, THEIR CLAIM FOR INVERSE CONDEMNATION IS TIME-BARRED.

The plaintiffs have already failed to meet their burden as to whether they are allowed to

pursue a claim against the City under Alabama state law. As the Supreme Court of Alabama has

explained

> It is also firmly established by the decisions of this court, as well as
> elsewhere, that the filing of the statement is not only mandatory but
> is a condition precedent to the bringing of an action against the
> municipal corporation for any cause to which they relate. In order to
> maintain such action, the filing of the claim in substantial compliance
> with the statute ***must be averred in the complaint and proved***.

Dixon v. City of Mobile, 280 Ala. 419, 421, 194 So.2d 825, 826 (Ala. 1967) (quoting City of

Birmingham v. Weston, 233 Ala. 563, 172 So. 643 (Ala. 1937). Pursuant to Alabama law, the

plaintiffs were required to present a sworn statement of their claims, including a claim for inverse

24

condemnation, against the City to the city clerk within two (2) years from their accrual or they are barred. ALA. CODE § 11-47-23 (1975); <u>McClendon, et al. v. City of Boaz</u>, 395 So.2d 21 (Ala. 1981) (holding that when a municipality if the governmental entity involved in suit based on claim for inverse condemnation, clam must be presented to clerk for payment within two years from accrual of such claim or be barred.)  The plaintiffs did file sworn statements with the city clerk on or about January 10, 2005.  <u>See</u> Nancy Merrill's Notice of Claim, **Exhibit 11**; <u>see</u> <u>also</u> Steve Merrill's Notice of Claim, **Exhibit 12**.  However, these statements do not contain the facts and circumstances made basis of the plaintiffs' remaining claims against the City.  <u>See id</u>.  Their statements only set forth the facts and circumstances made basis of their claims for Negligence and Wantonness against the City.  <u>See id</u>.  However, those claims have been dismissed as to the City.  <u>See</u> Order, dated August 5, 2005, dismissing plaintiffs' claims for wantonness and conspiracy against the City; <u>see</u> <u>also</u> Order, dated October 20, 2005, dismissing all of the plaintiffs' claims in Count Three (3) for Negligence, Trespass and Wantonness against the City.

Nowhere in the sworn statements, filed by either Nancy or Steve Merrill, do the plaintiffs make any allegations relevant to their claim for Inverse Condemnation and/or a Taking by the City.  <u>See</u> Nancy Merrill's Notice of Claim, **Exhibit 11**; <u>see</u> <u>also</u> Steve Merrill's Notice of Claim, **Exhibit 12**.  The plaintiffs never filed a sworn statement containing the facts and circumstances made basis of their remaining claims against the City.  The time for the plaintiffs to filed a sworn statement began to run as soon as they were entitled to bring those actions against the City and have long since passed.  <u>Hill v. City of Huntsville</u>, 590 So.2d 876 (Ala. 1991).

The Planning Commission's records show that the plaintiffs were sent letters noticing the rezoning request relative to the "Drinkard Property" in August of 2000.  <u>See</u> Legal Notice,

25

**Exhibit 4**; <u>see also</u> Public Notice of Hearings, **Exhibit 6**.  In any event, clearly the plaintiffs were aware of rezoning request on September 5, 2000 because plaintiff Steve Merrill was present at Planning Commission's Public Hearing held on September 5, 2000.  <u>See</u> Planning Commission Minutes, **Exhibit 7**.  At the hearing, plaintiff Steve Merrill spoke in opposition to the request for rezoning and gave the following reasons for his opposition: "what is the best value of the land, more noise, ... lower home values, not enough buffer zone and increased traffic flow" and these are essentially the same allegations set forth by the plaintiffs to support their claim for Inverse Condemnation.  <u>See</u> Planning Commission Minutes, **Exhibit 7** <u>compare</u>  Second Am.Comp.

The time for the plaintiffs to file said sworn statement began to run as soon as they were entitled to bring those actions against the City.  <u>Hill v. City of Huntsville</u>, 590 So.2d 876 (Ala. 1991).   The plaintiffs could have brought their action against the City once **Ordinance 1834** was adopted on September 25, 2000.  <u>See</u> Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**.  However, the plaintiffs never filed a sworn statement and, consequently, the City never had notice of a possible claim for Inverse Condemnation.  Instead, the plaintiffs waited six (6) years to bring this claim to light and against the City.  <u>See</u> Second Am.Comp.  This is a clear and inexcusable failure to comply with Sections 23 and 192 of the <u>Code of Alabama</u> (1975).

