IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORMAN TODD**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NUMBER 2:07-CV-149-MEF |
| ) | |
| **CITY OF CLANTON, ALABAMA**, a ) | |
| municipal corporation; by and through ) | JURY TRIAL DEMANDED |
| its **MAYOR, HONORABLE BILLY** ) | |
| **JOE DRIVER**, in his official capacity as ) | |
| Mayor and individually; **POLICE CHIEF** ) | |
| **JAMES HENDERSON**, in his official ) | |
| capacity, as well as individually; ) | |
| **CORPORAL GREG CHARLES**, in his ) | |
| official capacity and individually; and ) | |
| **CHRISTINE LITTLEJOHN**, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION AND BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Come now the City of Clanton, Alabama, a municipal corporation, ("the City"), Mayor Billy Joe Driver, Police Chief James Henderson and Greg Charles to file their Response to the Plaintiff's Opposition and a Brief in Support of their Motion to Dismiss, and state as follows:

### STATEMENT OF THE CASE

On or about January 12, 2007, the plaintiff filed a Complaint against the defendants in the Circuit Court of Chilton County, Alabama. The Complaint consists of the following seven (7) counts: an alleged violation of the plaintiff's First, Fourth and Fifth Amendment rights pursuant to 42 U.S.C. § 1983 (Count One), restatement of an alleged violation of the plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Count Two), a

restatement of an alleged violation of the plaintiff's Fourth and Fifth Amendment rights (Count Three), an alleged violation of the plaintiff's Federal Constitutional Rights for Negligent Hiring, Training and Supervision pursuant to 42 U.S.C. § 1983 (Count Four), an alleged violation of the plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights to be free from Malicious Prosecution pursuant to 42 U.S.C. § 1983 (Count Five), restatement of an alleged violation of the plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights to be free from Malicious Prosecution pursuant to 42 U.S.C. § 1983 (Count Six), and an allegation for Trespass (Count Seven).

Thereafter, on or about February 20, 2007, the City, Mayor Driver, Chief Henderson and Officer Greg Charles filed a Notice of Removal to the United States District Court for the Middle District of Alabama from the Circuit Court of Chilton County, Alabama. On or about February 21, 2007, the City, Mayor Driver, Chief Henderson and Officer Greg Charles filed the now pending Motion to Dismiss the Complaint for failure to state a claim. This Court ordered the plaintiff to respond to the pending Motion to Dismiss on or by March 9, 2007 and for the defendants to respond to the plaintiff on or by March 16, 2007. See Order, Doc. #3. On March 9, 2007 the plaintiff responded to the Motion to Dismiss. See Plaintiff's Response, Doc. # 4. The majority of the plaintiff's response was merely a restatement of the factual and legal allegations made basis of his Complaint. See Plaintiff's Response, Doc. # 4. However, additionally, the plaintiff argues that the defendants cannot enjoy qualified immunity for his claims pursuant to 42 U.S.C. § 1983, nor can they enjoy discretionary function immunity for any claims he may have under the laws of the State of Alabama. See Plaintiff's Response, Doc. # 4. Further, the plaintiff concedes that the City cannot be held liable for Malicious Prosecution. See

Plaintiff's Response, p. 19, Doc. # 4.

The City, Mayor Driver, Chief James Henderson and Officer Greg Charles now file this Brief in support of their pending Motion to Dismiss. From a prima facie reading of the Complaint, these defendants are entitled to a judgment in their favor. Therefore, the defendants' Motion to Dismiss is due to be granted.

## STATEMENT OF THE FACTS

The City of Clanton, Mayor Driver, Chief James Henderson and Officer Greg Charles, for purposes of this Motion to Dismiss, accept the facts as plead in the Complaint. However, these defendants do not waive their right to contest those facts nor should it be inferred that these defendants are in agreement therewith.

## ARGUMENT

**I.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 42 U.S.C. § 1983.**

   **A.    A MUNICIPALITY IS NOT LIABLE UNDER 42 U.S.C. § 1983 ON SIMPLE THEORY OF *RESPONDEAT SUPERIOR*.**

The plaintiff apparently seeks to hold the City liable merely because of the alleged actions of its agents. See Complaint. Section 1983 claims cannot be pursued against a municipality under a theory of *respondeat superior*. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed 611 (1977). A municipality may not be held liable in a Section 1983 claim unless the plaintiff "identif[ies] a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. 658, 98 S.Ct. 2018).

