IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:07-CV-149-MEF |
| ) | |
| CITY OF CLANTON, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO DEFENDANTS' EVIDENTIARY SUBMISSION**

COMES NOW Norman Todd (hereinafter referred to as the Plaintiff), by and through his attorney, and submits this Reply to Defendants' Evidentiary Submissions. In support hereof, the Plaintiff would show unto this Court the following:

1. While Defendants' Exhibit 1 is inadmissible hearsay, counsel for the Plaintiff submits that the statement on its face clearly shows that the matter was a civil matter and not a criminal matter. The deposition clearly sets out the terms of the verbal agreement between the Defendant Littlejohn and the Plaintiff regarding his purchase of the vehicle.

Defendant Littlejohn, just as any other seller of an automobile, had every right to secure her position with the proper Uniform Commercial Code filings. She further had

1

access to the civil courts to aid her to recover the vehicle through (replevin, repossession, etc.)in the event that the alleged agreement between the Plaintiff and Defendant Littlejohn authorized a repossession of the vehicle upon a default (if one assumes that a default had occurred).

The Complaint on its face reflects the obvious clarity argument of the Plaintiff submitted in asserting liability against the City and Defendants Charles and chief of police (i.e., the arrest was so baseless to be obviously clear that a constitutional violation occurred). The Complaint further reflects that the agreement was one reached between persons involved in a dating relationship and was, therefore, a domestic-type civil matter, not a criminal matter.

The document on its face clearly establishes that the Defendant Charles aided Littlejohn in obtaining the warrant for the Plaintiff's arrest utilizing facts which clearly on their face show that there was nothing more existing at the time other than a simple civil matter and dispute between two persons whom had been dating.

Therefore, the evidentiary submission should in fact support Plaintiff's contentions concerning liability of the city and chief in this matter.

2

4. That the Defendants' copy of the Verified Complaint (Def. Exh. 2) was apparently not certified. However, the Defendants acknowledged that Plaintiff's Verified Complaint was timely filed with the City, thereby, complying with State law concerning the filing of claims against a municipality within a six month period.

5. Counsel for the Plaintiff does believe that a date of the January 18, 2005, may have been incorrectly used for the date of Plaintiff's arrest in the Verified Complaint when in fact the date of his arrest was January 16, 2005. Attached hereto is a copy of the bond which was posted on the date of his arrest. The date Plaintiff went to his trailer to discover the illegal entry was the same date as the date of Plaintiff's arrest (i.e., January 16, 2005).

6. Finally, the Plaintiff relies upon his brief and reply to the Motion to Dismiss previously filed herein insofar as Plaintiff has established the City's liability, in addition to that of the officer, Defendant Charles, construing the facts more favorably to Plaintiff. This has been further supported by the evidentiary submission of Defendants of a complaint so lacking in any indicia of probable cause to support any conceivable notion that a criminal law had been

3

violated to make clear that the city falsely arrested Plaintiff and maliciously prosecuted him.

6. Further, the ratification and condemnation theory advanced by the Plaintiff is not a principal/agent argument. The Plaintiff averred that the police chief and/or mayor knew prior to the Plaintiff's arrest of the facts comprising the alleged offense which facts were baseless and without any legitimate premise to support a criminal law violation. The city allowed the Plaintiff to be thereafter arrested, fingerprinted, detained and then prosecuted on simply frivolous charges.

Respectfully submitted,

S/Donald G. Madison
DONALD G. MADISON (MAD008)
Attorney for Plaintiff Norman Todd
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-Mail: dgmadison@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed and that the following parties will be electronically served on this the 28th day of March, 2007.

Natalie Ann Daugherty, Esquire
James W. Porter, II.

S/Donald G. Madison

4

**E X H I B I T   1**

| State of Alabama Unified Judicial System Form C-52(a) Rev. 7/94 | APPEARANCE BOND | Case Number |
|---|---|---|

IN THE _____MUNICIPAL_____ COURT OF _____CLANTON,_____ ALABAMA

STATE OF ALABAMA v. _____NORMAN Hopkin Todd_____
  Defendant

I, _____NORMAN Hopkin Todd_____ (Defendant), as principal,

and I (we), _____

_____ as surety(ies),

agree to pay the State of Alabama the sum of $ __500.00__ and all costs incurred unless I/he/she appear(s) before the above-named court of the above-named county on __Feb. 22nd 2005__ (date) at __3:00__ p.m. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time.) and from day to day of each session thereafter until defendant is discharged by law to answer to the charge of __UN Authorized Use of Motor Vehicle__, or any other charge as authorized by law.

If the trial is moved to another county, this undertaking is for the appearance of the defendant from day to day of each session of the court to which the defendant is removed until discharged by law.

We hereby jointly and severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama and our rights to homestead exemptions that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant
X __HB Todd__ (L.S.)

Address (Print): __550 Ashley Ct   Clanton__   State: __AL__   Zip: __35045__

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
|---|---|
| Social Security Number (Except for Agents) | Social Security Number (Except of Agents) |
| Address (Print)   State   Zip | Address (Print)   State   Zip |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| Social Security Number (Except of Agents) | Social Security Number (Except of Agents) |
| Address (Print)   State   Zip | Address (Print)   State   Zip |

Date: __01-16-05__

Approved by: Judge/Magistrate/Sheriff __Sst. R. Todd__

By: Deputy Sheriff _____

### Defendant's Information

| Date of Birth | Sex | Employer |
|---|---|---|
| Social Security Number | Race | Employer's Address |
| Driver's License Number   State | Telephone Number | Employer's Telephone Number |

☐ Property Bond     ☐ Professional Surety Bond     ☐ Cash Bond     ☒ ROR

COURT RECORD  Original    DEFENDANT  Copy    SURETY  Copy                    KINTRAY PRINTERS – 755-0355