IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NORMAN TODD,                          )
                                      )
       Plaintiff,                 )
                                      )
vs.                                   )          CASE NO: 2:07-cv-149-MEF
                                      )
CITY OF CLANTON, et al.,              )
                                      )
       Defendants.                )

## OBJECTION TO ORDER

COMES NOW, Norman Todd (hereinafter referred to as Plaintiff) and respectfully files this the Plaintiff's Objection to this Court's Order (Doc #11) dated September 19, 2007, wherein this Honorable Court advised Counsel for all parties that the Defendants' Federal Rule of Civil Procedure (FRCP) Rule 12 (b) (6) Motion shall be treated as a Motion for Summary Judgment, as well as Ordered the parties to submit additional evidentiary matters and file additional argument/briefs of law by September 24, 2007.  In support of this Objection, the Plaintiff respectfully submits the following:

      1.      This Court's Order issued on September 19, 2007, advised Counsel that the FRCP 12 (b) (6) Motion could be treated as one made pursuant FRCP Rule 56 based upon the following:

"matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56..."

This Court further stated in said Order, the following:

"...The Defendants submitted two exhibits in support of their Motion to Dismiss (Doc.#7).  This Court will not exclude these evidentiary submissions..."

1

Further, in paragraph (2) of this Court's Order, the Court stated the following:

"...(2)  The parties may submit any additional evidentiary materials or legal argument pertinent to this motion on or before **September 24, 2007.**  As part of these submissions, counsel for Defendants shall submit copies of any warrants related to the search of plaintiff's residence and the arrest of plaintiff..."

2.      With all due respect to that portion of this Court's Order, where one of the two Defendants' exhibits, being an incident/police report[1] attached to the Defendants' Motion to Dismiss (Doc. # 7), was not excluded by the Court in its review of Defendants' 12 (b) (6) in treating the same for purposes of summary judgment review.  The police report is incompetent and inadmissible hearsay under Rule 56 standards of review.  This Court's grant of admissibility of said evidence by its Order (by not excluding the evidence, but relying upon the same),  runs contrary to Rule 56(e) FRCP, which states as follows:

" ...(e)  **Form of Affidavits; Further Testimony; Defense Required.**  Supporting and opposing affidavits shall be made on personal knowledge, **shall set forth such facts as would be admissible in evidence,** and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  **Sworn or certified** copies of all papers or parts thereof referred to in an affidavit, shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  **When a motion is made and supported as provided in this rule,** an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is no genuine issue for trial..."

3.      That the standard of review for a Rule 12 (b) (6) motion and Rule 56 motion differ. With all due respect, five (5) days notice to respond is an insufficient time for altering Plaintiff's argument to respond to Rule 56 standards.  Therefore, with all due respect, five (5) days notice is not

---

[1] The other exhibit was Plaintiff's verified statement of claim filed with the City of Clanton

a "reasonable opportunity" to respond.

Additionally, and with all due respect, this Court's simultaneously requiring the parties to respond by September 24, 2007, after additional evidence is submitted by Defendants as Ordered by this Court (search warrant for the residence and for the arrest) precludes Plaintiff's review of the evidentiary materials presented by Defendants with Plaintiff being able to respond to the additional evidence prior to responding to the same. The simultaneous response requirement of this Court's Order violates Rule 56 principles in two (2) other ways:

       (a)    Rule 56 (c) contemplates a hearing on the motions which this Court omitted;

       (b)    Rule 56(c) contemplates a responsive pleading as not being due until ten (10) days prior to the hearing;

Therefore, with all due respect to this Court, the terms of this Court's Order violates Rule 56 principles/requirements.

4.    That, pursuant to Rule 56 (f), Plaintiff's counsel is submitting herewith, his affidavit stating reasons as to why additional time is needed to respond to a summary judgment; more particularly, the inability for Plaintiff to have performed discovery pending this Court's ruling on Defendants' 12 (b) (6) motion. Therefore, Plaintiff is prejudiced by treating Defendants' 12 (b) (6) Motion as a summary judgment.

5.    That, based upon the above and foregoing, Plaintiff respectfully objects to this Court's Order as (a) including the inadmissible and incompetent police/incident report for summary judgment review to convert the 12 (b) (6) to a Rule 56 Motion for matters asserted outside of the pleadings; for the short time for filing summary judgment responses and additional evidentiary submissions ((5) days including weekend) where Rule 56 allows 10 days response before any

3

hearing set; for the ordered simultaneous response filing (Plaintiff should have additional time to respond after Defendants' submissions); for the lack of setting of a summary judgment hearing; and for setting summary judgment review without meritorious discovery which impacts fair trial rights and unduly prejudices Plaintiff.

WHEREFORE THE PREMISES CONSIDERED, Plaintiff respectfully provides his objection to this Court's September 19, 2007 Order as set out hereinabove.

Respectfully submitted,

S/Donald G. Madison
DONALD G. MADISON (MAD008)
Attorney for Plaintiff Norman Todd
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-Mail dgmadison@bellsouth.net
btjarvis1@bellsouth.net

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed and that a copy of same shall be electronically filed upon the following on this the 21st day of September 2007.

James W. Porter, II, Esquire
Porter, Porter & Hassinger
Post Office Box 128
Birmingham, Alabama 35201-0128
Email: jwporders@pphlaw.net

Natalie Ann Daugherty
Porter, Porter & Hassinger
215 21st Street North
Suite 1000
Post Office Box 128
Birmingham, Alabama 35203
Email: ndaugherty@pphlaw.net

S/Donald G. Madison
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NORMAN TODD,                )
                           )
    Plaintiff,              )
                           )
vs.                        )        CASE NO. 2:07-cv-149-MEF
                           )
CITY OF CLANTON, et al.,    )
                           )
    Defendants.             )

STATE OF ALABAMA        )
MONTGOMERY COUNTY )

<u>AFFIDAVIT OF DONALD G. MADISON</u>

BEFORE ME, the undersigned notary public in and for the State of Alabama at Large did personally appear Donald G. Madison, whom is known to me and whom, after first being duly sworn by me, did depose and state as follows:

"My name is Donald G. Madison. I am over the age of nineteen (19) years and a practicing attorney of over twenty (20) years having my principal office at 418 Scott Street, Montgomery, Alabama 36104. I am filing this Affidavit pursuant to Rule 56 (e), *Federal Rules of Civil Procedure.*

I am the attorney of record for the Plaintiff Norman Todd (hereinafter Plaintiff) in the above-entitled action. Defendants', on February 21, 2007, filed a Motion to Dismiss in this action. Pending the Court's ruling on said 12 (b) (6) Motion no discovery has been performed and/or completed. Having not performed discovery, Plaintiff cannot adequately respond to the 12 (b) (6) Motion filed by Defendants converted to a Rule 56 Motion for Summary Judgment by this Court without the type of evidence such discovery (i.e., depositions, interrogatories, etc.) would produce

being produced in this case."

FURTHER AFFIANT SAITH NOT.


AFFIANT:


/s/Donald G. Madison
DONALD G. MADISON


SWORN TO and SUBSCRIBED before me on the 21st day of September, 2007.

/s/Brenda T. Jarvis
NOTARY PUBLIC
My Commission Expires July 15, 2009

6