IN THE UNITED STATES DISTRICT COURT
FOR THE  MIDDLE  DISTRICT OF ALABAMA
NORTHERN DIVISION

**NORMAN TODD**,

     Plaintiff,

        vs.

**CITY OF CLANTON, ALABAMA**, a
 municipal corporation; by and through
its **MAYOR, HONORABLE BILLY
JOE DRIVER**, in his official capacity as
Mayor and individually; **POLICE CHIEF
JAMES HENDERSON**, in his official
capacity, as well as individually;
**CORPORAL GREG CHARLES**, in his
official capacity and individually; and
**CHRISTINE LITTLEJOHN**, an
individual,

     Defendants.

CASE NUMBER 2:07-CV-149-MEF

JURY TRIAL DEMANDED

## BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

COME NOW the City of Clanton, Alabama, a municipal organization,

Mayor Billy Joe Driver, Chief James Henderson, and Corporal Greg Charles to file

their Brief in Support of their Motion for Summary Judgment, and state as follows:

## STATEMENT OF THE CASE

On or about January 12, 2007, the plaintiff filed a Complaint against the

defendants in the Circuit Court of Chilton County, Alabama.   The Complaint

consists of the following seven (7) counts: an alleged violation of the plaintiff's

First, Fourth, and Fifth Amendment rights pursuant to 42 U.S.C. § 1983 (Count

One), restatement of an alleged violation of the plaintiff's First, Fourth, Fifth, and

Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Count Two), a

restatement of an alleged violation of the plaintiff's Fourth and Fifth Amendment

rights (Count Three), an alleged violation of the plaintiff's Federal Constitutional

Rights for Negligent Hiring, Training, and Supervision pursuant to 42 U.S.C. §

1983 (Count Four), an alleged violation of the plaintiff's First, Fourth, Fifth, and

Fourteenth Amendment rights to be free from Malicious Prosecution pursuant to

42 U.S.C. § 1983 (Count Five), restatement of an alleged violation of the plaintiff's

First, Fourth, Fifth, and Fourteenth Amendment rights to be free from Malicious

Prosecution pursuant to 42 U.S.C. § 1983 (Count Six), and an allegation in

Trespass (Count Seven).

Thereafter, on or about February 20, 2007, the City, Mayor Driver, Chief

Henderson, and Officer Greg Charles filed a Notice of Removal to the United

States District Court for the Middle District of Alabama from the Circuit Court of

Chilton County, Alabama.  On or about February 21, 2007, the City, Mayor Driver,

Chief Henderson, and Officer Greg Charles filed the now pending Motion to

2

Dismiss the Complaint for failure to state a claim.  This Court ordered the plaintiff to respond to the pending Motion to Dismiss on or by March 9, 2007 and for the defendants to respond to the plaintiff on or by March 16, 2007.  On March 9, 2007 the plaintiff responded to the Motion to Dismiss.  The majority of the plaintiff's response was merely a restatement of the factual and legal allegations made basis of his Complaint.  However, additionally, the plaintiff argued that the defendants cannot enjoy qualified immunity for his claims pursuant to 42 U.S.C. § 1983, nor can they enjoy discretionary function immunity for any claims he may have under the laws of the State of Alabama.  Further, the plaintiff concedes that the City cannot be held liable for Malicious Prosecution.

On or about March 16, 2007, defendants filed their Brief in Support of their Motion to Dismiss along with Evidentiary submissions in support thereof, consisting of a Police Report dated January 10, 2005 and Plaintiff's Notice of Claim.  Thereafter, on March 28, 2007, plaintiff filed his Reply to Defendants' Evidentiary Submission.  Finally, on or about May 14, 2007, defendants filed their Reply to Plaintiff's Response to Evidentiary Submissions made by Defendants.

This Honorable Court entered an Order dated September 19, 2007 advising the parties that Defendants' Motion to Dismiss will be treated as a Motion for Summary Judgment.

