IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN TODD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. 2:07-cv-149-MEF |
| | ) |
| CITY OF CLANTON, et al., | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S EVIDENTIARY SUBMISSION
IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff and files this Evidentiary Submission in support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for Summary Judgment, and submits the following:

1.    Plaintiff files herewith the Affidavit of Plaintiff Norman H. Todd, attached hereto as Exhibit 1 and its attachments identified as (a) and (b).

2.    Plaintiff files herewith the Affidavit of Michelle Mullis, attached hereto as Exhibit

3.    Plaintiff files herewith the Affidavit of Christine Thomas, attached hereto as Exhibit 3.

                                      Respectfully submitted,
                                      S/Donald G. Madison
                                      DONALD G. MADISON (MAD 008)
                                      Attorney for Plaintiff
                                      418 Scott Street
                                      Montgomery, Alabama 36104
                                      Telephone (334) 263-4800
                                      Facsimile (334) 265-8511
                                      E-Mail dgmadison@bellsouth.net
                                                 btjarvis1@bellsouth.net

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was electronically filed and that a copy of same will be electronically served upon the following parties on this the 2nd day of November, 2007.

James W. Porter, II, Esquire
Porter, Porter & Hassinger
Post Office Box 128
Birmingham, Alabama 35201-0128
Email: jwporders@pphlaw.net

Natalie A. Daughtry
Porter, Porter & Hassinger
215 21st Street North
Suite 1000
Post Office Box 128
Birmingham, Alabama 35203
Email: ndaugherty@pphlaw.net         /S/Donald G. Madison

# PLAINTIFF'S

# EXHIBIT

# 1

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY        )

### AFFIDAVIT OF NORMAN H. TODD

BEFORE ME, the undersigned, a Notary Public in and for the State of Alabama, at Large, personally appeared Norman H. Todd, whom after first being duly sworn by me, upon his oath did depose and say as follows:

"My name is Norman H. Todd. I am over the age of nineteen (19) years and a resident of Elmore County, Alabama. I am the Plaintiff in the above-styled case. I, therefore, have personal knowledge of the facts hereinafter contained.

Attached hereto as Exhibit "A" is a copy of my lease for 550 Ashley Court. The lease shows only the landlord as lessor and me, only, as tenant. I have also attached hereto a copy of my Appearance Bond as Exhibit "B" which shows the date I was arrested. The date I was arrested (January 16, 2005) is the date Debra Allison says that the mobile home was entered by Christy Littlejohn.

My, cousin, Richard Todd, is a Sergeant and in a supervisory position with the City of Clanton Police Department. Prior to my arrest, Richard Todd called me and informed me that a warrant had been issued against me. When I asked him for what charge, he answered that the charge was for unauthorized use of a motor vehicle. When I arrived at the City of Clanton Police Department, Sergeant Todd advised me that the case clearly appeared to be a civil matter and that once I showed up for court the case would probably be dismissed. I was then booked (arrested) and released on a Recognizance Bond.

When I attended court on my court date neither the Clanton police officer, Mr. Greg Charles, nor Christy Littlejohn showed up for court. The judge asked the magistrate at the hearing as to why she even allowed the warrant to be signed when reviewing the statement made by the Complainant, Ms. Littlejohn, as the judge told the magistrate that the Complaint facts reflected that the matter was clearly a civil matter and not a criminal matter. The magistrate stated that she tried to explain that this was a civil matter to Officer Greg Charles and the Complainant (Ms. Littlejohn); but, that she felt pressured by the officer to issue the warrant anyway. The judge admonished the magistrate and then dismissed the case. A certified copy of the dismissal is attached hereto as Exhibit 1. I believe that both the City magistrate and the Municipal Court judge are employed by and paid by the City of Clanton.

Before the warrant was signed against me Ms. Litttlejohn had agreed to finance me a car in her name; and I would in turn make the payments to her, which she would make. I was current on the payments I was making to Ms. Littlejohn when she and Officer Charles caused the warrant for

1

my arrest to be issued by the magistrate. I, also, paid for the insurance on the vehicle.

