IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORMAN TODD**,<br><br>  Plaintiff,<br><br>  vs.<br><br>**CITY OF CLANTON, ALABAMA**, a municipal corporation; by and through its **MAYOR, HONORABLE BILLY JOE DRIVER**, in his official capacity as Mayor and individually; **POLICE CHIEF JAMES HENDERSON**, in his official capacity, as well as individually; **CORPORAL GREG CHARLES**, in his official capacity and individually; and **CHRISTINE LITTLEJOHN**, an individual,<br><br>  Defendants. | CASE NUMBER 2:07-CV-149-MEF<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' REPLY TO PLAINTIFF'S COUNTER MOTION FOR SUMMARY JUDGMENT

COME NOW the City of Clanton, Alabama, a municipal organization, Mayor Billy Joe Driver, Chief James Henderson, and Corporal Greg Charles to file their Reply to Plaintiff's Counter Motion for Summary Judgment and state as follows:

1. Defendants incorporate by reference the following submissions:

   A. Defendants' Motion to Dismiss and Exhibits attached thereto;

  B. Defendants' Reply to Plaintiff's Response to Evidentiary Submissions made by Defendants;

  C. Defendants' Motion for Summary Judgment, the Brief and Evidentiary Submissions in Support thereof, including Exhibits attached thereto;

  D. Defendants' Objection to Plaintiff's Evidentiary Submission and Motion to Strike; and

  E. Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.

## **STATEMENT OF THE CASE**

Defendants incorporate by reference and refer to the Statement of the Case as set forth in their Brief in Support of Defendants' Motion for Summary Judgment.

Defendants filed their Motion for Summary Judgment and their Brief and Evidentiary Submissions in Support thereof on or about October 3, 2007. On or about November 2, 2007, Plaintiff filed his Counter Motion for Summary Judgment, Reply to Defendants' Motion for Summary Judgment, Response to Defendants' Motion for Summary Judgment, and Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for

Summary Judgment.  Defendants now file their Reply to Plaintiff's Counter Motion for Summary Judgment and file contemporaneously herewith Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and Defendants' Objection to Plaintiff's Evidentiary Submission and Motion to Strike.

## STATEMENT OF FACTS

Defendants incorporate by reference and refer to the Statement of Facts as set forth in their Brief in Support of Defendants' Motion for Summary Judgment.

## ARGUMENT

### I. PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT

"Summary judgment is warranted only when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'"  Peterson v. Baker, --- F.3d ---, 2007 WL 3104915 (11th Cir. 2007) citing FED.R.CIV.P. 56(c).

### A.  THERE IS NO GENUINE ISSUE OF MATERIAL FACT

Defendants agree that as the pleadings stand, there is no genuine issue of material fact and have argued the same in their earlier filed Motion for Summary Judgment and supporting Brief and Evidentiary Submissions and incorporate the same by reference here.[1]  Defendants make this statement, however, with the

---

1 It should be noted, however, that Plaintiff curiously states in his Reply to Defendants' Motion for Summary

caveat that Plaintiff should not be able to enter into evidence his Evidentiary Submission marked as Plaintiff's Exhibits 2 and 3 made in support of his Response to Defendants' Motion to Dismiss/Motion for Summary Judgment, as they are Affidavits based on hearsay. Defendants incorporate by reference here their Objection to Plaintiff's Evidentiary Submission and Motion to Strike.

Defendants also wish to clarify their stance as contrary to that of the Plaintiff as made in Plaintiff's "Narrative Facts" section of his Counter Motion for Summary Judgment, but Defendants' counter position does not assert that there is any dispute of material fact *per se*, but rather that, **if** the facts were true, Defendants are nevertheless entitled to judgment as a matter of law. Plaintiff, in his "Narrative Facts" section infuses disputes of law with his "facts:"

In his "Narrative Facts" section of his Counter Motion for Summary Judgment, Plaintiff claimed that "[i]t is undisputed that [Defendant] Officer Charles . . . **not exercising a discretionary function** (legal issue – discretionary function)  . . . aided and committed an illegal search of Plaintiff's premises . . . ." Id. at p. 3 (emphasis added). This is simply not the case, as Defendants make a clear and concise argument in their Motion for Summary Judgment filed more than one month ago that Defendants indeed claim that, **as a matter of law**, Defendant

---

Judgment at ¶ 5 that "there are genuine issues of material fact," yet contemporaneously therewith files his own Motion for Summary Judgment claiming that there are no genuine issues of material fact.

Officer Charles, even if he trespassed (*which he did not*), there is no evidence of malicious conduct as to deprive the Defendant(s) of their <u>entitlement to discretionary function immunity</u>. <u>See</u> Defendants' Brief in Support of Defendants' Motion for Summary Judgment, p. 20.

