IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORMAN TODD**, | |
| Plaintiff, | |
| vs. | CASE NUMBER 2:07-CV-149-MEF |
| **CITY OF CLANTON, ALABAMA**, a municipal corporation; by and through its **MAYOR, HONORABLE BILLY JOE DRIVER**, in his official capacity as Mayor and individually; **POLICE CHIEF JAMES HENDERSON**, in his official capacity, as well as individually; **CORPORAL GREG CHARLES**, in his official capacity and individually; and **CHRISTINE LITTLEJOHN**, an individual, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S EVIDENTIARY SUBMISSION AND MOTION TO STRIKE

COME NOW the City of Clanton, Alabama, a municipal organization,

Mayor Billy Joe Driver, Chief James Henderson, and Corporal Greg Charles to file

their Objection to Plaintiff's Evidentiary Submission in Support of Plaintiff's

Response to Defendants' Motion to Dismiss/Motion for Summary Judgment and

Motion to Strike the "Affidavit of Christine Thomas (Plaintiff's Exhibit 2)" and the

"Affidavit of Michelle Mullins  (Plaintiff's Exhibit 3)" attached thereto from these proceedings based on the following:

1.    The Plaintiff submitted the Affidavits of Christine Thomas and Michelle Mullins (Plaintiff's Exhibits 2 and 3, respectively) attached in support of his Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment.  Plaintiff's Evidentiary Submission, Exhibits 2 and 3, set forth hearsay testimony of what Debra Allison, former Ashley Court Trailer Park Manager, allegedly told each Affiant occurred at the Plaintiff's residence with regard to Ms. Allison, Defendant Littlejohn, and Defendant Charles on or about January 16, 2005.  Plaintiff's Evidentiary Submission, Exhibit 2, further sets forth hearsay testimony of what Chief James Henderson allegedly told the Affiant when the Affiant brought him a copy of Plaintiff Todd's lease.

2.     The Affidavit of Debra Allison was attached as Exhibit 2 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment; the Affidavit of Chief James Henderson was attached as Exhibit 3 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment.

3.    The Plaintiff cited FEDERAL RULE OF CIVIL PROCEDURE 56, FEDERAL RULES OF EVIDENCE 801 (d)(1) & (2) (cited in Plaintiff's Response to Defendants'

Motion for summary Judgment as FEDERAL RULES OF CIVIL PROCEDURE 801(D)(1)
& (2)), and the committee comments to FEDERAL RULE OF EVIDENCE 801 (cited in
Plaintiff's Response to Defendants' Motion for summary Judgment as the
committee comments to FEDERAL RULE OF CIVIL PROCEDURE 802) to argue that the
Affidavits of Christine Thomas and Michelle Mullins are allowed.

    4.    Under the FEDERAL RULES OF CIVIL PROCEDURE, however, Plaintiff's
Evidentiary Submission, Exhibits 2 and 3, should not be allowed and are due to be
stricken.

    FEDERAL RULE OF CIVIL PROCEDURE 56 states as follows (emphasis added):

> (e) *Form of affidavits; further testimony; defense required.*
> Supporting and opposing affidavits shall be made **on personal
> knowledge**, shall set forth such facts as would be **admissible in
> evidence**, and shall show affirmatively that the affiant is competent to
> testify to the matters stated therein.

    Affiants Christine Thomas and Michelle Mullins have **no personal
knowledge** of the events as they transpired at the residence of Plaintiff Todd on the
day in question. Neither was present at the Ashley Court Trailer Park when Ms.
Allison and Defendants Littlejohn and Charles were at or near the Plaintiff's
residence. As such, the statements in their affidavits are **not** admissible into
evidence.

    5.    Similarly, under the FEDERAL RULES OF EVIDENCE, Plaintiff's

Evidentiary Submission, Exhibits 2 and 3, should not be allowed and are due to be stricken.

      A.     FEDERAL RULES OF EVIDENCE 801 (a), (b), and (c) and 802

state as follows (emphasis added):

> **FRE 801**
>
> The following definitions apply under this article:
>
> a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
> (b) Declarant. A "declarant" is a person who makes a statement.
> (c) Hearsay. **"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted**.
>
> **FRE 802**
>
> **Hearsay is not admissible** except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

      **1.**     **Plaintiff's Evidentiary Submission, Exhibits 2 and 3, contain out of court statements made by persons other than Affiants offered to prove the truth of the matter asserted and should thus be stricken as inadmissible hearsay**

      In their Affidavits, Affiants Thomas and Mullins testify

to out of court statements allegedly told to them by Defendant

Henderson and non-party witness Debra Allison.  The

statements to which Affiants testify is offered to prove the truth

of the matter asserted, that is, that Defendant Officer Charles

either demanded that Ms. Allison let Ms. Littlejohn into

Plaintiff's mobile home, and/or that Ms. Allison let them in to

the mobile home, and/or that Defendant Charles entered the

mobile home.  These hearsay statements are not admissible and

are due to be stricken.

