IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORMAN TODD**, | |
| Plaintiff, | |
| vs. | CASE NUMBER 2:07-CV-149-MEF |
| **CITY OF CLANTON, ALABAMA**, a municipal corporation; by and through its **MAYOR, HONORABLE BILLY JOE DRIVER**, in his official capacity as Mayor and individually; **POLICE CHIEF JAMES HENDERSON**, in his official capacity, as well as individually; **CORPORAL GREG CHARLES**, in his official capacity and individually; and **CHRISTINE LITTLEJOHN**, an individual, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S EVIDENTIARY SUBMISSION AND MOTION TO STRIKE

COME NOW the City of Clanton, Alabama, a municipal organization, Mayor Billy Joe Driver, Chief James Henderson, and Corporal Greg Charles to file their Objection to Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for Summary Judgment and Motion to Strike the "Affidavit of Norman H. Todd (Plaintiff's Exhibit 1)"

1

attached thereto from these proceedings based on the following:

1. The Plaintiff submitted the Affidavit of Plaintiff Norman H. Todd (Plaintiff's Exhibit 1) attached in support of his Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment. Plaintiff's Evidentiary Submission, Exhibit 1, sets forth hearsay testimony of what non-party Sergeant Todd allegedly told him; what the non-party "judge" and the non-party "magistrate" allegedly said to him and to each other at a proceeding following his arrest; what Defendant Littlejohn allegedly stated to him occurred at his mobile home on the day in question; and what non-party witness Debra Allison allegedly stated to him occurred at his mobile home on the day in question.

2. The Clanton Municipal Court Records were attached as Exhibit 1 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment; the Affidavit of Debra Allison was attached as Exhibit 2 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment; the Affidavit of Chief James Henderson was attached as Exhibit 3 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment.

3. The Plaintiff cited FEDERAL RULE OF CIVIL PROCEDURE 56, FEDERAL RULES OF EVIDENCE 801 (d)(1) & (2) (cited in Plaintiff's Response to Defendants' Motion for summary Judgment as FEDERAL RULES OF CIVIL PROCEDURE 801(D)(1)

& (2)), and the committee comments to FEDERAL RULE OF EVIDENCE 801 (cited in Plaintiff's Response to Defendants' Motion for summary Judgment as the committee comments to FEDERAL RULE OF CIVIL PROCEDURE 802) to argue that the Affidavit of Plaintiff Norman H. Todd is allowed.

4. Under the FEDERAL RULES OF CIVIL PROCEDURE, however, Plaintiff's Evidentiary Submission, Exhibit 1, should not be allowed and is due to be stricken.

FEDERAL RULE OF CIVIL PROCEDURE 56 states as follows (emphasis added):

(e) *Form of affidavits; further testimony; defense required*. Supporting and opposing affidavits shall be made **on personal knowledge**, shall set forth such facts as would be **admissible in evidence**, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Affiant Plaintiff Norman Todd has **no personal knowledge** of the events as they transpired at his residence on the day in question, as he was admittedly not present there, as he was "out of town." Plaintiff's Evidentiary Submission, Exhibit 1, p. 2. As such, the statements in his Affidavit are **not** admissible into evidence.

5. Similarly, under the FEDERAL RULES OF EVIDENCE, Plaintiff's Evidentiary Submission, Exhibit 1, should not be allowed and is due to be stricken.

    A. FEDERAL RULES OF EVIDENCE 801 (a), (b), and (c) and 802 state as follows (emphasis added):

## **FRE 801**

The following definitions apply under this article:

a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
(b) Declarant. A "declarant" is a person who makes a statement.
(c) Hearsay. **"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted**.

## **FRE 802**

**Hearsay is not admissible** except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

**1.** **Plaintiff's Evidentiary Submission, Exhibit 1, contains out of court statements made by persons other than Affiant offered to prove the truth of the matter asserted and should thus be stricken as inadmissible hearsay**

In his Affidavit, Affiant Todd testifies to out of court statements allegedly told to him by non-party Sergeant Todd, a non-party "judge," a non-party "magistrate," Defendant Littlejohn, and non-party witness, Debra Allison. The statements to which Affiant testifies are offered to prove the truth of the matter asserted, that is, that Plaintiff's rights were violated as set

      forth in Plaintiff's Complaint.  These hearsay statements are not admissible and are due to be stricken.

B. FEDERAL RULES OF EVIDENCE 801(d)(1) & (2) state as follows:

 (d) Statements which are not hearsay.  A statement is not hearsay if–

 (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person;

 (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision

(E).

**1.    The alleged words of Debra Allison in Plaintiff's Evidentiary Submission, Exhibit 1, are NOT prior inconsistent statements *as pondered by* the FEDERAL RULES OF EVIDENCE and should therefore be stricken as inadmissible hearsay**

Plaintiff Todd's Affidavit mentions the (alleged) words of non-party witness Debra Allison. Plaintiff Todd claims that Ms. Allison reported to him that Officer Charles demanded that Ms. Allison open Plaintiff's mobile home so that he and Defendant Littlejohn could enter and ultimately did enter therein. Ms. Allison allegedly could not produce a search warrant and could not recall what was removed from the mobile home. This Affidavit is not admissible, as it attempts to offer inadmissible hearsay testimony.

In this instance, Ms. Debra Allison made her Affidavit, and Defendants have submitted the same as an Evidentiary Submission in support of their Motion for Summary Judgment. Clearly, then, Ms. Allison is not "testifying" at a trial or hearing (and has not testified at a trial or hearing) but rather has made a statement under oath. Neither

has Ms. Allison been subject to cross examination concerning the statement.

