IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:07-cv-149-MEF |
| | ) |
| CITY OF CLANTON, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

### REPLY OF PLAINTIFF TO RESPONSE OF DEFENDANT TO MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF

COMES NOW the Plaintiff and in Reply to the Defendants' Response to Plaintiff's Motion for Summary Judgment respectfully submits the following in reply thereto:

1. The Plaintiff incorporates his Complaint herein.

2. The Plaintiff incorporates his prior Objection to Order Converting the Defendants' Motion to Summary Judgment (Doc. 14) and counsel's Rule 56 Affidavit submitted therewith.

3. The Plaintiff incorporates Plaintiff's Narrative Summary of Facts and Brief and Memorandum of Law submitted in reply to the Defendants' Motion for Summary Judgment.

4. The Plaintiff incorporates Plaintiff's Evidentiary Submissions submitted in reply to Defendants' Motion for Summary Judgment.

5. The Plaintiff incorporates his Counter Motion for Summary Judgment herein.

6. The Plaintiff incorporates his Reply to Motion to Strike herein by this reference.

7. The Plaintiff incorporates his Brief and Memorandum submitted along with this Reply herein.

STATEMENT OF FACTS

8. The Plaintiff incorporates by this reference the prior Statement of Facts and Exhibits submitted with Plaintiff's Narrative Summary of Facts, submitted along with his Brief and Memorandum of Law in Response to the Defendants' Motion for Summary Judgment as well as all affidavits submitted therewith with Plaintiff's Evidentiary Submissions in reply to Defendants' Reply to Plaintiff's Motion for Summary Judgment.

**RESPONSE TO DEFENDANTS' ARGUMENT IN REPLY
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

REPLY

**I.    COUNSEL FOR PLAINTIFF CONCEDED THAT THE OFFICIAL CAPACITY CLAIMS WERE DUE TO BE DISMISSED AND THAT THE ACTION WAS AGAINST THE CITY AS A RESULT.**

Because of Plaintiff's concession, it was not necessary for Defendant to submit in their Reply argument paragraph IA, pages 4 through 6.

**II.    (A) OFFICER CHARLES WAS NOT ENGAGING IN A DISCRETIONARY FUNCTION CAPACITY.**

The Defendants further at page 5 of their Reply state that even if Officer Charles trespassed (which **they think** that he did not) contrary to the clear and undisputed evidence submitted of his trespass of which there is no dispute[1] that there was no evidence of malicious conduct as to deprive the Defendants of their entitlement to discretionary function immunity.

---

1 This was confirmed in the Affidavit of Defendants' own Evidentiary Submission of the Affidavit of Deborah Allison that at a minimum Officer Charles was present and stood outside the mobile home when he accompanied Ms. Littlejohn there

2

Plaintiff submitted that Officer Charles' actions did not reflect performance of a discretionary function. The Defendants have submitted no response whatsoever which submits any legal, justifiable nor plausible explanation for Officer Charles' presence at the mobile home park. It is undisputed that he was there at the mobile home park and at a minimum stood outside Plaintiff's mobile home while Ms. Littlejohn went inside. The only dispute, if any, would be whether he actually entered the mobile home, and these facts are contradicted through the admissible evidence submitted by Plaintiff in Plaintiff's Affidavit and Christine Thomas' Affidavit including the inconsistent statements of Debra Allison (which are admissible pursuant to the cited sections by Plaintiff under the *Federal Rules of Civil Procedure* which exempts inconsistent statements from the hearsay rule). Additionally, Plaintiff submitted the admissions against interest of Christine Littlejohn (a party opponent) in the Affidavit of Plaintiff, and the Affidavit of Ms. Mullis wherein each stated that Ms. Littlejohn acknowledged that Officer Charles had in fact entered Plaintiff's mobile home. Thus, according to these admissions against interest, Officer Charles did enter the mobile home without a search warrant.

Discretionary function immunity would protect those acting in an official discretionary function matter. It typically applies to those situations involving a hard and fast decision to be made by an officer in a spur of the moment type situation. These type of situations would typically be in stops of motor vehicles and searches incident thereto, crimes committed in the presence of the officer and other like and/or similar situations.

The facts submitted by Plaintiff show that the Incident Report was signed on one date; a Complaint was signed on a date following the date of the Incident Report; Officer Charles and Ms. Littlejohn went to the mobile home park and obtained access to Plaintiff's trailer (which they had no legal right to do) **five days later**. This was not a decision requiring exercise of judgment by a police officer via judgment exercised in a hard and fast manner nor in a spur of the moment type factual situation requiring the exercise of prompt judgment.

