IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:07-cv-149-MEF |
| | ) |
| CITY OF CLANTON, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

### RESPONSE OF PLAINTIFF TO DEFENDANTS' OBJECTION TO PLAINTIFF'S EVIDENTIARY SUBMISSION and MOTION TO STRIKE

COMES NOW the Plaintiff Norman Todd (hereinafter Plaintiff/Todd) and files this Response of Plaintiff to Defendants' Objection to Plaintiff's Evidentiary Submission and Motion to Strike (Doc. 31). The Plaintiff would show unto this Honorable Court as follows:

### FACTS

1. Removal of this action to this Court was filed on February 20, 2007.

2. Defendants' Motion to Dismiss (Doc. 2), which this Court has converted to a Rule 56 Motion for Summary Judgment, was filed on February 21, 2007.

3. This Honorable Court issued its Order (Doc. 35) dated February 23, 2007, for Plaintiff to file its Response to Defendants Motion to Dismiss.

No *Federal Rules of Civil Procedure* Rule 26 scheduling order was issued prior to the Court-Ordered reply.

No. Rule 26 evidentiary disclosures were provided prior to this Honorable Court ordering Plaintiff's Reply, as a result of the bypass of the requirements of Rule 26, *FRCP*.

1

Therefore, Plaintiff has responded with affidavit testimony which is admissible at trial pursuant to Rule 56(e), *FRCP*.

4.  Paragraph 1, Page 2 of the Motion to Strike seeks to strike the statements attributable to Sergeant Todd, a supervisor with the City of Clanton Police Department, because he is a non-party.

Said paragraph1 also seeks to strike the statements of the non-party "judge" and non-party magistrate, employees of the City of Clanton. Defendants further Move to strike the inconsistent statements made by non-party witness Debra Allison.

    (A)    SERGEANT TODD'S STATEMENTS

Sergeant Todd was undisputedly employed as a supervisor for the Clanton Police Department. His statements which were **told** to Norman Todd were that he knew the matter (Ms Littlejohn's Complaint) was a civil matter. As Norman Todd heard these statements, he had personal knowledge of the same. Sergeant Todd had reviewed the Complaint and had personal knowledge of the Complaint as well.

The statements reflected that the City knew before Norman Todd's arrest that the Complaint clearly on its face did not disclose that a criminal law violation had occurred.

These statements, therefore, represent: (a) admissions against the City's interest by a person in an agency, representative and/or supervisory capacity; and (b) additionally, the admission is admissible solely for the reason that the statement was made and not necessarily the truth of the matter asserted and is, therefore, not hearsay.

    (B)    STATEMENTS OF THE "MAGISTRATE" AND "JUDGE".

While these statements were also made by employees of the City, the judge would

not be available at the trial as a witness and, therefore, counsel concedes that any statement attributable to the judge should be stricken.

The magistrate, however, is subject to being called as a witness at trial. Therefore, any statement Norman Todd heard (personal knowledge) the magistrate say would be subject to examination at trial. Therefore, said statement also represents an admission against interest of an employee of the City whom may testify at trial as well as admissible for the fact that the statement was said.

(C)     STATEMENTS OF DEFENDANT LITTLEJOHN

The statements of Defendant Littlejohn were said in the presence of Norman Todd and Christy Mullis. Therefore, they heard the statements made by Ms. Littlejohn, thus, having personal knowledge that the statements were said. Ms. Littlejohn had personal knowledge of the facts as well.

Ms. Littlejohn is a party opponent. Therefore, the statements qualify as admissions against interest (or by party opponent) and are, therefore, admissible.

Her statements also qualify as contemporaneous statements and are, therefore, non-hearsay.

(D)     STATEMENTS ATTRIBUTABLE TO DEBRA ALLISON.

The Defendants seem to argue that Ms. Allison's inconsistent statements provided in the affidavits of Norman Todd and Christine Thomas are inadmissible because she was not under oath at the time she made the statements to Norman Todd and Christine Thomas.

The Defendants submitted Ms. Allison's Affidavit, which was made under oath, and in the form of a written deposition. Ms. Allison shall be a trial witness and shall be subject to cross-examination. Norman Todd, by and through counsel, shall cross-examine Ms. Allison. The

3

inconsistent statements Ms. Allison gave under oath may be impeached with her **prior inconsistent statements**.

Such statements are exceptions to the hearsay rule and, therefore, not hearsay. *FRCP* 801 (d) (1).