Based on the foregoing, the plaintiffs' claims are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

### B. EVEN IF THE PLAINTIFFS' CLAIMS ARE NOT BARRED, THEY HAVE FAILED TO STATE A CLAIM FOR INVERSE CONDEMNATION.

In the Second Amended Complaint, the plaintiffs do not point to any particular provision or statute provided for under the laws of the State of Alabama for which they rely upon and/or

that provides them with a remedy for their Inverse Condemnation claim.  <u>See</u> Second Am.Comp., p.p.2-4, ¶ 17.  Further, the Fifth Amendment of the United States Constitution, as it applies to state and local governments through the Fourteenth Amendment, is not self-executing. Since the plaintiffs have not alleged or brought their Inverse Condemnation claim under 42 U.S.C. § 1983 and, therefore, they cannot bring a physical or regulatory takings claim pursuant to the Fifth Amendment of the United States Constitution, as it applies to state and local governments through the Fourteenth Amendment.  So, it stands to reason that the plaintiffs are asserting their claim for Inverse Condemnation pursuant to some remedy provided to under the laws of the State of Alabama *only*, although no such remedy is designated in the Complaint, as originally filed or as amended.

Below and out of abundance of caution, the City defends the plaintiffs' claim as if it were brought pursuant to each and every remedy they could possibly have under the laws of the State of Alabama.

### 1.     <u>Plaintiffs Have Failed to State a Claim Pursuant to §23 of the Alabama Constitution (1901).</u>

Even if the plaintiffs' claims are not time-barred, which they clearly are, the plaintiffs have still failed to state a claims for inverse condemnation under Section 23 of the of the Constitution of Alabama 1901 because the plaintiffs have failed to show that the City *physically* took their property when approving the rezoning request enacted into law in **Ordinance 1843**. <u>Willis v. University of North Alabama</u>, 826 So.2d 118, 170 Ed.Law.Rep. 400 (Ala. 2002).  In <u>Willis</u>, the Supreme Court of Alabama held that to recover for inverse condemnation action under Section 23 of the Constitution of Alabama 1901 the plaintiff must show the governmental entity *physically took the subject property for or applied the subject property to public use.* <u>Id.</u>

27

In <u>Willis</u>, the Supreme Court of Alabama expressly overruled prior case law in Alabama that held a plaintiff need only show that the governmental entity occupied *or injured* the property in question.  <u>Id.</u>  The plaintiffs have not made such an allegation, let alone offer proof of such a claim.

Furthermore, on July 12, 2006, plaintiffs sold the subject property in the same physical dimensions as they were when they purchased it in 1998.  <u>See</u> Deposition of Nancy Merrill, Feb. 9, 2007, p. 6 lines 12-18, 83 lines 17-23, p. 84 lines 1-14, **Exhibit 2**.  The plaintiffs have repeatedly testified that they have never had a survey done on the subject property.

Based on the foregoing, the plaintiffs' claims are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

## 2.    Plaintiffs Have Failed to State a Claim Pursuant to §235 of the Alabama Constitution (1901).

Even if the plaintiffs' claims are not time-barred, which they clearly are, the plaintiffs have still failed to state a claims for inverse condemnation under Section 235 of the of the Constitution of Alabama 1901 because the plaintiffs' claims for inverse condemnation do not allege that the City occupied, damaged or destroyed their property while the City was engaged "in the construction or enlargement of the works, highways, or improvements of the City."  <u>City of Mobile v. Lester, et al.</u>, 804 So.2d 220, 230-32 (Ala. 2001) (quoting <u>City of Birmingham v. Graves</u>, 200 Ala. 463, 76 So. 395 (Ala. 1917)) (internal quotations omitted).  The right of recovery under Section 235 of the Constitution of Alabama 1901 is *confined* only "to where the municipality is engaged in the construction of enlargement of the works, highways, or improvements of the city."  <u>Id.</u>  Clearly, that is not the case here.  The construction and

development of the "Drinkard Property" was not performed by the City or any of its agents and was certainly not a city works-type project. Id. Therefore, the plaintiffs' claims are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

**3.      Plaintiffs Have Failed to State a Claim Pursuant to §§ 18-1A-32(b) & 18-1A-172 of the Code of Alabama (1975).**

The plaintiffs cannot recover from the City under a theory of inverse condemnation pursuant to Sections 18-1A-32(b) and 18-1A-172 because the alleged taking does not diminish the value of the plaintiffs' property.