Counts One through Six sound as federal causes of action pursuant to 42 U.S.C. § 1983.

The Complaint claims that the plaintiff was injured by the City, Mayor Driver and Chief Henderson due to the alleged conduct by Officer Greg Charles. Thus, any federal claims against the City would lie under a *respondeat superior* theory. Because the plaintiff has failed to identify a policy or custom of the City that led to an alleged violation of his rights, the claims against the City and the individual defendants in their official capacities are due to be dismissed.

**B.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATIONS UNDER THE FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS.**

The plaintiff fails to make any factual allegations supporting his claims that the defendants violated his First, Fourth, Fifth and Fourteenth Amendment rights. See Complaint. The plaintiff does not allege that the City, nor any of its agents, took any of his property. See Complaint. He only alleges that Defendant Littlejohn took some items from her place of residence. See Complaint. Further, the plaintiff has not alleged anyway in which the City, Mayor Driver or Chief Henderson violated his constitutional rights in the supervision, training or hiring of Officer Greg Charles. Moreover, the plaintiff does not allege that the City, nor any of its agents, violated his rights to free speech, association or religion. See Complaint. These claims are completely unfounded and frivolous and are due to be dismissed against the City, Mayor Driver, Chief Henderson and Officer Greg Charles with prejudice.

**C.  PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE DUE TO BE DISMISSED.**

Every claim made against Mayor Driver, Chief Henderson and Officer Greg Charles in their official capacities are due to be dismissed. See Comp. Claims against the City's agents in their official capacity are tantamount to suing the City, *qua* City. See Brandon v. Holt, 469 U.S.

4

464, 473, 105 S.Ct. 873, L.Ed.2d 878 (1985) (Suit against director in his official capacity was in effect suit against the city.); Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their official capacity and direct suits against municipalities are functionally equivalent.); Holley v. City of Roanoke, Alabama, 162 F.Supp. 2d 1335 (M.D. Ala. 2001) (Section 1983 claims against city officials in their official capacity were "functionally equivalent" to claims against the city.").

The Eleventh Circuit Court of Appeals has specifically decided the question of whether a claim against a police chief and other police officers in their official capacity should be dismissed when the claim has also been made or could have been made against the municipality. See Busby, 931 F.2d at 776. In Busby v. Orlando, Busby sued the City of Orlando and several of its agents, including its police chief and police officers, in their individual and official capacities. See id. at 770. The Eleventh Circuit recognized that

> [b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond).

Id. at 776. Therefore, the Eleventh Circuit held that the claims against the police chief and the police officers in their official capacity were properly disposed of by directed verdict. Id.

In Holley v. City of Roanoke, Alabama, the mayor of Roanoke and several other municipal officials were sued under Section 1983 in both their individual and official capacities. See Holley, 162 F.Supp. at 1341 n.2. In that case, the United States District Court for the Middle District of Alabama held that

5

> Claims against municipal officers in their official capacity are "functionally equivalent" to claims against the entity they represent. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir.1991). To retain this suit as one against Mayor Ziglar and the Council Defendants in their official capacity and also as one against the City of Roanoke would be "redundant and possibly confusing to the jury." Id. The court, therefore, will dismiss the section 1983 discrimination claims against Mayor Ziglar and the Council Defendants in their official capacities. See id. (affirming directed verdict as to official capacity defendants where city remained as defendant).

Holley v. City of Roanoke, Alabama, 162 F.Supp.2d 1335, 1341 n.2 (M.D. Ala. 2001). Here, the case at hand presents the same concerns. Therefore, the claims against Mayor Driver, Chief Henderson and Officer Greg Charles are due to be dismissed.

**D.   MAYOR DRIVER, CHIEF HENDERSON AND OFFICER GREG CHARGES ARE ENTITLED TO QUALIFIED IMMUNITY.**

To the extent the plaintiff seeks damages from Mayor Driver, Chief Henderson and/or Officer Greg Charles in their individual capacities, they are entitled to qualified immunity. Qualified immunity is an affirmative defense to a Section 1983 action against a government official sued in his or her individual capacity. See Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir. 1998); see also Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1184 n.16 (11th Cir. 1994). The test for whether a governmental defendant is entitled to qualified immunity involves a three-step analysis.