The City, Mayor Driver, Chief James Henderson, and Officer Greg Charles now file this Brief in support of their Motion for Summary Judgment converted from their Motion to Dismiss.  Based upon the pleadings and evidentiary submissions filed to date, these defendants are entitled to a judgment in their favor. Therefore, the defendants' Motion for Summary Judgment is due to be granted.

## STATEMENT OF FACTS

The City of Clanton, Mayor Driver, Chief James Henderson, and Officer Greg Charles, for purposes of this Motion for Summary Judgment, accept the facts as plead in the Complaint **but as clarified** in the Evidentiary Submissions.[1] However, these defendants do not waive their right to contest those facts nor should it be inferred that these defendants are in agreement therewith.[2]

### I.    The Automobile

In sum, on January 10, 2005, Christy Littlejohn filled out a Report with the Clanton Police Department, stating that her 2000 Ford Mustang was being used by Norman Todd without her authorization.  See Evid. Sub. Exhibit 1, Clanton Municipal Court Records.  The following day, January 11, 2005, Littlejohn filed a

---

[1] Respondents file contemporaneously their Evidentiary Submission in Support of their Motion for Summary Judgment, which includes a copy of the Clanton Municipal Court Records pertaining to the alleged incident (including the Arrest Warrant issued against Plaintiff Todd,) the Affidavit of Debra Allison, and the Affidavit of Police Chief James Henderson, Exhibits 1, 2, and 3, respectively.

[2] Respondents do not waive their defenses of the insufficiency and/or inadequacy of process and service of process by responding hereto.

4

Complaint (with supporting documentation that she was the rightful owner of the vehicle) and Voluntary Statement describing her allegation that Todd was using her car without making loan payments, as was their agreement.  Id.  On January 11, 2005, after Littlejohn filed the Police Report, Complaint (with documentation), and Voluntary Statement, a Warrant was issued against Todd and executed at approximately 11:30 p.m. the night of January 11, 2005.  Id.  The Warrant was not executed by Officer Charles.  Id. (emphasis added).  Todd made his Appearance Bond thereafter on January 16, 2005, and on February 22, 2005, the case against Todd pertaining to the alleged unauthorized use of Littlejohn's vehicle was "dismissed for want of prosecution."  Id.

## II.    The Trailer

On or about January 16, 2005, Christy Littlejohn wanted access to a trailer home located at 550 Ashley Court, Ashley Court Trailer Park, Clanton, Alabama, in order to get her things out of the trailer.  See Evid. Sub. Exhibit 2, Affidavit of Debra Allison.  At the time, Debra Allison was the manager of the Ashley Court Trailer Park.  Id.  Allison went with Littlejohn to the trailer, but **Littlejohn had her own key to the trailer**.  Id. (emphasis added).  At some point just before, during, or after Littlejohn accessed the trailer, Officer Gregory Charles arrived.  Id.  Officer Charles was in no way involved with Littlejohn's entry into the trailer; he

5

neither asked nor ordered Allison to go with Littlejohn to the trailer or to open the

trailer.  Id.  He did not enter the trailer; he stood outside the trailer, waited for

Littlejohn to collect her belongings, and then Officer Charles left.  Id.

## ARGUMENT

### I.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 42 U.S.C. § 1983.

#### A.    A MUNICIPALITY IS NOT LIABLE UNDER 42 U.S.C. § 1983 ON SIMPLE THEORY OF *RESPONDEAT SUPERIOR*.

The plaintiff apparently seeks to hold the City liable merely because of the

alleged actions of its agents.  See Complaint.  Section 1983 claims cannot be

pursued against a municipality under a theory of *respondeat superior*.  See Monell

v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1977).  A municipality may not be held

liable in a Section 1983 claim unless the plaintiff "identif[ies] a municipal 'policy'

or 'custom' that caused the plaintiff's injury."  Board of County Comm'rs of Bryan

County v. Brown, 520 U.S. 397(1997) (citing Monell, 436 U.S. 658).