Also, at this time I went out of town with my employment on the weekend of this incident. When I returned home on January 16, 2005, I found my mobile home had been ransacked, with doors kicked off the hinges and my personal property strewn everywhere. When I discussed this with Ms. Littlejohn she advised me that she and Officer Greg Charles had gotten the landlord to let them in my mobile home without a search warrant based upon the fact that Mr. Charles was a police officer (i.e, he was able to use his position to gain access).

When I inquired of my landlord, Deborah Allison, if she had seen anyone at my trailer, she stated that Christy Littlejohn and Officer Charles came to her and the officer demanded Ms. Allison to open my trailer so he and Ms. Littlejohn could gain entrance. Ms. Allison confirmed to me that Officer Charles did not produce a search warrant to enter the premises. She (Ms. Allison) went further to state that both the officer and Ms. Littlejohn entered my trailer while she waited outside. She could not state or recall what items were removed from my trailer, but there were some things brought out. After hearing this, I called Ms. Littlejohn to inquire as to why they went into my trailer. She replied that it was to get a plate she had left at my house. I then asked why they went through all of my belongings and she answered that she was looking for a cell phone and could not find it.

Several items were removed from the mobile home. These items were 2 rings and keys.

I read the Affidavit of Debra Allison submitted with the City's Summary Judgment Response. She confirmed that Officer Charles was at the mobile home park. What Ms. Allison said about Officer Charles not using his position to gain access to my mobile home is inconsistent with what she told me and Michelle Mullis, whom was present and whom also heard the inconsistent statement. Also, what Ms. Allison stated in her Affidavit is inconsistent with what she told Christine Thomas regarding the incident. Both Michelle Mullis and Christine Thomas have signed affidavits as to what Debra Allison told them which is inconsistent with Ms. Allison's Affidavit dated September 19, 2007.

Furthermore, Ms. Allison's statement in her Affidavit that Christie Littlejohn had a key is false. She would not have had to go to Ms. Allison to gain entry to my mobile home if she (Ms. Littlejohn) had a key. Notwithstanding, I was the only person who signed the lease at the mobile home park. I was the only person who had keys to the mobile home. I did not give Chrisy Littlejohn a key to the mobile home.

I am a former law enforcement officer (working as a police officer for two (2) years for the City of Millbrook; I served as a cadet at the Montgomery Police Department). I attended and graduated from the Montgomery Police Academy Class of 1996B. Through my education, training and experience I was taught that I was not to get involved with civil matters. I was to refer all complaints with civil issues to the civil clerk's office. The Complaint which Ms. Littlejohn filed against me alleges unauthorized use of a car. Basically, the Complaint alleges that I failed to make payments under my agreement with Ms. Littlejohn. If I had not made payments, she could have filed

2

a lawsuit to obtain possession of the car. Ms. Littlejohn acknowledged the agreement. She acknowledged that I had the right to possession of the automobile. Based upon my education, training and experience as a law enforcement officer, any police officer reviewing Ms. Littlejohn's facts should have known that no criminal offense had been committed under the facts stated by Ms. Littlejohn. Officer Charles, in effect, aided Ms. Littlejohn in trying to repossess my car and in entering my mobile home without a search warrant. Based on my education, training and experience, this case was clearly a civil matter and Officer Charles should have had the same knowledge. Furthermore, based upon my education, training and experience, Officer Charles knew, or should have known, that he should not have used his position to help Ms. Littlejohn gain entry to my mobile home without a search warrant, nor should he have even gone to the mobile home park with Ms. Littlejohn on a civil matter; particularly to observe a warrantless entry into my mobile home at a minimum. All these persons, Officer Charles, Ms. Littlejohn and Ms. Allison, knew I was not home which is why they encouraged Ms. Allison to use her key to open the mobile home. Therefore, Officer Charles was not executing the arrest warrant and clearly had no search warrant.