 Then, Plaintiff claimed in the same section of his Counter Motion for Summary Judgment that "[i]t is further undisputed the supervisory personnel for the City of Clanton knew . . . that the warrant for Plaintiff's arrest was premised upon a Complaint which . . . **failed to show that a criminal offense had been committed by Plaintiff** (legal issue – arguable probable cause)." Plaintiff's Counter Motion for Summary Judgment, p. 3 (emphasis added). Again, Plaintiff's "Narrative Fact" is off-base, as Defendants argued in their Motion for Summary Judgment, that, **as a matter of law**, even if the Plaintiff's allegations are true (*which they are not*), Officer Greg Charles certainly had probable cause, at the very least <u>arguable probable cause</u> (the proper legal standard as set forth in Defendants' Brief in Support of Defendants' Motion for Summary Judgment,) to perform the alleged actions pursuant to a warrant issued for such reasons as stated therein, again, as the warrant pertains to the vehicle charge. <u>See</u> Defendants' Brief in Support of Defendants' Motion for Summary Judgment, p. 11-13.

The last "Narrative Fact" claimed by the Plaintiff in his Counter Motion for Summary Judgment was that "Plaintiff submitted evidence that he was damaged by the illegal entry and search as well as his arrest." Plaintiff's Counter Motion for Summary Judgment, p. 3. Plaintiff's "evidence" was a self-serving Affidavit made by the Plaintiff and two Affidavits to which Defendants object as based on hearsay.

Because there is no genuine issue of material fact (even assuming that Plaintiff's "facts" are true), Plaintiff is **not** entitled to judgment as a matter of law.

### B. PLAINTIFF IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW

Plaintiff, however, is **not** entitled to judgment as a matter of law. On the contrary, Defendants are entitled to judgment as a matter of law as set forth in their Motion for Summary Judgment and Brief and Evidentiary Submissions filed in support thereof.

To be successful on a motion for summary judgment, one's motion must consist of more than "unsupported and conclusory allegations . . . little more than perfunctory recitations of the complaint." See Wallace v. City of Tarpon Springs, --- F.Supp.2d ---, 2006 WL 3734321 (M.D. Fla. 2006) (wherein the court denied plaintiff's motion for summary judgment on said grounds as well as for failing to show that no genuine issue of material fact existed).

Plaintiff began his Counter Motion for Summary Judgment by "incorporating his Response to Defendants' Motion for Summary Judgment, including his narrative Summary of Facts, Exhibits thereto, and his Brief and Memorandum of Law." Plaintiff's Counter Motion for Summary Judgment, p. 1. Defendants addressed in a separate pleading filed contemporaneously herewith Plaintiff's Response to Defendants' Motion for Summary Judgment and similarly incorporate by reference said pleading, Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment in response here.

Plaintiff then went on to incorporate his Complaint by reference and summarized on pages two and three of his Counter Motion for Summary Judgment the claims and allegations made therein. Id. at pp. 2-3.

Finally, Plaintiff submitted his Brief and Memorandum of Law. Id. at p. 3-4. In his Brief and Memorandum, Plaintiff simply "incorporated his Response to Defendants' Motion for Summary Judgment" and made the conclusory allegation that he "submitted substantial facts and supporting law to substantiate that "there are no genuine issues of material fact . . . and that he is entitled to judgment as a matter of law." Id. at p. 4.

In fact, Plaintiff did nothing more in his Counter Motion for Summary Judgment than make "unsupported and conclusory allegations . . . little more than

perfunctory recitations of the complaint," and this will not hold water. As to that which the Plaintiff "incorporated by reference," namely Plaintiff's Response to Defendants' Motion for Summary Judgment, Defendants again filed contemporaneously herewith their Reply to the same and incorporate by reference *their* Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment here. Plaintiff **by no means** met his burden of proving that he is entitled to judgment as a matter of law.

## **CONCLUSION**

Defendants agree that there is no genuine issue of material fact. However, Plaintiff is **not** entitled to judgment as a matter of law, as in his Counter Motion for Summary Judgment, he simply made unsupported and conclusory allegations which were a mere recitation of his Complaint. On the contrary, Defendants are entitled to summary judgment as supported by their Motion, Brief, and Evidentiary Submissions, as well as by their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.

    /s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendants, City of Clanton,

          Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001


 /s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 2409 H65S
State Code  SHE 094


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

      I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this, the **7**[th] **d**ay of **November**, **2007**. If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.

Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104

                                     /s/ James W. Porter II
                                     OF COUNSEL