B.    FEDERAL RULES OF EVIDENCE 801(d)(1) & (2) state as follows:

(d) Statements which are not hearsay.  A statement is not
hearsay if–

(1) Prior statement by witness. The declarant testifies at the
trial or hearing and is subject to cross-examination
concerning the statement, and the statement is (A)
inconsistent with the declarant's testimony, and was given
under oath subject to the penalty of perjury at a trial,
hearing, or other proceeding, or in a deposition, or (B)
consistent with the declarant's testimony and is offered to
rebut an express or implied charge against the declarant of
recent fabrication or improper influence or motive, or (C)
one of identification of a person made after perceiving the
person;

(2) Admission by party-opponent. The statement is offered
against a party and is (A) the party's own statement, in
either an individual or a representative capacity or (B) a

statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

1. **The alleged words of Debra Allison in Plaintiff's Evidentiary Submission, Exhibits 2 and 3, are NOT prior inconsistent statements _as pondered by_ the FEDERAL RULES OF EVIDENCE and should therefore be stricken as inadmissible hearsay**

Both Affidavits mention the (alleged) words of non-party witness Debra Allison. Each Affidavit is a little different, with one alleging that Ms. Allison told Affiant Thomas that Defendant Charles entered Plaintiff's mobile home and the other claiming that Ms. Allison told Affiant Mullins that Defendant Charles did not enter the Plaintiff's mobile home. Regardless, neither Affidavit is admissible, as they both attempt to offer inadmissible hearsay testimony.

6

In this instance, Ms. Debra Allison made her Affidavit, and Defendants have submitted the same as an Evidentiary Submission in support of their Motion for Summary Judgment. Clearly, then, Ms. Allison is not "testifying" at a trial or hearing (and has not testified at a trial or hearing) but rather has made a statement under oath. Neither has Ms. Allison been subject to cross examination concerning the statement.

Further, although Plaintiff's Affiants attempt to offer that which they claim Ms. Allison said and that which they claim Ms. Allison said as inconsistent with her Affidavit, her Affidavit is "not inconsistent with any testimony given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." See U.S. v. Brown, 151 Fed.Appx. 787 (11th Cir. 2005) ("'[U]nder Federal Rule of Evidence 801(d)(1)(A) prior inconsistent statements are not hearsay and **are admissible as substantive evidence if given under oath** or subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition.'" (citing Wilson v. City of Aliceville, 779 F.2d 631, 636 (11th Cir.1986)

(emphasis added)).  But see California v. Green, 399 U.S. 149
(1970) (California v. Green, **is distinguishable**, however, as it
allows for the use of prior inconsistent statements not made
under oath but as provided by CALIFORNIA EVIDENCE CODE: the
testimony made **at a hearing** is inconsistent with a prior
statement and **the witness has the opportunity to explain or
deny the alleged prior inconsistent statement** .  Id. at 164.
Regardless, the California Court wrote that "Our task in this
case is not to decide which of these positions [i.e., the majority
view, that out-of-court statements are inadmissible in that the
statement may not have been made under oath; the declarant
may not have been subjected to cross-examination when he
made the statement; and the jury cannot observe the declarant's
demeanor at the time he made the statement versus the minority
view that  permits the substantive use of prior inconsistent
statements on the theory that the usual dangers of hearsay are
largely nonexistent where the witness testifies at trial], purely as
a matter of the law of evidence, is the sounder."  Id. at 155.)

8

**2.**    **The alleged words of Defendant Henderson mentioned in Plaintiff's Evidentiary Submission, Exhibit 2, is NOT an admission of a party opponent under the FEDERAL RULES OF EVIDENCE and should therefore be stricken as inadmissible hearsay**

Plaintiff's Evidentiary Submission, Exhibit 2, mentioned the (alleged) words of Defendant, Chief James Henderson, whereas Plaintiff's Evidentiary Submission, Exhibit 3, only mentioned the (alleged) words of non-party Debra Allison. As such, only Plaintiff's Evidentiary Submission, Exhibit 2, applies to the below FRE 801(d)(2) analysis.

In Plaintiff's Evidentiary Submission, Exhibit 2, Affiant claimed that, when presented with a copy of Plaintiff Todd's lease, Chief Henderson said: "Oh, sh_t!" Then, he stated that he "was not sure if (Defendant) Charles had gone inside the mobile home." The rest of that paragraph included **the Affiant's words to Chief Henderson, to wit**: "***I told*** Chief Henderson that he did (go inside) and that Officer Charles could not do that without a search warrant because the lease was not in Christy Littlejohn's name." (emphasis added).

9

As to what the Plaintiff claims was an admission by a party opponent, and thus not hearsay, all Chief Henderson *allegedly* said was "Oh sh_t!" and that he was not sure whether Defendant Charles went into the mobile home.  Neither are "admissions" by any stretch of the imagination.

As to the rest of that paragraph, it is a statement of the Affiant's own words directed to Chief Henderson.  Ms. Thomas was not present at the mobile home on the day in question, so her testimony that Defendant Charles "did (go inside)" is again hearsay.  Further, her direction to Chief of Police Henderson as to what Defendant Officer Charles can or cannot do and why as a non-party, non-officer, non-attorney civilian are again hearsay statements.

That which Defendant Henderson allegedly said as reported in Plaintiff's Evidentiary Submission, Exhibit 2, was **<u>not</u>** an admission by a party opponent but was instead **<u>hearsay</u>**.  As such, Plaintiff's Evidentiary Submission, Exhibit 2, is due to be stricken as inadmissible hearsay.

6.    The Defendants will be greatly prejudiced if this Motion to Strike is

not granted and the Plaintiff is allowed to submit hearsay affidavits into evidence.

WHEREFORE, Defendants respectfully request that the "Affidavit of Michelle Mullins (Plaintiff's Exhibit 2)" and the Affidavit of Christine Thomas (Plaintiff's Exhibit 3)" attached in support of Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for Summary Judgment be STRICKEN and that the Court will provide such other and further relief that it deems appropriate under the circumstances.

/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001

/s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 2409 H65S
State Code  SHE 094

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

 I hereby certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this, the _7th day of **November**, **2007**.  If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.


Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104


     /s/ James W. Porter II
    OF COUNSEL