Further, although Plaintiff attempts to offer that which he claims Ms. Allison said and that which he claims Ms. Allison said as inconsistent with her Affidavit, her Affidavit is "not inconsistent with any testimony given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." See U.S. v. Brown, 151 Fed.Appx. 787 (11th Cir. 2005) ("'[U]nder Federal Rule of Evidence 801(d)(1)(A) prior inconsistent statements are not hearsay and **are admissible as substantive evidence if given under oath** or subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition.'" (citing Wilson v. City of Aliceville, 779 F.2d 631, 636 (11th Cir.1986) (emphasis added)). But see California v. Green, 399 U.S. 149 (1970) (California v. Green, **is distinguishable**, however, as it allows for the use of prior inconsistent statements not made under oath but as provided by CALIFORNIA EVIDENCE CODE: the testimony made **at a hearing** is inconsistent with a prior statement and

**the witness has the opportunity to explain or deny the alleged prior inconsistent statement** . Id. at 164.  Regardless, the California Court wrote that "Our task in this case is not to decide which of these positions [i.e., the majority view, that out-of-court statements are inadmissible in that the statement may not have been made under oath; the declarant may not have been subjected to cross-examination when he made the statement; and the jury cannot observe the declarant's demeanor at the time he made the statement versus the minority view that permits the substantive use of prior inconsistent statements on the theory that the usual dangers of hearsay are largely nonexistent where the witness testifies at trial], purely as a matter of the law of evidence, is the sounder." Id. at 155.)

**2.    The alleged words of non-parties Sergeant Todd, the "judge," and the "magistrate" mentioned in Plaintiff's Evidentiary Submission, Exhibit 1, are NOT admissions of a party opponent under the FEDERAL RULES OF EVIDENCE and should therefore be stricken as inadmissible hearsay**

Plaintiff's Evidentiary Submission, Exhibit 1, mentioned the (alleged) words non-parties Sergeant Todd, a "judge," and a "magistrate."  Plaintiff did not even reveal the proper names of

the "judge" and the "magistrate" while he instead made allegations of what those parties supposedly said while the Plaintiff was in court following his arrest.

In Plaintiff's Evidentiary Submission, Exhibit 1, Affiant claimed that, Sergeant Todd "advised" the Plaintiff that the case "clearly appeared" to be a civil matter and that the "case would probably be dismissed." Plaintiff's Evidentiary Submission, Exhibit 1, p. 1.

As to what the Plaintiff claims was an admission by a party opponent, and thus not hearsay, all Sergeant Todd did was speak to his "cousin." (Plaintiff admits his kinship to Sergeant Todd on p. 1, Id.) **The Plaintiff used the word "advised"** to qualify the words that Sergeant Todd allegedly said. Stating that something "clearly appeared" one way and that the case "would probably be dismissed" is nothing more than a random opinion by an individual admittedly related by blood or marriage to the Plaintiff. No "admission" was made by a long shot.

As to that which was supposedly said by the "judge" and

the "magistrate," certainly if the Plaintiff wishes to verify the truth of these statements, rather than submit the same as hearsay evidence, he would be willing to produce an Affidavit of either the "judge" or the "magistrate" verifying these statements or a transcript of the proceeding.

Furthermore and more importantly, the Case Action Summary submitted as part of Defendants' Exhibit 1 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment states in black and white that the case against Plaintiff Todd was "**Dismissed for want of prosecution.**" Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment, Exhibit 1 (emphasis added). Plaintiff Todd stated in his own Affidavit that "neither the Clanton Police Officer, Mr. Greg Charles, nor Christy Littlejohn showed up for court." Plaintiff's Evidentiary Submission, Exhibit 1, p. 1. Nowhere is there a notation on the Case Action Summary of any mention of a legal opinion of the "judge" or "magistrate" as to the lawfulness or unlawfulness of Plaintiff's arrest, as indicated by the Plaintiff in his Affidavit.

> For the foregoing reasons, anything that Plaintiff claims was said by this "judge" and this "magistrate" are unverified (and totally omitted and unverified by a reading of the Case Action Summary) and are inadmissible hearsay. As such, Plaintiff's Affidavit is due to be stricken.
>
> That which Sergeant Todd, the "judge" and the "magistrate" allegedly said as reported in Plaintiff's Evidentiary Submission, Exhibit 1, were **not** admissions by a party opponent but were instead **hearsay**. As such, Plaintiff's Evidentiary Submission, Exhibit 1, is due to be stricken as inadmissible hearsay.

6. The Defendants will be greatly prejudiced if this Motion to Strike is not granted and the Plaintiff is allowed to submit a hearsay affidavit into evidence.

WHEREFORE, Defendants respectfully request that the "Affidavit of Norman H. Todd (Plaintiff's Exhibit 1)" attached in support of Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for Summary Judgment be STRICKEN and that the Court will provide such other and further relief that it deems appropriate under the circumstances. Defendants also respectfully request that this Motion be taken into

consideration when this Honorable Court considers Defendants' Objection to Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for Summary Judgment and Motion to Strike the "Affidavit of Christine Thomas (Plaintiff's Exhibit 2)" and the "Affidavit of Michelle Mullins (Plaintiff's Exhibit 3)" attached thereto, Defendants' Reply to Plaintiff's Counter Motion for Summary Judgment, and Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.

    /s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001


    /s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 2409 H65S
State Code  SHE 094

OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

      I hereby certify that a copy of the above and foregoing has been ***electronically filed*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this, the  8th  day of **November**, **2007**.  If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.


Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104

                                             /s/ James W. Porter II
                                             OF COUNSEL