Therefore, Plaintiff argued that the **Defendants failed to pass the burden** to the Plaintiff on their summary judgment claims concerning the qualified immunity defense to even contemplate Plaintiff submitting a response thereto as the **Defendants failed to establish that the facts showed that Officer Charles was acting pursuant to a discretionary function**.

Notwithstanding, trespass is an intentional tort in Alabama. The search of the home and/or the assistance in the search of the home without a search warrant is a clear and undisputed violation of Plaintiff's Fourth Amendment constitutional rights. The search was illegal. Clearly Officer Charles was present; clearly Officer Charles went to the manager of the mobile home park and aided Ms. Littlejohn in obtaining entry to Plaintiff's mobile home where no legal basis existed for such intrusion.

Notwithstanding, the Defendants cited portions of Title 6-5-338, Code of Alabama, 1975, from *Ex parte* Crannan, 792 So.2d 392 (Ala. 2000) appearing at pages 9 and 10 of Defendants' Brief and Response wherein under paragraph 4 Defendants asserted that Officer

4

Charles was acting according to a discretionary function. Said paragraph 4 stated as follows, "**4. Exercising judgment in the enforcement of criminal laws** of the state, including but not limited to law enforcement **officers arresting or attempting to arrest persons**..."

It is clear that Officer Charles was not present at the mobile home park on that date to arrest Plaintiff. This is an undisputed fact. Both Officer Charles and Ms. Littlejohn knew Plaintiff was not present which is why they were required to have Ms. Allison open the mobile home for their entry. Therefore, Defendants failed to submit any facts indicating that Officer Charles was acting in a discretionary function capacity (i.e., there to make an arrest of Plaintiff or there on legitimate police business).

Furthermore, Officer Charles' actions may be considered willfully, maliciously and made in bad faith as there was no legal premise whatsoever to support his actions in going to the mobile home park, period. Again, Defendants have submitted absolutely no facts in evidence to support any inference that Officer Charles was present at the mobile home park on appropriate police business.

As to the trespass allegations, the trespass claim is subsumed by the Fourth Amendment claim (as is Plaintiff's invasion of privacy claim) by the illegal search of Plaintiff's premises.

II.   (B) <u>AS TO THE QUALIFIED IMMUNITY OF CHIEF HENDERSON</u>.

With respect to Plaintiff's false arrest claims, Plaintiff submitted the hearsay exceptions (and, therefore, non-hearsay, relevant, material and admissible at trial, evidence)

5

of the statements of supervisory personnel (Sergeant Todd) concerning Plaintiff's assertions that the Complaint by Ms. Littlejohn on its face showed that no criminal offense had been committed (i.e., Plaintiff stated that Sergeant Todd said it was a civil matter and should be dismissed. Plaintiff submits that no reasonable officers reviewing the Complaint could have believed, based upon the facts reflected therein, that a criminal offense had been committed by Plaintiff. Sergeant Todd (according to Plaintiff and unrefuted by Defendants) was in a supervisory position and, thus, his admissions were made in a representative capacity binding upon the City and Chief Henderson as a party opponent.

Notwithstanding, Plaintiff submitted his opinion based upon his own training, education and experience as a police officer as to the inability of any reasonable officer to form an official belief that Ms. Littlejohn's allegations in her Complaint represented a violation of a criminal offense. Therefore, the arrest of Plaintiff subsequent to the City's knowledge through its supervisory personnel of the fact that the Complaint stated a civil matter and not a criminal matter supported Plaintiff's false arrest claims against the City.

False arrest or arrest without probable cause to believe that a criminal offense has been committed is a violation of not only state law but also the federal Constitution, Fourth Amendment applicable to the states via the Fourteenth Amendment.

It is undisputed that supervisory personnel Sergeant Todd knew the arrest warrant failed to show that a reasonable officer could, in good faith, believe that Mr. Littlejohn's Complaint, stated that a criminal offense had been committed by Plaintiff. The <u>Code</u> section

6

for unlawful use of a motor vehicle, Title 13A-8-11, <u>1975 Code of Alabama, as Amended</u>, states in the only subdivision anywhere thereof is subparagraph (3) which states:

> "3. "Having custody of a propelled vehicle pursuant to an agreement with the owner thereof whereby it is to be returned to the owner at a specified time, he knowingly retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render the retention or possession a gross deviation from the agreement."
> <u>1975 Code of Alabama, as Amended</u>, §13A-8-11.