5.  Finally, the statements are not hearsay as they are not admitted for the truth of the matter asserted; **but are admissible as statements having been said**, and, therefore, are not hearsay statements offered for the truth of the matters asserted**.**

BRIEF AND MEMORANDUM OF LAW

**I.  THE STATEMENTS ATTRIBUTED TO SERGEANT TODD AND EMPLOYEES OF THE CITY ARE ADMISSIBLE UNDER FEDERAL RULE 801 (D) (2)** *FRCP*

*FRCP* Rule 801 (d) (2) identified statements which are not considered hearsay. It states:

"**Rule 802.** ...

"...  **(d) Statements which are not hearsay.** A statement is not hearsay if – ..."

"... **(2) Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship,..."

The statements attributed to the City's supervisory personnel and as to what Ms. Littlejohn said qualify under this Rule as competent and admissible evidence at trial for *FRCP* Rule 56 (e) purposes as admissions by a party opponent or the party opponent's agent.

**(II)  THE INCONSISTENT STATEMENTS OF DEBRA ALLISON SUBMITTED IN PLAINTIFF'S AFFIDAVIT AND AFFIDAVITS OF CHRISTINE THOMAS AND MICHELLE MULLIS ARE ADMISSIBLE AS PRIOR INCONSISTENT STATEMENT PURSUANT TO *FRCP* RULE 801 (d) (1).**

All three individual Affidavits show that the contemporaneous statements made by Ms. Allison **at the time of the incident** are inconsistent with what she had said in her Affidavit submitted by Defendants. The Defendants' evidentiary submissions, also, reflect their inconsistencies. For instance, where Ms. Littlejohn went by Plaintiff's mobile home and taped a letter on his door. If she had a key, there was no need to do this act. In Ms. Allison's Affidavit, she stated that Ms. Littlejohn had a key to Plaintiff's mobile home. Contemporaneous statements/admissions are hearsay exceptions. Additionally, her statements can be offered not for the truth of the matter asserted, but for the fact that said statements were said.

*FRCP* Rule 802 (d) (1) permits submission of those inconsistent statements as admissible evidence. The Rule states:

> "**Rule 802.** ...
>
> "...     **(d) Statements which are not hearsay.** A statement is not hearsay if –
>
> ..."     **(1) Prior statement by witness.** The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. Or (C) one of identification of a person made after perceiving the person; or ..."
>
> "...     **(A)** Prior inconsistent statements traditionally have been admissible to impeach but not as substantive evidence. Under the rule they are substantive evidence. As has been said by the California Law Revision Commission with respect to a similar provisions:..."

The committee comments to *FRCP* 802 make clear the admissibility of prior inconsistent statements. In fact, the comments parallel the Plaintiff's logic in submitting the inconsistent statements of Debra Allison contemplated in the comments.

> "...    Section 1235 admits inconsistent statements of witnesses because the dangers against which the hearsay rule is designed to protect are largely nonexistent. The declarant is in court and may be examined and cross-examined in regard to his statements and their subject matter. In many cases, the inconsistent statement is more likely to be true than the testimony of the witness at the trial because it was made nearer in time to the matter to which it relates and is less likely to be influenced by the controversy that gave rise to the litigation. The trier of fact has the declarant before it and can observe his demeanor and the nature of his testimony as he denies or tries to explain away the inconsistency. Hence, it is in as good a position to determine the truth or falsity of the prior statement as it is to determine the truth of falsity of the inconsistent testimony given in court. Moreover, Section 1235 will provide a party with desirable protection against the 'turncoat' witness who changes his story on the stand and deprives the party calling him of evidence essential to his case." Comment, California Evidence Code § 1235. See also McCormick § 39. The Advisory Committee finds these views more convincing than those expressed in *People v. Johnson*, 68 Cal.2d 646, 68 Cal.Rptr. 599, 441 P.2d 111 (1968). The constitutionality of the Advisory Committee's view was upheld in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Moreover, the requirement that the statement be inconsistent with the testimony given assures a thorough exploration of both versions while the witness is on the stand and bars any general and indiscriminate use of previously prepared statements."

The unsworn inconsistent statements of a witness may be used for impeachment at trial and are, thus, admissible under Rule 56(e).

> "Evidence of prior inconsistent statements of witness may be admitted to impeach that witness, and the prior statements may have been oral and unsworn and may be drawn out in cross-examination of witness himself and, if witness has denied making statement on cross-examination, or has failed to remember it, the making of statement may be proved by another witness.
> U.S. v. Sisto, C.A.Fla.1976, 534 F.2d 616

### III. THE ADMISSIONS AGAINST INTEREST OF SERGEANT TODD STATED IN PLAINTIFF'S AFFIDAVIT, AS WELL AS THE STATEMENTS OF MS. LITTLEJOHN IN MS. MULLIS' AND PLAINTIFF'S AFFIDAVIT, WERE ADMISSIBLE.