> It has been said that an action claiming inverse condemnation is very limited and that all elements must be present. Inverse condemnation is defined as the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation.

Ex parte Carter, 395 So.2d 65, 67 (Ala. 1980). Additionally, there must be a decrease in the fair market value to support an inverse condemnation cause of action. See Fields v. Sarasota Manatee Airport Authority, 953 F.2d 1299, 1308 (11th Cir. 1992). The plaintiffs allege that the City's passage and adoption of **Ordinance 1834** diminished the value of their property and, therefore, raises a claim for Inverse Condemnation. See Second Am.Comp.,p.p. 2-4, ¶ 17. The State of Alabama's Legislature defines the fair market value of property "as the price the property would bring when offered for sale by a willing seller who is not forced to sell and which is sought by a willing buyer who is not required to buy... ." ALA.CODE § 18-1A-172 (1975). However, the plaintiffs have not presented any reliable and/or admissible evidence of the fair market value of the subject property immediately prior to the City's adoption of **Ordinance 1834** nor any reliable and/or admissible evidence of the fair market value of the subject property

immediately after the adoption of **Ordinance 1834**.

The plaintiffs purchased the subject property for eighty-four thousand one hundred dollars ($84,000.00) in 1998.  See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**.  According to Section 18-1A-172 of the Code of Alabama (1975) this would be the fair market value at the time the plaintiffs purchased the property.  ALA.CODE § 18-1A-172 (1975).  The City adopted **Ordinance 1834**, which is the basis for the plaintiffs' claim, approximately two (2) years later on September 25, 2000.  See Second Am.Comp.,p.p. 2-4, ¶ 17; see also Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**.  However, the plaintiffs have not presented any reliable and/or admissible evidence of the fair market value of the subject property at any point in time during this two (2) year period nor any reliable and/or admissible evidence of the fair market value of the subject property immediately prior to the City's adoption of **Ordinance 1834**.  Therefore, the only evidence of the fair market value of the subject property prior to the City's adoption of **Ordinance 1384** is the eighty-four thousand one hundred dollars ($84,000.00) purchase price paid by the plaintiffs in 1998.  See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**; see also ALA.CODE § 18-1A-172 (1975).

Further, the plaintiffs have not presented any reliable and/or admissible evidence of the fair market value of the subject property immediately after the City's adoption of **Ordinance 1834** on September 25, 2000.  See Cullman City Council Minutes, Sept. 25, 2000 Regular Meeting, **Exhibit 10**.  The only other piece of reliable and/or admissible evidence of a fair market value of the subject property is the fair market value as it were in 2006.  As previously stated, **Ordinance 1834** adopted the City Council's approval of  complained of commercial

30

development on the "Drinkard Property." Construction for said commercial development was complete by July of 2005. See Deposition of Nancy Merrill, Feb. 9, 2007, p. 82 lines 11-23, p. 83 lines 1-9, **Exhibit 2**. Then, one year later, on July 12, 2006, the plaintiffs sold the subject property for one hundred and thirteen thousand dollars ($113,000.00). See Deposition of Nancy Merrill, Feb. 9, 2007, p. 6 lines 12-18, 83 lines 17-23, p. 84 lines 1-14, **Exhibit 2**. According to Section 18-1A-172 of the Code of Alabama (1975) this would be the fair market value at the time the plaintiffs' sold the property in 2006. ALA.CODE § 18-1A-172 (1975).