The first inquiry is to identify the specific constitutional right allegedly infringed. Section 1983 "is not itself a source of substantive rights." Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (citation omitted). To "identify" the right at issue, means to "identify the exact contours of the underlying right said to have been violated." County of

Sacramento v. Lewis, 523 U.S. 833, 842-843 n.5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), citing Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-1871, 104 L.Ed.2d 443 (1989).  See also Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).  The plaintiff has completely failed to identify with particularity a specific "contour" of a constitutional right that was allegedly violated.  See Comp.

The second inquiry is to determine whether the claims of the plaintiff, if proven, actually establish a ***violation*** of the identified and specific constitutional right.  See Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (Jun. 27, 2002).  As argued herein, the plaintiff cannot prevail upon any of his claims.  Furthermore, to the extent that probable cause is relied upon as a bar to the plaintiff's Section 1983 claims:

> To receive qualified immunity protection, "an officer need not have actual probable cause but only '***arguable probable cause***.'" Montoute v. Carr, 114 F.3d 181, 184 (11th Cir.1997).  Because only arguable probable cause is needed, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." Id. "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (internal quotation marks omitted).

Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003).  See also Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir.1990) ("The existence of probable cause, however, is an absolute bar to a section 1983 action for false arrest.").

On or about January 10, 2005, Defendant Littlejohn filed a complaint with the City of Clanton Police Department resulting in a warrant for the arrest of the plaintiff, for the unauthorized use of a vehicle owned by Defendant Littlejohn.  See Police Report, **Exhibit 1**; see

7

also Notice of Claim, p. 1, **Exhibit 2**. Defendant Littlejohn held to the title to said vehicle and provided documentation proving her sole ownership of the vehicle to the Clanton Police Department. See Police Report, **Exhibit 1**. Defendant Littlejohn complained to the Clanton Police that the plaintiff possessed the vehicle unlawfully and without her authorization. See Police Report, **Exhibit 1**. The plaintiff alleges that Officer Greg Charles unlawfully searched his property and unlawfully arrested him pursuant to said warrant. See Notice of Claim, p. 1, **Exhibit 2**; see also Complaint. Even if the plaintiff's allegations are true, which they are not, Officer Greg Charles certainly had probable cause, at the very least *arguable* probable cause, to perform the alleged actions pursuant to a warrant issued for such reasons as stated herein.

The plaintiff has not offered any evidence to support his allegation that Mayor Driver and/or Chief Henderson are liable for the alleged actions by Officer Greg Charles. See Complaint. The plaintiff has not identified any failure in the training or supervision of Officer Greg Charles, nor has he identified any reason that the City should not have hired Officer Greg Charles. Further, even if Officer Greg Charles performed the actions as alleged by the plaintiff, which he did not, they would have been performed pursuant to a valid warrant.

If the second inquiry is resolved in the plaintiff's favor, then the third inquiry requires the Court to determine whether the constitutional right, asserted by the plaintiff to have been violated by the individual defendant, was "clearly established" in a particularized sense, and in the law, at the time the defendant acted. See Godby v. Montgomery Co. Bd. Of Educ., 996 F.Supp. 1390, 1400 (M.D. Ala. 1998) (citing Jordan v. Doe, 38 F.3d 1559 (11th Cir. 1994)). This is determined by reference to decisions of the Supreme Court of the United States and the Court of Appeals for the Eleventh Circuit. See D'Aguanno v. Gallagher, 50 F.3d 877, 881 n.6 (11th Cir. 1995). The

relevant inquiry must demonstrate that the individual defendant had "fair warning" that his conduct was unconstitutional. Hope v. Pelzer, 122 S.Ct. at 2516.

> In Anderson, we explained that what "clearly established" means in this context depends largely "upon the level of generality at which the relevant 'legal rule' is to be identified." 483 U.S., at 639, 107 S.Ct. 3034. "[C]learly established" for purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id., at 640, 107 S.Ct. 3034 (citations omitted); see also United States v. Lanier, 520 U.S. 259, 270, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).