 Counts One through Six sound as federal causes of action pursuant to 42

U.S.C. § 1983.  The Complaint claims that the plaintiff was injured by the City,

Mayor Driver, and Chief Henderson due to the alleged conduct by Officer Greg

Charles.  Thus, any federal claims against the City would lie under a *respondeat*

*superior* theory.  The Affidavit of Police Chief James Henderson explains the

hiring and supervision process of the police personnel on the force.  Because the

plaintiff failed to identify a City policy or custom that led to an alleged violation of

his rights, summary judgment is due to be entered in favor of the defendants.

**B.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR
VIOLATIONS UNDER THE FIRST, FOURTH, FIFTH, AND
FOURTEENTH AMENDMENTS.**

The plaintiff fails to make any factual allegations supporting his claims that

the defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights.

See Complaint. The plaintiff does not allege that the City, nor any of its agents,

took any of his property.  See Complaint.  He only alleges that Defendant

Littlejohn took some items from her place of residence.  See Complaint.  Further,

the plaintiff has not alleged anyway in which the City, Mayor Driver, or Chief

Henderson violated his constitutional rights in the supervision, training, or hiring

of Officer Greg Charles.  Moreover, the plaintiff does not allege that the City, nor

any of its agents, violated his rights to free speech, association, or religion.  See

Complaint.  These claims are completely unfounded and frivolous and summary

judgment is due to be entered in favor of the City, Mayor Driver, Chief Henderson,

and Officer Greg Charles.

**C.    PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE DUE TO
BE DISMISSED.**

Every claim made against Mayor Driver, Chief Henderson, and Officer Greg

Charles in their official capacities are due to be dismissed.  See Complaint.  Claims

against the City's agents in their official capacity are tantamount to suing the City,

qua City.  See Brandon v. Holt, 469 U.S. 464, 473 (1985) (Suit against director in

his official capacity was in effect suit against the city); Busby v. Orlando, 931 F.2d

764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their

official capacity and direct suits against municipalities are functionally equivalent);

Holley v. City of Roanoke, Alabama, 162 F.Supp.2d 1335 (M.D. Ala. 2001)

(Section 1983 claims against city officials in their official capacity were

"functionally equivalent" to claims against the city).

       The Eleventh Circuit Court of Appeals has specifically decided the question

of whether a claim against a police chief and other police officers in their official

capacity should be dismissed when the claim has also been made or could have

been made against the municipality.  See Busby, 931 F.2d at 776.  In Busby v.

Orlando, Busby sued the City of Orlando and several of its agents, including its

police chief and police officers, in their individual and official capacities.  See id.

at 770.  The Eleventh Circuit recognized that

        [b]ecause suits against a municipal officer sued in his official capacity
        and direct suits against municipalities are functionally equivalent, there
        no longer exists a need to bring official-capacity actions against local
        government officials, because local government units can be sued
        directly (provided, of course, that the public entity receives notice and
        an opportunity to respond).

Id. at 776.  Therefore, the Eleventh Circuit held that the claims against the police chief and the police officers in their official capacity were properly disposed of by directed verdict.  Id.

In Holley v. City of Roanoke, Alabama, the mayor of Roanoke and several other municipal officials were sued under Section 1983 in both their individual and official capacities.  See Holley, 162 F.Supp. at 1341 n.2.  In that case, the United States District Court for the Middle District of Alabama held that

> Claims against municipal officers in their official capacity are "functionally equivalent" to claims against the entity they represent. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir.1991).  To retain this suit as one against Mayor Ziglar and the Council Defendants in their official capacity and also as one against the City of Roanoke would be "redundant and possibly confusing to the jury."  Id.  The court, therefore, will dismiss the section 1983 discrimination claims against Mayor Ziglar and the Council Defendants in their official capacities.  See id. (affirming directed verdict as to official capacity defendants where city remained as defendant).