My understanding is that both the magistrate and the judge are employed and paid by the City of Clanton and, thus, are employees of the City of Clanton.

I have seen Judge Fuller's Order requiring the Defendants to produce a search warrant for the entry into my mobile home. The Defendants did not produce a search warrant. Officer Charles was not there to make an arrest because both he and Ms. Littlejohn knew that I was not home by reason of the fact that they had to gain entry into my mobile home by having Ms. Allison open the mobile home for them to gain access. Therefore, based upon my education, training and experience, an illegal search of my mobile home as well as a trespass occurred because there was no search warrant to justify entry into the mobile home.

By illegally entering into my home, they also invaded my privacy. Both participated in influencing my false arrest based upon facts which clearly showed a civil dispute, not a criminal matter, had been committed. Officer Charles, according to the Defendant's Police Report, filled out the Police Report on January 10, 2005. This was before they urged the magistrate to sign the warrant.

I have also read Chief Henderson's September 24, 2007, Affidavit. While Officer Charles may not have been a supervisor, Sergeant Richard Todd, my cousin, was a supervisor. He was third shift supervisor at that time with the Police Department. He admitted that the Complaint was a civil matter as I stated hereinabove. Also, according to my education, training and experience, in order for Officer Charles to go to the mobile home, Officer Charles should have been required to call in his whereabouts when he dispatched to the mobile home to disclose his dispatch according to Standard Operating Procedure, as well as the reason he was going there. Therefore, the supervisory personnel would have had knowledge of Officer Charles' actions and where he dispatched to."

FURTHER, AFFIANT SAITH NOT.

3

AFFIANT:

_____
NORMAN H. "BUDDY" TODD

SWORN TO and SUBSCRIBED before me, a notary public in and for the State of Alabama at Large, on this 31st day of October, 2007.

(SEAL)

_____
NOTARY PUBLIC
My Commission Expires: 7-15-09

# PLAINTIFF'S EXHIBIT "A"

Case 2:07-cv-00149-MEF-TFM   Document 26   Filed 11/02/2007   Page 8 of 17

SOUTHGATE ENTERPRISES RENTAL AGREEMENT

I, CHRISTINE THOMAS, OWNER OF ASHLEY COURT TRAILER PARK, DO RENT BY THE MONTH A TRAILER LOCATED AT **550** ASHLEY COURT, TO **NORMAN Todd** FOR THE SUM OF **350.00** PER MONTH. AGREEMENT IS AS FOLLOWS.

1. RENT WILL BE PAID ON THE FIRST DAY OF EACH MONTH, BROUGHT TO CHRISTINE THOMAS AT THE SOUTHGATE MALL BUILDING.

2. IF RENT BECOMES MORE THAN FIVE DAYS LATE, A **10.00** PER DAY LATE FEE WILL BE ADDED TO YOUR RENT. IF RENT BECOMES MORE THAN FIFTEEN DAYS LATE, AN EVICTION NOTICE WILL BE GIVEN. ALL ATTORNEY FEES INCURRED DURING EVICTION WILL BE PAID BY RENTEE.

3. THERE WILL BE A **NO** CLEANING DEPOSIT AT THE TIME OF RENTAL. RETURN DEPOSIT WILL BE DETERMINED BY THE CONDITION THAT THE TRAILER IS LEFT IN.

4. THERE MUST BE A THIRTY (30) DAY NOTICE BEFORE MOVING OUT. IF NOTICE IS NOT GIVEN YOU WILL BE HELD LIABLE FOR THAT MONTHS RENT.

5. THERE WILL BE NO PERSONS, EXCEPT THOSE ON THE RENTAL AGREEMENT TO LIVE IN THIS TRAILER. NO ONE CAN MOVE IN WITH YOU WITHOUT CONSENT FROM CHRISTINE THOMAS. ANYONE STAYING MORE THAN TWO WEEKS WILL BE CONSIDERED MOVED IN AND WILL BE CAUSE FOR EVICTION.