It is clear that the car was purchased for Plaintiff by Ms. Littlejohn and Plaintiff was paying for the car. Ms. Littlejohn did not say that she was a secured party through a properly filed Uniform Commercial Code U.C.C. filing. Therefore, she did not have self help repossession rights.

Furthermore, there was no agreement that Plaintiff would return the vehicle at a given time. No contract was produced to support Ms. Littlejohn's contention of any agreement for Plaintiff to return the vehicle nor dealing with Ms. Littlejohn's right to re-possess the vehicle upon an alleged default. Those claims were strictly civil in nature, and reflected no criminal law violation.

The exception to the grant of qualified immunity arises where the conduct involves actions reflecting a deliberate indifference to Plaintiff's constitutional rights so as to impose liability upon the City and its Police Chief for negligent failure to train/supervise.

Plaintiff submitted facts showing that supervisory personnel knew the Complaint for Plaintiff's arrest was clearly, on its face, invalid. Therefore, no arrest should have occurred.

It is equally clear that Plaintiff testified that standard procedure required Officer

Charles to report his dispatch to the mobile home park. This would have necessitated a reporting to Officer Charles' supervisors on January 16, 2005, of the reason for his dispatch to the mobile home park. Officer Charles did not go to the mobile home park to make an arrest. There was no reason for Officer Charles to go to the mobile home park to execute a search warrant because no search warrant had been issued. The parties knew Plaintiff was not there; therefore, there could be no claim that Ms. Littlejohn feared for her safety.

Notwithstanding, the misdemeanor offense did not warrant a search of the mobile home without a warrant as there was no allegation of the presence of illegal contraband, drugs, nor other illegal substance alleged to be located in his residence.

**II.    (C) 42 U.S.C. 1983 CONTEMPLATES MUNICIPAL LIABILITY FOR STATE ACTIONS WHICH PRE-EMPTS TITLE 6-5-338, 1975, CODE OF ALABAMA.**

Title 6-5-338 is a legislative act unlike the state constitutional provisions creating absolute immunity of state sheriffs and constitutional officers. Therefore, under the federal pre-emption and/or supremacy law doctrine, the state law qualified immunity provision should yield to a legislative act of congress. In other words, congress' intent in establishing municipal liability of municipal actors acting under color of state law pre-empts the state statute to attempting to avoid 42 U.S.C. 1983 liability under state legislatively created qualified immunity.

**III.    PLAINTIFF SUBMITTED FACTS OF HIS FOURTH AMENDMENT VIOLATIONS**

Plaintiff submitted facts to support his claims of false arrest under the Fourth and Fourteenth Amendments. Additionally, Plaintiff submitted facts of the participation by Officer Charles in the illegal entry into and search of Plaintiff's mobile home, a Fourth and Fourteenth Amendment violation.

Plaintiff submitted facts that the City's supervisory personnel were aware of the facial invalidity of the misdemeanor complaint underlying Plaintiff's false arrest claims.

Plaintiff submitted facts to show that Officer Charles' supervisors knew, or should have known, that Officer Charles dispatched to the mobile home park with no legal basis for his response there.

Plaintiff, therefore, submitted facts reflecting the clear violations of Plaintiff's Fourth and Fourteenth Amendment rights; that those violations were clearly known as existing law at the time; and that those constitutional violations were engaged in with a deliberate indifference to the consequences of the violation.

The Defendant submitted no fact nor any inference for any reasonable officer to believe that at a minimum, arguable probable cause existed for the City's and Officer Charles' actions.

Therefore, Officer Charles violated Plaintiff's Fourth and Fourteenth Amendment rights. The City through its supervisory personnel knew of these violations and, therefore, the City is liable.

Chief Henderson (City of Clanton) is liable as a result of the fact that these violations occurred **with a deliberate indifference** to Plaintiff's rights which inherently results from improper supervision and training.

Therefore, Plaintiff has submitted ample relevant material and admissible evidence to support his claims.

### III. (A) THE CASE CITED BY DEFENDANTS IN III(A), AT PAGE 13, OF THEIR ARGUMENT IS IRRELEVANT TO THE STANDARD OF THE LAW APPLICABLE AT THE TIME OF THIS INCIDENT.