> "Deposition in which deponent stated that sheriff, who was subject of civil rights action for having falsely charged claimant with murder, had made racist threats to her in an effort to influence her testimony against claimant in murder trial was admissible in civil rights action, over hearsay objection, as an admission of party opponent. – McMillian v. Johnson, 878 F.Supp. 1473, F.Supp. 1473, affirmed in part,

vacated in part, reversed in part 88 F.3d 1554, opinion amended on rehearing 101 F. 3d 1363, rehearing and suggestion for rehearing denied 109 F.3d 773, certiorari denied 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016, certiorari denied Tate v. McMillian, 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016, certiorari denied 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016, certiorari denied 117 S.Ct. 2514, 521 U.S. 1121, 138 L.Ed.2d 1016.
(M.D. Ala. 1995)

The out of court unsworn statement of the sheriff was admissible as an admission against interest.

> "Under the Federal Rules of Evidence, it is not necessary to show that an employee or agent declarant possesses "speaking authority," tested by the usual standards of agency law, before a statement can be admitted against the principal; instead, it is necessary that the content of the declarant's statement concern a matter within the scope of his employment or agency. Fed.Rules Evid.Rule 801(d)(2)(D), 28 U.S.C.A. – City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, rehearing denied, rehearing and rehearing denied 172 F.3d 884, certiorari denied 120 S.Ct. 309, 528 U.S. 812, 145 L.Ed.2d 42, certiorari denied Industrial Chemicals, Inc. v. City of Tuscaloosa, 120 S.Ct. 47, 528 U.S. 812, 145 L.Ed.2d 42.
(C.A 11 (Ala.) 1998)

Likewise, Sergeant Todd's statement was made in his capacity as a supervisor having knowledge of Ms. Littlejohn's Complaint. It was made during his employment and admitted a fact that was against the City's interest.

> "Testimony of supervisor of police officer who had been involved in automobile accident, who had been required as part of his duties to investigate accident, that he believed that officer was at fault was admissible as admission of fault on part of city in action arising from accident, and was not rendered inadmissible by fact that conclusion that officer had been at fault was lay opinion of supervisor that went to ultimate fact at issue.– City of Birmingham v. Watkins, 670 So.2d 878" (Ala. 1995)."

Sergeant Todd, a supervisor, expressed his opinion which is obvious from a reading of Ms. Littlejohn's Complaint; that is, the Complaint failed to allege that a criminal law had been violated.

The admissions against interest made by Sergeant Todd were made in a supervisory and

representative capacity and were, therefore, admissions of a party opponent. Likewise, the statements Ms. Littlejohn told Plaintiff and Ms. Mullis that Officer Charles entered Plaintiff's mobile home, using his position as a police officer to do so were also admission against interest of a party opponent. Therefore, said statements are admissible at trial; are not hearsay and, therefore, appropriate for consideration.

IV.  **THE STATEMENTS ARE ADMISSIBLE AS STATEMENTS SAID BY THE WITNESSES AND NOT FOR THE TRUTH OF THE MATTER ASSERTED; THEREFORE, NON-HEARSAY**

The statements of the above witnesses recited in the affidavits of Norman Todd, Christy Mullis and Christine Thomas are admissible as statements of what each of the persons to whom the statements were attributed to said, and not for the truth of the matters asserted.

Therefore, the statements attributed to Sergeant Todd, Debra Allison and Christy Littlejohn are non-hearsay, and offered for the purpose that said statements were made by each witness, and admissible for Rule 56(e) purposes.

WHEREFORE, THE PREMISES CONSIDERED, for the above and foregoing reasons, the Plaintiff Moves that the Motion to Dismiss/Motion for Summary Judgment is due to be denied and respectfully prays that this Honorable Court deny the Motion to Dismiss of the Defendants.

Respectfully submitted,

/S/Donald G. Madison
DONALD G. MADISON (MAD008)
Attorney for Plaintiff Norman Todd
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-Mail dgmadison@bellsouth.net
       btjarvis1@bellsouth.net

## CERTIFICATE OF SERVICE

 I hereby certify that the foregoing document was electronically filed with the Court and that an electronic service copy shall be filed upon the following parties, on this the 27th day of November, 2007.

James W. Porter, II, Esquire
Porter, Porter & Hassinger
Post Office Box 128
Birmingham, Alabama 35201-0128

Christy Lynn Sherbrook, Esquire
Porter, Porter & Hassinger
Post Office Box 128
Birmingham, Alabama 35201-0128

               /S/<u>Donald G. Madison</u>