The plaintiffs have testified that they are of the belief that the fair market value of the subject property was diminished by about fifty thousand dollars ($50,000.00). See Deposition of Nancy Merrill, Feb. 9, 2007, p. 188 lines 19-23, p. 189 lines 1-23, p. 190 lines 1-12, **Exhibit 2**. The only admissible evidence offered by the plaintiffs to show the fair market value of the subject property are (1) the purchase price in 1998, *prior* to the City's enactment of **Ordinance 1384**, for eighty-four thousand one hundred dollars ($84,000.00) and (2) the higher selling price of one hundred and thirteen thousand dollars ($113,000.00) six (6) years *after* **Ordinance 1384** was adopted. See Deposition of Steve Merrill, Feb. 22, 2006, p. 55 lines15-23, p. 56 lines1-13, **Exhibit 1**; see also Deposition of Nancy Merrill, Feb. 9, 2007, p. 6 lines 12-18, 83 lines 17-23, p. 84 lines 1-14, **Exhibit 2**. The plaintiffs admit that they are not experts and are not qualified to assess the fair market value of the subject property. In forming their lay opinion that the fair market value was diminished as a result of the City's adoption of **Ordinance 1384**, the plaintiffs rely on figures in prior tax assessments. See Deposition of Nancy Merrill, Feb. 9, 2007, p. 188 lines 19-23, p. 189 lines 1-23, p. 190 lines 1-12, **Exhibit 2**; see also Deposition of Steven Merrill, Feb. 22, 2006, p. 278 line 23, p. 279 lines1-22, **Exhibit 1**. However, Section 18-1A-

197(3) of the Code of Alabama expressly states that tax assessments are not admissible evidence in assessing the fair market value of property for condemnation purposes. ALA.CODE § 18-1A-197(3) (1975). The plaintiffs have failed to off any expert testimony or any other admissible lay opinion as to what the fair market value was prior to the adoption of the ordinance and the fair market value after said ordinance was adopted.

Since the plaintiffs have not offered any reliable and admissible evidence showing a diminish in value of the subject property, Alabama law mandates that their claim for Inverse Condemnation be dismissed. See Ex parte Carter, 395 So.2d 65, 67 (Ala. 1980). Based on the foregoing, the plaintiffs' claims are due to be dismissed with prejudice and the City is entitled to a summary judgment granted in its favor.

## CONCLUSION

This Court does not have jurisdiction to hear the plaintiffs' claims challenging the validity of the ordinances at issue due to the plaintiffs failure to serve notice of the proceedings on the Attorney General. Further, the plaintiffs lack standing to bring an action for Declaratory Judgment. Moreover, an action for Declaratory Judgment is barred by the doctrine of laches. The plaintiffs have not made a claim seeking an action for Declaratory Judgment on the validity of **Ordinance 1384**, however, and in any event, **Ordinance 1384** is valid.

Secondly, the plaintiffs have failed to state a claim that the City committed Inverse Condemnation when it adopted **Ordinance 1384**. Even though the plaintiffs do not state what authority or statute they rely on in bringing forth this claim in the Second Amended Complaint, they fail to state a claim under the laws of the State of Alabama. Moreover, the plaintiffs have failed to offer any admissible evidence to show that the fair market value of subject property was,

in fact, diminished.

Based on the foregoing factual and legal arguments, the contemporaneously filed Motion for Summary Judgment by the City and the City's Opposition to the Plaintiffs' Motion for Partial Summary Judgment, the plaintiffs claims against the City are due to be dismissed and summary judgments should be granted in its favor.

Respectfully Submitted,


    /s/ James W. Porter, II
James W. Porter II, one of the attorneys
for Defendant, the City of Cullman, AL
State Bar ID ASB 3314 T79J
State Code POR001


  /s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the attorneys
for Defendant, City of Cullman, Alabama
State Bar ID ASB 6494 A55D
State Code DAU007


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744

*CERTIFICATE OF SERVICE*

I do hereby certify that a copy of the above and foregoing has been electronically served upon the following and for any of the following who have been designated as requiring service by other means, they have been served by the placement of same in the U.S. Mail, properly addressed, postage prepaid, on this the ___2nd___ day of ___March___ , 2007.

Roy W.  Williams, Jr.
Jackson & Williams
416 First Avenue SE
Cullman, AL 35055

A. Joe Peddy
Mark F. Penaskovic
Smith, Spires & Peddy, P.C.
2015 2nd Avenue North
Ste. 200
Birmingham, AL 35203

Patrick J. Ballard
Ballard Law Office
2214 Second Avenue North, Ste 100
Birmingham, Alabama 35203

Michael G. Graffeo
Michael G. Graffeo, P.C.
3100 Independence Blvd., Ste 200
Birmingham, Alabama 35209

*Courtesy Copy sent via U.S. Mail to the following*:
Honorable Frank Brunner
32nd Judicial Circuit Court Judge
213 Courthouse
500 2nd Ave. SW
Cullman, Alabama 35055

   /s/ Natalie A. Daugherty
OF COUNSEL

**ORAL ARGUMENT REQUESTED**