Wilson v. Layne, 526 U.S. 603, 614-615, 119 S.Ct. 1692,1699 (U.S. 1999). A plaintiff bears the burden of demonstrating that the individual defendant violated clearly established law. See McMillian v. Johnson, 88 F.3d 1554, 1562 (11th Cir. 1996), modified by 101 F.3d 1363 (11th Cir. 1996). As previously stated, even if the plaintiff's allegations are true, which they are not, Officer Greg Charles would not have had any "fair warning" that a search and subsequent arrest made pursuant to a warrant based on the complaints made by the proved owner of the vehicle would be in violation of the plaintiff's constitutional rights. The plaintiff has failed to meet his burden. For these reasons, the claims against Mayor Driver, Chief Henderson and Officer Greg Charles are due to be dismissed with prejudice.

### E.  THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 UPON WHICH RELIEF CAN BE GRANTED IN THE FORM OF PUNITIVE DAMAGES.

Although the plaintiff has claimed punitive damages, he cannot recover punitive damages for his Section 1983 claim from the City or from the individual defendants in their official

capacities. It is long-settled that a municipality cannot be held liable for punitive damages in a Section 1983 claim. In City of Newport v. Fact Concerts, Inc., the United States Supreme Court held "that a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981); see also City of Tarrant v. Jefferson, 682 So.2d 29, 30 (Ala. 1996) ("[F]ederal law prohibits a § 1983 award of punitive damages against a municipality . . ."). This rule also applies to municipal officials in their official capacities because those claims are tantamount to suing the City, *qua* City. See Brandon v. Holt, 469 U.S. 464, 473, 105 S.Ct. 873, L.Ed.2d 878 (1985) (Suit against director in his official capacity was in effect suit against the city.); Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their official capacity and direct suits against municipalities are functionally equivalent.); Holley v. Roanoke, 162 F.Supp. 2d 1335 (M.D. Ala. 2001) (Section 1983 claims against city officials in their official capacity were "functionally equivalent" to claims against the city."). Because punitive damages against a municipality are not permitted in a Section 1983 claim, all claims for punitive damages against the City and the individual defendants in their official capacities arising under Section 1983 are due to be dismissed.

II.     **THE PLAINTIFF FAILS TO STATE A CLAIM FOR TRESPASS UNDER THE LAWS OF THE STATE OF ALABAMA (COUNT SEVEN).**

    A.     **A MUNICIPALITY CANNOT BE HELD LIABLE FOR INTENTIONAL TORTS.**

The Complaint fails to state a claim for Trespass upon which relief can be granted against the City. Section 11-47-190 of the Code of Alabama provides that:

> no city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee . . . .

ALA. CODE § 11-47-190 (1975).  While this statute makes municipalities liable for the neglect, carelessness, or unskillfulness of its employees, it prevents cities from being held liable for intentional torts.  See Brooks v. City of Birmingham, 584 So. 2d 451 (Ala. 1991); Hilliard v. City of Huntsville, 585 So. 2d 889, 892 (Ala. 1991) (wantonness); Altmayer v. City of Daphne, 613 So.2d 366, 369 (Ala. 1993) (willfulness and recklessness).

As plead in the Complaint, the plaintiff's claim for Trespass (Count One) is for an intentional tort.  See Comp., p. 10.   The plaintiff claims that "the trespass was done *wilfully, recklessly, maliciously and with a complete disregard to plaintiff's rights thereby entitling plaintiff to punitive damages*."  Comp., p. 10. There is no language in the Complaint that would indicate neglect, carelessness, or unskillfulness on the part of the defendants.  See Comp., p. 10.  Because the plaintiff has clearly alleged an intentional tort, the City is immune from liability under Section 11-47-190 of the Code of Alabama.  See Brooks v. City of Birmingham, 584 So. 2d 451 (Ala. 1991).

    **B.**    **MAYOR DRIVER, CHIEF HENDERSON AND OFFICER GREG CHARLES ARE ENTITLED TO DISCRETIONARY FUNCTION IMMUNITY.**

Municipal officials and employees performing discretionary functions that are executive and administrative in nature are entitled to immunity.  William v Crook, 741 So.2d 1074 (Ala. 1999); Phillips v. Thomas, 555 So.2d 81 (Ala. 1989); Point Prop., Inc.v. Anderson, et al., 584

So.2d 1332 (Ala. 1991); ALA. CODE § 6-5-338 (1975).  In <u>Moore v. Adams</u>, the Supreme Court of Alabama defined "discretionary acts" as

> those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take, and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances.