Holley v. City of Roanoke, Alabama, 162 F.Supp.2d 1335, 1341 n.2 (M.D. Ala. 2001).  The case at hand presents the same concerns.  Therefore, the claims against Mayor Driver, Chief Henderson, and Officer Greg Charles are due to be dismissed, as summary judgment is due to be entered in their favor.

## D.    MAYOR DRIVER, CHIEF HENDERSON, AND OFFICER GREG CHARGES ARE ENTITLED TO QUALIFIED IMMUNITY.

To the extent the plaintiff seeks damages from Mayor Driver, Chief Henderson, and/or Officer Greg Charles in their individual capacities on federal claims, they are entitled to qualified immunity. Qualified immunity is an affirmative defense to a Section 1983 action against a government official sued in his or her individual capacity. See Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir. 1998); see also Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1184 n.16 (11th Cir. 1994). The test for whether a governmental defendant is entitled to qualified immunity involves a three-step analysis.

The first inquiry is to identify the specific constitutional right allegedly infringed. Section 1983 "is not itself a source of substantive rights." Albright v. Oliver, 510 U.S. 266 (1994) (citation omitted). To "identify" the right at issue, means to "identify the exact contours of the underlying right said to have been violated." County of Sacremento v. Lewis, 523 U.S. 833, 842-843 n.5 (1998), citing Graham v. Connor, 490 U.S. 386, 394 (1989). See also Anderson v. Creighton, 483 U.S. 635 (1987). The plaintiff has completely failed to identify with particularity a specific "contour" of a constitutional right that was allegedly violated. See Complaint.

The second inquiry is to determine whether the claims of the plaintiff, if proved, actually establish a *violation* of the identified and specific constitutional right. See Hope v. Pelzer, 536 U.S. 730 (Jun. 27, 2002). As argued herein, the

10

plaintiff cannot prevail upon any of his claims.  Furthermore, to the extent that

probable cause is relied upon as a bar to the plaintiff's Section 1983 claims:

> To receive qualified immunity protection, "an officer need not have
> actual probable cause but only '***arguable probable cause***.'"  Montoute
> v. Carr, 114 F.3d 181, 184 (11th Cir.1997).  Because only arguable
> probable cause is needed, "the inquiry is not whether probable cause
> actually existed, but instead whether an officer reasonably could have
> believed that probable cause existed, in light of the information the
> officer possessed." Id.  "Even law enforcement officials who reasonably
> but mistakenly conclude that probable cause is present are entitled to
> immunity."  Hunter v. Bryant, 502 U.S. 224, 227 (1991).

Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) (internal quotation marks

omitted).  See also Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990)

("The existence of probable cause, however, is an absolute bar to a section 1983

action for false arrest.").

On or about January 10, 2005, Defendant Littlejohn filed a Complaint with

the City of Clanton Police Department resulting in a Warrant for the arrest of the

plaintiff for the unauthorized use of a vehicle owned by Defendant Littlejohn.  See

Evid. Sub. Exhibit 1.  Defendant Littlejohn held the title to said vehicle and

provided documentation proving her sole ownership of the vehicle to the Clanton

Police Department.  Id.  Defendant Littlejohn complained to the Clanton Police

that the plaintiff possessed the vehicle unlawfully and without her authorization

and prosecuted the charge.  Id. (emphasis added).  The plaintiff alleges that Officer

Greg Charles unlawfully searched his property and unlawfully arrested him pursuant to said warrant, as it pertains to the vehicle charge.  <u>See</u> Notice of Claim, p. 1; <u>see also</u> Complaint.  Even if the plaintiff's allegations are true, which they are not, Officer Greg Charles certainly had probable cause, at the very least *arguable* probable cause, to perform the alleged actions pursuant to a warrant issued for such reasons as stated herein, again, as the warrant pertains to the vehicle charge.