6. THE TRAILER WILL BE INSPECTED FROM TIME TO TIME TO BE SURE THAT ITS KEPT CLEAN AND IN GOOD REPAIR. CHRISTINE THOMAS WILL RETAIN A KEY TO THIS TRAILER FOR EMERGENCY USE ONLY.

7. YOU WILL BE REQUIRED TO KEEP YOUR YARD CLEAN AND YOUR GRASS CUT. YOU WILL PARK YOUR CAR IN APPOINTED SPACE AND NOT ON YOUR GRASS. IF YOUR YARD AND TRAILER IS NOT KEPT CLEAN AND NEAT AND IN GOOD REPAIR THIS WILL BE CAUSE FOR EVICTION.

8. ALL RENTEES WILL ABIDE BY ASHLEY COURT RULES AND REGULATIONS, SO READ THEM CAREFULLY.

9. ALL REPAIRS OR CONSTRUCTION IN OR AROUND THIS TRAILER MUST FIRST BE APPROVED BY CHRISTINE THOMAS AND THIS DOES INCLUDE CHANGING DOOR LOCKS.

10. INSURANCE WILL BE CARRIED ON THE TRAILER ONLY. THIS DOES NOT COVER YOUR CONTENTS. YOU MUST CARRY RENTERS INSURANCE IF YOU WANT YOUR PERSONALS COVERED.

11. THERE WILL BE NO PETS ALLOWED IN THIS RENTAL TRAILER, MOST ESPECIALLY REPTILES OR RODENTS, NOT INSIDE OR OUTSIDE.

12. ANYONE CAUSING A DISTURBANCE MORE THAN ONCE WILL BE EVICTED, WITHOUT FURTHER NOTICE. YOU WILL BE HELD RESPONSIBLE FOR THE ACTIONS OF YOUR GUEST, HUSBAND AND WIFE ARE EQUALLY LIABLE.

13. YOUR WATER METER WILL BE READ ON THE LAST DAY OF EACH MONTH. YOUR WATER BILL WILL BE DUE AND PAYABLE WITH YOUR RENT.

_Christine Thomas_
CHRISTINE THOMAS- OWNER OF ASHLEY COURT

_N. Todd_
RENTEE

DATE **4-23-04**

*Rent was prorated for first month only - 4-23-04 thru 4-30-04 - $100.00 paid 4-23-04. CT*

## Rules and Regulations for Ashley Court

1. Rent is due on the 1st and late after the 5th. Late charges will be due for each day after the 5th. After the 15th, tenant will be considered in default and will be evicted from the property. All expenses and fees incurred as a result of collection or eviction will be the responsibility of the tenant, including attorney fees.

2. Each tenant is responsible for the maintenance on their lot and home. This includes all trash removal and any accumulation of eye-sore items no longer of use. Grass cutting is the responsibility of each tenant. Tenant will be charged for any trash removal or grass cutting done by landlord for their lot.

3. No pets allowed in rental homes. No outside pets allowed period.

4. Repairs and construction must be approved by the landlord prior to starting.

5. Storage of automobiles not in running condition is prohibited. These will be removed at the tenants expense. Major mechanic repair work is not allowed in the park.

6. Speed limit in the park is 10 mph.

7. Ashley Court or Tasco, LLC is not responsible for the personal property of any tenant.

8. Any tenant creating a disturbance or acting in any way as to prevent the other residents for living in a quite and peaceful manner will be asked to leave. If such behavior or actions persist, the party creating the disturbance will be evicted.

9. The area underneath all homes must be skirted or underpinned within sixty (60) days of moving in.

10. Lot numbers must be visible from road or driveway and must be four (4) inches tall for 911.

11. Your assistance in keeping Ashley Court a nice, quiet community is essential. We must work together to keep it clean and respectable.