The case cited by Defendants in III A, at page 14, alleged a case involving a factually similar case, Moore v Andrews ... F.3d ... 2007 WL 3052216 (2nd Cir. 2006). The ruling in the case cited

9

by Defendants occurred two (2) years after this incident. Therefore, it was not law clearly established at the time of the incident.

Notwithstanding, the complainant in Moore v. Andrews, *i.d.,* provided information cited by defendants at page 13 of their reply as to allegations of the presence in the home searched of illegal substances (information that deputies, if they searched, would find marijuana). Therefore, the officers were provided probable cause that the house may have illegal contraband therein.

Therefore, the case cited by Defendants is distinguished because the officers had probable cause to search. In this case, there was no basis to gain entry into Plaintiff's mobile home.

**III.    (B) THE FACTS DO NOT RISE TO THE MINIMUM LEVEL OF ARGUABLE PROBABLE CAUSE IN THIS CASE.**

No crime was averred in the Complaint of Ms. Littlejohn. No legal basis existed for entry into Plaintiff's mobile home, nor even a reasonable basis for Officer Charles to dispatch to the mobile home park. There is no excuse nor justification for Plaintiff's arrest, nor entry into his mobile home. Therefore, the Defendants' argument that arguable cause existed is simply without merit.

The law pertaining to false arrest and illegal searches was clearly established by January, 2005. Therefore, Officer Charles and the City had fair warning of the constitutional violations which violations were performed with a deliberate indifference to Plaintiff's constitutional rights.

BRIEF and MEMORANDUM OF LAW

**I.    OFFICER CHARLES' CONDUCT WAS NOT ENGAGED IN AS AN OFFICIAL DISCRETIONARY FUNCTION ACTIVITY.**

Officer Charles' conduct traversed a five (5) day period. This was not a fact situation involving judgment to be clarified in a hard and fast nor prompt manner. Additionally, Officer

10

Charles was not at the mobile home park to make an arrest. Therefore, Officer Charles was not engaging in a discretionary function entitling him to argue qualified immunity.

> "...Discretionary acts have been defined as those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances. See *L. S.B. v. Howard*, 659 So.2 43 (Ala.1995). Clearly Wrights' duties as a law enforcement officer required him to make a split-second identification under difficult circumstances. Although, regrettably, Wright made the wrong decision in arresting Wynn, his decision nonetheless falls within the definition of a 'discretionary act' as discussed in our cases..."..
>
> "... Alabama courts have recognized that the "principles of substantive immunity are particularly applicable to a case such as this one, where an officer is required to make difficult decisions on the spur of the moment." *Flint v. City of Ozark*, 652 So.2d 245, 246 (Ala.1994)..."
> Montgomery v. City of Montgomery, 732 So.2d 305,310-12, (Ala.Civ.App. 1999)

> "An official is entitled to qualified immunity if he is performing discretionary functions and his actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. –Nicholson v. Moates, 159 F.Supp.2d 1336.

> For qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel, not just suggest or raise a question about, the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances. – Id."
> (M.D. Ala. 2001)

> "Preexisting case law, tied to the precise facts, is not in every situation essential to establish clearly the law applying to the circumstances facing a public official so that a reasonable official would be put on fair and clear notice that specific conduct would be unlawful in the faced, specific circumstances, for purposes of establishing the official's entitlement to qualified immunity. – Id.

> Some general statements of law are capable of giving fair and clear warning in some circumstances, for purposes of determining reasonableness of public official's actions and his or her entitlement to qualified immunity. – Id....."

II.   **CHIEF HENDERSON AND THE CITY ARE LIABLE AS PLAINTIFF'S ARREST AND ILLEGAL SEARCH OF PLAINTIFF'S PREMISES WERE CONSTITUTIONAL VIOLATIONS WHICH REPRESENTED A DELIBERATE**

11

**INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS.**

It is clear that supervisory personnel knew the arrest warrant did not state facts to support allegations of Plaintiff having committed a criminal offense. It is clear that the illegal search occurred. These constitutional violations reflected a deliberate indifference to Plaintiff's rights according to law clearly established at the time.