<u>Moore v. Adams</u>, 754 So.2d 630, 632 (Ala. 1999) (citing <u>Wright v. Wynn</u>, 682 So. 2d 1, 2 (Ala. 1996); <u>L.S.B. v. Howard</u>, 659 So.2d 43 (Ala. 1995)).  In <u>Ex parte Cranman</u>, 792 So.2d 392 (Ala. 2000), the Alabama Supreme Court restated the applicable factors concerning discretionary function immunity and held that:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
> (1) formulating plans, policies, or designs; or
> (2) **exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:**
> (a) making administrative adjudications;
> (b) allocating resources;
> (c) negotiating contracts;
> (d) **hiring, firing, transferring, assigning, or supervising personnel; or**
> (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
> (4) **exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or**
> (5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Ex parte Cranman, 792 So.2d 392, 405 (Ala. 2000) (emphasis added). The conduct described in the Complaint clearly falls within this definition and, therefore, Mayor Driver, Chief Henderson and Officer Greg Charles are entitled to discretionary function immunity.

Furthermore, in order for a municipal official or employee to be exempt from discretionary function immunity, they must act fraudulently, willfully, maliciously, or in bad faith. See Ryan v. Hayes, 831 So.2d 21 (Ala. 2002). Even if the plaintiff's allegations are true, which they are not, Officer Greg Charles certainly had probable cause, at the very least *arguable* probable cause, to perform the alleged actions pursuant to a warrant issued for such reasons as stated herein. See Police Report, **Exhibit 1**; see also Notice of Claim, p. 1, **Exhibit 2**; see also Complaint. There is no evidence of malicious conduct as to deprive the defendants of their entitlement to discretionary function immunity. Their immunity, in turn, immunizes the City as well. See Howard v. City of Atmore, et al., 887 So.2d 201, 211 (Ala. 2003) ("It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune."); see also ALA. CODE § 11-47-190 (1975).. Therefore, the plaintiff's claim for Trespass against the City, Mayor Driver, Chief Henderson and Officer Greg Charles is due to be dismissed with prejudice.

    **C.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER ALABAMA LAW UPON WHICH RELIEF CAN BE GRANTED IN THE FORM OF PUNITIVE DAMAGES.**

The City, Mayor Driver, Chief Henderson and Officer Greg Charles, in their official capacities, are immune from punitive damages arising out of state law claims. Section 6-11-26 of the Code of Alabama prohibits the award of punitive damages against any Alabama municipality.

> Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof, except any entity covered under the Medical Liability Act now codified as Section 6-5-480 et seq., or any acts amendatory thereto.

ALA. CODE § 6-11-26 (1975).  This rule also applies to municipal officials in their official capacities because those claims are tantamount to suing the City, *qua* City.  See Brandon v. Holt, 469 U.S. 464, 473, 105 S.Ct. 873, L.Ed.2d 878 (1985) (Suit against director in his official capacity was in effect suit against the city.); Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their official capacity and direct suits against municipalities are functionally equivalent.); Holley v. Roanoke, 162 F.Supp. 2d 1335 (M.D. Ala. 2001) (Section 1983 claims against city officials in their official capacity were "functionally equivalent" to claims against the city.").  Despite the fact that this statute has been in effect for over fifteen years, see Acts 1987, No. 87-185, p. 251, § 7, the text of this statute is so plain on its face that no exceptions to this rule, as it applies to municipalities, have ever been carved.  Therefore, the plaintiff's claims for punitive damages for his state law claims are due to be dismissed with prejudice.

## CONCLUSION

From a prima facie reading of the Complaint, the plaintiff has failed to state a claim against the City, Mayor Driver, Chief Henderson, or Officer Greg Charles under federal or state law for which relief can be granted and, therefore, they are entitled to a judgment in their favor and as a matter of law.

      /s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson, and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001


      /s/ Natalie A. Daugherty
Natalie A. Daugherty, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson, and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

*CERTIFICATE OF SERVICE*

      I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this the ___16th___ day of ___March___, 2007. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104

      /s/ James W. Porter II
      OF COUNSEL