The plaintiff has not offered any evidence to support his allegation that Mayor Driver and/or Chief Henderson are liable for the alleged actions by Officer Greg Charles.  <u>See</u> Complaint.  The plaintiff has neither identified any failure in the training or supervision of Officer Greg Charles, nor has he identified any reason that the City should not have hired Officer Greg Charles.  Further, even if Officer Greg Charles performed the actions as alleged by the plaintiff, which he did not, they would have been performed pursuant to a valid warrant.

If the second inquiry is resolved in the plaintiff's favor, then the third inquiry requires the Court to determine whether the constitutional right, asserted by the plaintiff to have been violated by the individual defendant, was "clearly established" in a particularized sense, and in the law, at the time the defendant acted.  <u>See</u> <u>Godby v. Montgomery Co. Bd. Of Educ.</u>, 996 F.Supp. 1390, 1400 (M.D. Ala. 1998) (citing <u>Jordan v. Doe</u>, 38 F.3d 1559 (11th Cir. 1994)).  This is

determined by reference to decisions of the Supreme Court of the United States and the Court of Appeals for the Eleventh Circuit.  See D'Aguanno v. Gallagher, 50 F.3d 877, 881 n.6 (11th Cir. 1995).  The relevant inquiry must demonstrate that the individual defendant had "fair warning" that his conduct was unconstitutional. Hope v. Pelzer, 536 U.S. at 741.

> In Anderson, we explained that what "clearly established" means in this context depends largely "upon the level of generality at which the relevant 'legal rule' is to be identified."  483 U.S. at 639.  "[C]learly established" for purposes of qualified immunity means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id., at 640 (citations omitted); see also United States v. Lanier, 520 U.S. 259, 270 (1997).

Wilson v. Layne, 526 U.S. 603, 614-615 (1999).  A plaintiff bears the burden of demonstrating that the individual defendant violated clearly established law.  See McMillian v. Johnson, 88 F.3d 1554, 1562 (11th Cir. 1996), modified by 101 F.3d 1363 (11th Cir. 1996).  As previously stated, even if the plaintiff's allegations are true, which they are not, Officer Greg Charles would not have had any "fair warning" that a search and subsequent arrest made pursuant to a warrant based on the complaints made by the proved owner of the vehicle would be in violation of the plaintiff's constitutional rights.  The plaintiff has failed to meet his burden.  For

these reasons, the claims against Mayor Driver, Chief Henderson, and Officer Greg

Charles are due to be dismissed with prejudice.

### E.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 UPON WHICH RELIEF CAN BE GRANTED IN THE FORM OF PUNITIVE DAMAGES.

Although the plaintiff has claimed punitive damages, he cannot recover

punitive damages for his Section 1983 claim from the City or from the individual

defendants in their official capacities.  It is long-settled that a municipality cannot

be held liable for punitive damages in a Section 1983 claim.  In City of Newport v.

Fact Concerts, Inc., the United States Supreme Court held "that a municipality is

immune from punitive damages under 42 U.S.C. § 1983."  City of Newport v. Fact

Concerts, Inc., 453 U.S. 247, 271 (1981); see also City of Tarrant v. Jefferson, 682

So. 2d 29, 30 (Ala. 1996) ("[F]ederal law prohibits a § 1983 award of punitive

damages against a municipality . . . .").  This rule also applies to municipal officials

in their official capacities because those claims are tantamount to suing the City,

qua City.  See Brandon v. Holt, 469 U.S. 464, 473 (1985) (Suit against director in

his official capacity was in effect suit against the city); Busby v. Orlando, 931 F.2d

764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their

official capacity and direct suits against municipalities are functionally equivalent);

Holley v. Roanoke, 162 F.Supp.2d 1335 (M.D. Ala. 2001) (Section 1983 claims

against city officials in their official capacity were "functionally equivalent" to claims against the city).  Because punitive damages against a municipality are not permitted in a Section 1983 claim, all claims for punitive damages against the City and the individual defendants in their official capacities arising under Section 1983 are due to be dismissed.