Manager - Debra Allison Lot 1800 294-1690
Owner - Tasco, LLC  205-991-5299

*Greg*

# PLAINTIFF'S EXHIBIT "B"

| State of Alabama<br>Unified Judicial System<br>Form C-52(a)   Rev. 7/94 | **APPEARANCE BOND** | Case Number |
|---|---|---|

IN THE ____MUNICIPAL____ COURT OF ____CLANTON,____ ALABAMA

STATE OF ALABAMA v. ____NoRMAN Hopkin Todd____
                                                          Defendant

I, ____NoRMAN Hopkin Todd____ (Defendant), as principal,

and I (we), _____

_____ as surety(ies),

agree to pay the State of Alabama the sum of $ __500.00__ and all costs incurred unless I/he/she appear(s) before the above-named court of the above-named county on __Feb. 22nd 2005__ (date) at __3:00__ __p__.m. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time.) and from day to day of each session thereafter until defendant is discharged by law to answer to the charge of __UN Authorized use of Motor vehicle__, or any other charge as authorized by law.

If the trial is moved to another county, this undertaking is for the appearance of the defendant from day to day of each session of the court to which the defendant is removed until discharged by law.

We hereby jointly and severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama and our rights to homestead exemptions that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant: /s/ HB Todd (L.S.)

Address (Print): 550 Ashley Ct   Clanton    State: AL    Zip: 35045

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
|---|---|
| Social Security Number (Except for Agents) | Social Security Number (Except of Agents) |
| Address (Print)   State   Zip | Address (Print)   State   Zip |
| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| Social Security Number (Except of Agents) | Social Security Number (Except of Agents) |
| Address (Print)   State   Zip | Address (Print)   State   Zip |

Date: 01-16-05

Approved by: Judge/Magistrate/Sheriff: Sst. R. Todd

By: Deputy Sheriff

**Defendant's Information**

| Date of Birth | Sex | Employer |
|---|---|---|
| Social Security Number | Race | Employer's Address |
| Driver's License Number   State | Telephone Number ( ) | Employer's Telephone Number |

☐ Property Bond   ☐ Professional Surety Bond   ☐ Cash Bond   ☒ ROR

COURT RECORD: Original   DEFENDANT: Copy   SURETY: Copy

KINTRAY PRINTERS -- 755-0355

# PLAINTIFF'S

# EXHIBIT

# 2

STATE OF ALABAMA )
COUNTY OF CHILTON )

## AFFIDAVIT OF CHRISTINE THOMAS

BEFORE ME, the undersigned, a Notary Public in and for the State of Alabama, at Large, personally appeared Christine Thomas, whom after first being duly sworn by me, upon her oath did depose and say as follows:

" My name is Christine Thomas. I am over the age of nineteen (19) years and a resident of Chilton County, Alabama. I was the owner and manager of Ashley Court Mobile Home Park in Clanton, Alabama, prior to Debra Allison becoming manager of Ashley Court. I also know Clanton Police Chief James Henderson. I spoke with both Debra Allison and Chief Henderson regarding the entry of persons other than Buddy Todd in his mobile home in Ashley Court. I was, also, the person whom originally leased the mobile home to Buddy Todd. I, therefore, have personal knowledge of the facts hereinafter contained.

Buddy Todd's lease was only in his name. Christy Littlejohn was not on the lease as a tenant/lessee. I have a copy of the lease which I kept after selling the mobile home park.

Buddy called me after his mobile home at 550 Ashley Court was entered without his permission. Buddy told me that Christy Littlejohn had told him that she (Christy) and Officer Charles had gained entry into his mobile home by having the manager, Debra Allison, open the mobile home for them. I called and questioned Debra Allison about this. Debra Allison advised me that Christy and Officer Charles had gone to Debra Allison's mobile home at 1800 Ashley Court where Debra lived. Debra Allison stated that Officer Charles demanded that she (Debra Allison) provide Christy and Officer Charles access to Buddy Todd's mobile home. Debra Allison stated that she felt like she had to abide by the officer's request and went with them (Christy Littlejohn and Officer Charles) to Norman Todd's mobile home and let them in. She admitted to me that both Christy Littlejohn and Offficer Charles went inside the mobile home.