> "To be held liable, under § 1983, for injury to civil rights claimant arising from failure to adequately train subordinate, supervisory officials's failure to train must rise to level of deliberate indifference to rights of persons with whom subordinates come into contact, and failure to train must actually cause injury in questions. 42 U.S.C.A. § 1983."
> Sims v. Glover, 84 F.Supp.2d 1273. (M.D. Ala. 1999)

> "Supervisor liability under § 1983 occurs either when supervisor personally participates in alleged constitutional violation or when there is causal connection between actions of supervising official and alleged constitutional deprivation. 72 U.S.C.A. § 1983.
> (M.D. Ala. 1999.)

III. **THE ADMISSIONS AGAINST INTEREST OF SERGEANT TODD STATED IN PLAINTIFF'S AFFIDAVIT, AS WELL AS THE STATEMENTS OF MS. LITTLEJOHN IN MS. MULLIS' AND PLAINTIFF'S AFFIDAVIT, WERE ADMISSIBLE.**

> "Deposition in which deponent stated that sheriff, who was subject of civil rights action for having falsely charged claimant with murder, had made racist threats to her in an effort to influence her testimony against claimant in murder trial was admissible in civil rights action, over hearsay objection, as an admission of party opponent. – McMillian v. Johnson, 878 F.Supp. 1473, F.Supp. 1473, affirmed in part, vacated in part, reversed in part 88 F.3d 1554, opinion amended on rehearing 101 F. 3d 1363, rehearing and suggestion for rehearing denied 109 F.3d 773, certiorari denied 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016, certiorari denied Tate v. McMillian, 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016, certiorari denied 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016, certiorari denied 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016.
> (M.D. Ala. 1995)

> "Under the Federal Rules of Evidence, it is not necessary to show that an employee or agent declarant possesses "speaking authority," tested by the usual

standards of agency law, before a statement can be admitted against the principal; instead, it is necessary that the content of the declarant's statement concern a matter within the scope of his employment or agency. Fed.Rules Evid.Rule 801(d)(2)(D), 28 U.S.C.A. – City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, rehearing denied, rehearing and rehearing denied 172 F.3d 884, certiorari denied 120 S.Ct. 309, 528 U.S. 812, 145 L.Ed.2d 42, certiorari denied Industrial Chemicals, Inc. v. City of Tuscaloosa, 120 S.Ct. 47, 528 U.S. 812, 145 L.Ed.2d 42.
(C.A 11 (Ala.) 1998)

"Testimony of supervisor of police officer who had been involved in automobile accident, who had been required as part of his duties to investigate accident, that he believed that officer was at fault was admissible as admission of fault on part of city in action arising from accident, and was not rendered inadmissible by fact that conclusion that officer had been at fault was lay opinion of supervisor that went to ultimate fact at issue.– City of Birmingham v. Watkins, 670 So.2d 878" (Ala. 1995)."

The admissions against interest made by Sergeant Todd were made in a supervisory and representative capacity and were, therefore, admissions of a party opponent. Likewise, the statements Ms. Littlejohn told Plaintiff and Ms. Mullis that Officer Charles entered Plaintiff's mobile home, using his position as a police officer to do so were also admission against interest. Therefore, said statements are admissible at trial; are not hearsay and, therefore, appropriate for consideration.

IV. **PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT CLAIMS FOR FALSE ARREST AND ILLEGAL SEARCH WERE BRIEFED AT ARGUMENT III, PAGES 8 THROUGH 11, OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN THE BRIEF AND MEMORANDUM OF LAW THEREIN.**

Plaintiff incorporates the above-referenced arguments herein by this reference and restates the same to avoid duplicity in reply to Defendants' arguments on the legal basis of Plaintiff's Fourth and Fourteenth Amendment claims of false arrest and illegal search of Plaintiff's home.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully submits that Defendants have failed to establish that genuine issues of material fact exist as to the City's and

Officer Charles' actions in falsely arresting Plaintiff and illegally searching or aiding the illegal search of Plaintiff's premises, thus, entitling Plaintiff to a judgment as a matter of law.

>	Respectfully submitted,
>
>	/S/Donald G. Madison
>	DONALD G. MADISON (MAD008)
>	Attorney for Plaintiff Norman Todd
>	418 Scott Street
>	Montgomery, Alabama 36104
>	Telephone (334) 263-4800
>	Facsimile  (334) 265-8511
>	E-Mail dgmadison@bellsouth.net
>	        btjarvis1@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Court and that an electronic service copy shall be filed upon the following parties, on this the 21st day of November, 2007.

James W. Porter, II, Esquire
Porter, Porter & Hassinger
Post Office Box 128
Birmingham, Alabama 35201-0128

>	/S/Donald G. Madison