## II.     THE PLAINTIFF FAILS TO STATE A CLAIM FOR TRESPASS UNDER THE LAWS OF THE STATE OF ALABAMA (COUNT SEVEN).

### A.     A MUNICIPALITY CANNOT BE HELD LIABLE FOR INTENTIONAL TORTS.

The Complaint fails to state a claim for Trespass upon which relief can be granted against the City.  Section 11-47-190 of the CODE OF ALABAMA provides that:

> no city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee . . . .

ALA. CODE § 11-47-190 (1975).  While this statute makes municipalities liable for the neglect, carelessness, or unskillfulness of its employees, it prevents cities from being held liable for intentional torts.  See Brooks v. City of Birmingham, 584 So. 2d 451 (Ala. 1991); Hilliard v. City of Huntsville, 585 So. 2d 889, 892 (Ala. 1991)

(wantonness); <u>Altmayer v. City of Daphne</u>, 613 So. 2d 366, 369 (Ala. 1993) (willfulness and recklessness).

As plead in the Complaint, the plaintiff's claim for Trespass (Count One) is for an intentional tort. <u>See</u> Complaint, p. 10. The plaintiff claims that "the trespass was done *wilfully, recklessly, maliciously and with a complete disregard to plaintiff's rights thereby entitling plaintiff to punitive damages*." Complaint, p. 10 (emphasis added). There is no language in the Complaint that would indicate neglect, carelessness, or unskillfulness on the part of the defendants. <u>See</u> Complaint, p. 10. Because the plaintiff has clearly alleged an intentional tort, the City is immune from liability under Section 11-47-190 of the CODE OF ALABAMA. <u>See</u> <u>Brooks v. City of Birmingham</u>, 584 So. 2d 451 (Ala. 1991).

### B. MAYOR DRIVER, CHIEF HENDERSON, AND OFFICER GREG CHARLES ARE ENTITLED TO DISCRETIONARY FUNCTION IMMUNITY.

Municipal officials and employees performing discretionary functions that are executive and administrative in nature are entitled to immunity.

As to the allegations against <u>Chief Henderson and Police Officer Greg Charles</u>, the CODE OF ALABAMA set out that:

    (a)    <u>Every peace officer</u>, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution,

16

corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such <u>shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties</u>.

(b)     This section is intended to extend immunity only to <u>peace officers and governmental units or agencies</u> authorized to appoint peace officers . . . .

ALA. CODE § 6-5-338(a) and (b) (1975) (emphasis added).  As to a peace officer's discretionary function immunity, see <u>William v Crook</u>, 741 So. 2d 1074 (Ala. 1999); <u>Point Prop., Inc. v. Anderson, et al.</u>, 584 So. 2d 1332 (Ala. 1991); and <u>Phillips v. Thomas</u>, 555 So. 2d 81 (Ala. 1989).  As to a governmental unit's discretionary function immunity via a peace officer's discretionary function immunity, see <u>Howard v. City of Atmore, et al.</u>, 887 So. 2d 201, 211 (Ala. 2003) ("It is well established that, if a municipal peace officer is immune pursuant to     § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune."); <u>see also</u> ALA. CODE § 11-47-190 (1975).

17

In <u>Moore v. Adams</u>, the Supreme Court of Alabama defined "discretionary acts" as

> those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take, and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances.

754 So. 2d 630, 632 (Ala. 1999) (citing <u>Wright v. Wynn</u>, 682 So. 2d 1, 2 (Ala. 1996); <u>L.S.B. v. Howard</u>, 659 So. 2d 43 (Ala. 1995)).