Some time later, Chief Henderson called me and asked if I had a copy of Norman Todd's lease. I took him a copy. When I showed Chief Henderson the lease and that Christy Littlejohn's name was not on the lease, Chief Henderson said, "Oh, sh__t !". He said he was not sure if Officer Charles had gone inside the mobile home. I told Chief Henderson that he did (go inside) and that Officer Charles could not do that without a search warrant because the lease was not in Christy Littlejohn's name.

I have read an Affidavit that Debra Allison signed and understand from reading the Affidavit that Debra Allison stated that Christy Littlejohn had her own key. This was not true. I, also, understand that Debra Allison also stated that Officer Charles had nothing to do with gaining access

1

to Buddy Todd's mobile home at 550 Ashley Court, nor that he went inside. If she (Debra) said this in an affidavit, this would be a different account of what she told me the day after Buddy Todd learned that his mobile home had been entered without his permission by Christy Littlejohn and Officer Charles. As stated above, Debra Allison told me that Officer Charles requested that she (Debra) open the mobile home with a key Debra had as manager (not that Christy had her own key) and that he went in with Christy. What she said to me is inconsistent with what Debra Allison said in her Affidavit."

FURTHER, AFFIANT SAITH NOT.

AFFIANT:

*/s/ Christine Thomas*
CHRISTINE THOMAS

SWORN TO AND SUBSCRIBED before me, the undersigned, a Notary Public in and for the State of Alabama, at Large, on this the 22nd day of October, 2007.

*/s/ Ann Collins*

(SEAL)            NOTARY PUBLIC
                  My Commission Expires:   MY COMMISSION EXPIRES FEB. 2, 2011

2

# PLAINTIFF'S

# EXHIBIT

# 3

STATE OF ALABAMA )
COUNTY OF TALLADEGA )

### AFFIDAVIT OF MICHELLE MULLIS

BEFORE ME, the undersigned, a Notary Public in and for the State of Alabama, at Large, personally appeared Michelle Mullis, whom after being first duly sworn by me, upon her oath did depose and say as follows:

"My name is Michelle Mullis. I am over the age of nineteen (19) years and a resident of Tallapoosa County, Alabama. I went to Norman "Buddy" Todd's mobile home in the Ashley Court Mobile Home Park after Buddy arrived back in town from a business trip in January 2005. I was present when Buddy Todd spoke with the manager, Debra Allison, about the entry made into Buddy's mobile home. I, therefore, have personal knowledge of the facts hereinafter contained.

Upon arrival at Buddy's mobile home, he and I went inside. The inside was ransacked from one end to another and was in total disarray. Things were thrown everywhere; drawers were emptied out; and the interior was in shambles. I took photographs of the interior of the mobile home to show what the place looked like. Buddy and I then went and questioned the landlady (manager), whom I was informed was Debra Allison, about what had happened. The landlady stated that she was told by a police officer to let Christy Littlejohn in to get her things. The landlady stated that she went to Buddy's mobile home with Christy Littlejohn and the police office and she (landlady) waited outside while Christy and the police officer went inside Buddy's trailer.

In addition to the condition of the interior of the mobile home, Buddy and I noted that there were a number of things missing from Buddy's mobile home.

FURTHER, AFFIANT SAITH NOT.

AFFIANT:

_/s/ Michelle Mullis_
MICHELLE MULLIS

SWORN TO AND SUBSCRIBED before me, the undersigned, a Notary Public in and for the State of Alabama, at Large on this the 31 day of October, 2007.

_/s/ Wendy A. Compton_
NOTARY PUBLIC
(SEAL)   My Commission Expires: 9-20-08