<u>Ex parte Cranman</u>, 792 So. 2d 392 (Ala. 2000) **extends immunity to all state actors** (including Mayor Driver in the case at bar) and <u>offers additional immunity to law enforcement officers</u> beyond ALA. CODE § 6-5-338.  In <u>Ex parte Cranman</u>, the Alabama Supreme Court <u>restated the applicable factors concerning discretionary function immunity</u> and held that:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
> (1) formulating plans, policies, or designs; or
> (2) **exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:**
> (a) making administrative adjudications;
> (b) allocating resources;
> (c) negotiating contracts;
> (d) **hiring, firing, transferring, assigning, or supervising personnel; or**
> (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the

duties in that manner; or

(4) **exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or**

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Ex parte Cranman, 792 So. 2d at 405 (emphasis added).  The conduct described in the Complaint clearly falls within this definition and, therefore, Mayor Driver, Chief Henderson, and Officer Greg Charles are entitled to discretionary function immunity.

 Furthermore, in order for a municipal official or employee to be exempt from discretionary function immunity, they must act fraudulently, willfully, maliciously, or in bad faith.  See Ryan v. Hayes, 831 So. 2d 21 (Ala. 2002).

The Affidavit of Debra Allison clarifies that Officer Greg Charles did not act to trespass on the plaintiff's property, and neither Mayor Driver nor Chief Henderson were present on or near the plaintiff's property, so they clearly cannot be guilty of trespass.  See Evid. Sub. Exhibit 2.  Even if the defendants actually trespassed, *which they did not*, there is no evidence of malicious conduct as to deprive the defendants of their entitlement to discretionary function immunity. Their immunity, in turn, immunizes the City as well.  Therefore, summary judgment is due to be entered in favor of the defendants.

**C.     THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER ALABAMA LAW UPON WHICH RELIEF CAN BE GRANTED IN THE FORM OF PUNITIVE DAMAGES.**

The City, Mayor Driver, Chief Henderson, and Officer Greg Charles, in their official capacities, are immune from punitive damages arising out of state law claims.  Section 6-11-26 of the CODE OF ALABAMA prohibits the award of punitive damages against any Alabama municipality.

> Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof, except any entity covered under the Medical Liability Act now codified as Section 6-5-480 et seq., or any acts amendatory thereto.

ALA. CODE § 6-11-26 (1975).  This rule also applies to municipal officials in their official capacities because those claims are tantamount to suing the City, *qua* City.  See Brandon v. Holt, 469 U.S. 464, 473 (1985) (Suit against director in his official capacity was in effect suit against the city); Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (Section 1983 suits against municipal officers in their official capacity and direct suits against municipalities are functionally equivalent); Holley v. Roanoke, 162 F.Supp.2d 1335 (M.D. Ala. 2001) (Section 1983 claims against city officials in their official capacity were "functionally equivalent" to claims against the city").  Despite the fact that this statute has been in effect for over fifteen years, see Acts 1987, No. 87-185, p. 251, § 7, the text of this statute is so plain on its face that no exceptions to this rule, as it applies to municipalities, have

ever been carved.  Therefore, the plaintiff's claims for punitive damages for his state law claims are due to be dismissed with prejudice.

## CONCLUSION

The bottom line is that it is the "plaintiff's obligation to provide the grounds of his entitlement to relief [relying on] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (internal quotation marks and subsequent citations omitted).

From a prima facie reading of the Complaint, the plaintiff has failed to state a claim against the City, Mayor Driver, Chief Henderson, or Officer Greg Charles under federal or state law for which relief can be granted.  Read in conjunction with the Evidentiary Submissions, it is clear that the Plaintiff relied on labels, conclusions, and formulaic recitation of the elements of his alleged cause of action. As such, defendants are entitled to a judgment in their favor and as a matter of law.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001

21

 /s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 2409 H65S
State Code  SHE 094


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the above and foregoing has been
***electronically filed*** with the Clerk of the Court using the CM/ECF system which
will send notification of such filing upon the following, this, the  **3rd** day of
**October**, **2007**.  If Notice of Electronic Filing indicates that Notice should be
delivered by other means to any of the following, I certify that a copy will be sent
via U.S. Mail, properly addressed, postage prepaid.

Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104

 /s/ James W. Porter II
OF COUNSEL