IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**NORMAN TODD**,

    Plaintiff,

      vs.

**CITY OF CLANTON, ALABAMA**, a
municipal corporation; by and through
its **MAYOR, HONORABLE BILLY
JOE DRIVER**, in his official capacity as
Mayor and individually; **POLICE CHIEF
JAMES HENDERSON**, in his official
capacity, as well as individually;
**CORPORAL GREG CHARLES**, in his
official capacity and individually; and
**CHRISTINE LITTLEJOHN**, an
individual,

    Defendants.

CASE NUMBER 2:07-CV-149-MEF

JURY TRIAL DEMANDED

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S EVIDENTIARY SUBMISSION AND MOTION TO STRIKE

COME NOW the City of Clanton, Alabama, a municipal organization,

Mayor Billy Joe Driver, Chief James Henderson, and Corporal Greg Charles to file

their Reply to Plaintiff's Response to Defendants' Objection to Plaintiff's

Evidentiary Submissions in Support of Plaintiff's Response to Defendants' Motion

to Dismiss/Motion for Summary Judgment and Motion to Strike. The Defendants

1

would show unto this Honorable Court as follows:

## FACTS

1.    Defendants filed an Objection to Plaintiff's Evidentiary Submission and Motion to Strike on November 7, 2007, respectfully requesting this Honorable Court to Strike the Affidavits of Christine Thomas and Michelle Mullis, attached in support of Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment as Plaintiff's Exhibits 2 and 3, respectively.

2.    Defendants filed an Objection to Plaintiff's Evidentiary Submission and Motion to Strike on November 8, 2007, respectfully requesting this Honorable Court to Strike the Affidavit of Plaintiff Norman Todd, attached in support of Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment as Plaintiff's Exhibit 1.

3.    On November 14, 2007, this Honorable Court entered an Order requiring the Plaintiff to file a response to Defendants' Objection to Plaintiff's Evidentiary Submission and Motion to Strike (the Affidavit of Norman Todd) filed on November 8, 2007.  The Court's Order then stated that the Defendants may file a brief in reply thereto.

4.      This Honorable Court did not enter an Order requiring the Plaintiff to file a

response to Defendants' Objection to Plaintiff's Evidentiary Submission and

Motion to Strike (the Affidavits of Christine Thomas and Michelle Mullis)

filed on November 7, 2007.  As such, those Affidavits will be discussed only

minimally herein.

5.      Plaintiff filed his Response to Defendants' Objection to Plaintiff's

Evidentiary Submission and Motion to Strike on November 27, 2007.

6.      Defendants now file their Reply to Plaintiff's Response to Defendants'

Objection to Plaintiff's Evidentiary Submissions in Support of Plaintiff's

Response to Defendants' Motion to Dismiss/Motion for Summary Judgment

and Motion to Strike as allowed in the Honorable Court's Order dated

November 14, 2007.

## **ARGUMENT**

### **A.      The Affidavit of Plaintiff Norman Todd is Due to be Stricken**

To the extent Plaintiff Todd seeks to enter his Affidavit into evidence

relying on hearsay, Plaintiff Todd's Affidavit is due to be stricken.

FEDERAL RULE OF CIVIL PROCEDURE 56 states as follows (emphasis added):

(e) *Form of affidavits; further testimony; defense required*.  Supporting
and opposing affidavits shall be made **on personal knowledge**, shall set
forth such facts as would be **admissible in evidence**, and shall show
affirmatively that the affiant is competent to testify to the matters stated
therein.

3

FEDERAL RULES OF EVIDENCE 801 (a), (b), and ©) and 802 state as follows (emphasis added):

<u>FRE 801:</u>

The following definitions apply under this article:

a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
(b) Declarant. A "declarant" is a person who makes a statement.
©) Hearsay. **<u>"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.</u>**

<u>FRE 802</u>

**<u>Hearsay is not admissible</u>** except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

FEDERAL RULES OF EVIDENCE 801(d)(1) & (2) state as follows:

(d) Statements which are not hearsay. A statement is not hearsay if–

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or ©) one of identification of a person made after perceiving the person;

(2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has

manifested an adoption or belief in its truth, or ©) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision ©), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Finally, FEDERAL RULE OF EVIDENCE 804(b)(3) states as follows:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . . .

(3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Plaintiff's Complaint is based on that which allegedly occurred at his residence and that which allegedly occurred with regard to his later arrest. As to that which allegedly occurred at his residence, Affiant Plaintiff Norman Todd has **no personal knowledge** of those events, as he was admittedly not present there,

because he was "out of town."  Plaintiff's Evidentiary Submission, Exhibit 1, p. 2.

As to the statements of others Plaintiff Todd repeated in his Affidavit and then

seeks to enter into the record of this proceeding, the statements of those persons are

addressed herein below.

In his Affidavit, Affiant Todd testifies to out of court statements allegedly

told to him by non-party Sergeant Todd, a non-party "judge," a non-party

"magistrate," Defendant Littlejohn, and non-party witness, Debra Allison.  The

statements to which Affiant testifies are offered to prove the truth of the matter

asserted, that is, that Plaintiff's rights were violated as set forth in Plaintiff's

Complaint.  These hearsay statements are not admissible and are due to be stricken.

### 1.   <u>Sergeant Todd</u>

### I.   <u>No Admission by Party Opponent</u>

Plaintiff stated in his Response to Defendants' Objection to Plaintiff's

Evidentiary Submissions in Support of Plaintiff's Response to Defendants' Motion

to Dismiss/ Motion for Summary Judgment and Motion to Strike (hereinafter

"Plaintiff's Response") that Plaintiff had personal knowledge of the statements of

Sergeant Todd because Sergeant Todd told the Plaintiff, and the Plaintiff heard

Sergeant Todd's statements.  Plaintiff's Response, p. 2, ¶ 4(A).   Plaintiff added

that the statements of Sergeant Todd repeated in Plaintiff Todd's Affidavit are "(a)

admissions against the City's interest by a person in an agency, representative, and/or supervisory capacity," and (b) not hearsay, but rather "admissible solely for the reason that the statement was made." Id.

Plaintiff stated numerous times in his Response that he is able to repeat the statements of others because he heard the statements and thus had personal knowledge of those statements. He argues, therefore, that the statements are not hearsay. FRCP 56 states (emphasis added) that "supporting and opposing affidavits shall be made **on personal knowledge**." It is not for the Defendants to contest whether the Plaintiff had personal knowledge that Sergeant Todd spoke certain words to the Plaintiff, but rather to contest that the Plaintiff had personal knowledge regarding the subject matter being discussed by Sergeant Todd. The Plaintiff's personal knowledge of the hearsay is hearsay nonetheless.

Plaintiff added that the statements of Sergeant Todd repeated in Plaintiff Todd's Affidavit are "(a) admissions against the City's interest by a person in an agency, representative, and/or supervisory capacity." Sergeant Todd does not have the authority to make an admission as the "City." First, whether Sergeant Todd is a supervisor is irrelevant; nowhere in FRE 801(d)(2) is there mention of one's "supervisory capacity" as relevant in making this determination. As to being an agent or representative of the City, FRE 801(d)(2) states clearly that "The contents

7

of the statement shall be considered but are not alone sufficient to establish the

declarant's authority under subdivision ©), the agency or employment relationship

and scope thereof under subdivision (D), . . ."

   In Plaintiff's Evidentiary Submission, Exhibit 1,  Affiant claimed that

Sergeant Todd  "advised" the Plaintiff that the case "clearly appeared" to be a civil

matter and that the "case would probably be dismissed."  Plaintiff's Evidentiary

Submission, Exhibit 1, p. 1.  As to what the Plaintiff claims was an admission by a

party opponent, and thus not hearsay, all Sergeant Todd did was speak to his

"cousin." (Plaintiff admits his kinship to Sergeant Todd on p. 1, <u>Id.</u>)  The Plaintiff

used the word "advised" to qualify the words that Sergeant Todd allegedly said.

Stating that something "clearly appeared" one way and that the case "would

probably be dismissed" is nothing more than a random opinion by an individual

admittedly related by blood or marriage to the Plaintiff.  Sergeant Todd is not

authorized by way of any agency, representative, and/or supervisory capacity to

speak on the City's behalf, neither was any "admission"  made according to FRE

801(d)(2).

   Finally, the Plaintiff claimed that Sergeant Todd's statements are not

hearsay, but rather "admissible solely for the reason that the statement was made."

Clearly, however, the Plaintiff is attempting to have Sergeant Todd's opinions

admitted in order to help the Plaintiff prove his case, that is to help him prove the allegations made in his Complaint, that his rights were violated by the Defendants, based on the warrant issued for his arrest, a warrant that "clearly appeared" to Sergeant Todd to be a civil matter and that the "case would probably be dismissed." Plaintiff's Evidentiary Submission, Exhibit 1. This is hearsay, an out of court statement offered to prove the truth of the matter asserted, and should not be admitted.

Based on the foregoing, Sergeant Todd is not authorized to make an admission on behalf of the City; neither did Sergeant Todd make an admission on behalf of the City. In fact, Sergeant Todd's opinion is hearsay and should be stricken.

**ii.**     **No Statement Against Interest**

Plaintiff argued in his Response that that which was spoken by Sergeant Todd and repeated in Plaintiff Norman Todd's Affidavit was a "statement against interest" of Sergeant Todd.

FRE 804(b)(3) states that a statement against interest is a "statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a

reasonable person in the declarant's position would not have made the statement unless believing it to be true."

That which Sergeant Todd allegedly said to Plaintiff Todd was in no way a "statement against interest" as contemplated by the FEDERAL RULES OF EVIDENCE. What Sergeant Todd said had no effect on Sergeant Todd's pecuniary or property interest whatsoever.  Neither did his words subject him to civil or criminal liability or render a claim by Sergeant Todd against another invalid.  Sergeant Todd is not a party to the instant lawsuit.  In fact, that which Sergeant Todd allegedly told Plaintiff Todd was nothing more than his advisory opinion to his cousin, that it "clearly appeared" to be a civil matter and that the "case would probably be dismissed."

Plaintiff also cited three cases in his Response on pages 6-7 in support of his contention that Sergeant Todd's statements to Plaintiff Todd were "statements against interest" of a party opponent, and thus not hearsay, but all three cases are distinguishable to the instant lawsuit.

First, Plaintiff cited McMillan v. Johnson, 878 F. Supp. 1473 (M.D. Ala. 1995), affirmed in part, vacated in part, reversed in part by McMillan v. Johnson, 88 F. 3d 1554 (11th Cir. 1996), opinion amended on rehearing by McMillan v. Johnson, 101 F.3d 1363 (11th Cir. 1996).  The Plaintiff cited the quotation found in

this case: "Deposition in which deponent stated that sheriff, who was subject of civil rights action for having falsely charged claimant with murder, . . . was admissible . . . over hearsay objection . . . as an admission of party opponent." <u>Id.</u> at 1518.[1]  Again, unlike the sheriff in <u>McMillan</u>, Sergeant Todd **is not a party to the instant lawsuit**.  Neither is Sergeant Todd the **subject of any action** of which the Defendants are aware as it pertains to Plaintiff Norman Todd.  As such, this case is distinguishable and inapplicable to the case at bar.

Next cited was City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548 (11th Cir. 1998).  The Plaintiff quoted: "Under the Federal Rules of Evidence, it is not necessary to show that an employee or agent declarant possesses 'speaking authority,' tested by the usual standards of agency law, before a statement can be admitted against the principal; instead, it is necessary that the content of the declarant's statement concern a matter within the scope of his employment or agency." <u>Id.</u> at 558, n.10.[2]

However, Tuscaloosa v. Harcros Chemicals, Inc. was a case involving the former *president, chairman, and CEO* of a company who "set prices throughout the period of the alleged conspiracy" as the person who made the admissions in

---

[1] The quotation is actually a WestLaw headnote quotation summarizing the text found in the case on p. 1518.

[2] Again, the quotation is actually a WestLaw headnote quotation summarizing the text found in the case on pp. 558, n.10.

question.  Id. at 557-58.  The Court determined that "[b]ecause FED. R. EVID.

801(d)(2)(D) does not define the term 'agent,' we must assume that Congress

intended to refer to general common law principles of agency when it used the

term."  Id. at 558, n.9.  "At common law, senior officers of a corporation normally

are agents and servants of the corporation."  Id.

Sergeant Todd is **not** a high-ranking member of the police force, unlike

Robert Jones, the Tuscaloosa president, chairman, and CEO.  He is one policeman

among many.  He is not a "senior officer," i.e., the Chief, a Captain, or a

Lieutenant, and he is not alleged to have partaken in those activities upon which

the Plaintiff based his Complaint, again unlike Jones.  For those reasons, this case

too is distinguishable and inapplicable to the case at bar.

Last, the Plaintiff cited City of Birmingham v. Watkins, 670 So. 2d 878

(Ala. 1995).  Plaintiff wrote in his Response: "Testimony of supervisor of police

officer who had been involved in automobile accident, who had been required as

part of his duties to investigate accident, that he believed that officer was at fault

was admissible as admission of fault on part of city in action arising from accident,

and was not rendered inadmissible by fact that conclusion that officer had been at

fault was lay opinion of supervisor that went to ultimate fact at issue."  Id. at 879-

80.[3]

However, the Court went on to add: "To be admissible against a principal, declarations of an agent must be made within the scope of the **authority conferred upon the agent** and must be made while the agent is exercising his or her authority."  Id. at 880 (emphasis added) (internal quotations and citations omitted). The quotations of law must be taken into context.  In Watkins, the supervisor was charged with the duty of "investigat[ing] the accident and send[ing] a report to the chief of police, notifying the chief of any damage to police property or any personal injuries incurred by officers acting in the line of duty" as it pertained to the lawsuit involving the officer and the civilians.  Id. at 879.  The supervisor "was also **required to include a determination of fault** in his report." Id. (emphasis added).

In the case at bar, Sergeant Todd was **not** charged with any particular and specific duties as they pertained to the instant matter.  In fact, his signature is nowhere to be found on any of the police documents submitted to this Honorable Court.  Neither was he named by Plaintiff Todd in his Complaint.  Finally, Sergeant Todd was not charged with the duty of determining who was at fault, if anyone, in this case.  As such, case is distinguishable and inapplicable to the case

---

[3] Finally, the quotation is actually a WestLaw headnote quotation summarizing the text found in the case on pp. 879-80.

at bar.

Sergeant Todd did nothing more than give his lay, indefinite, hearsay opinion regarding the matter at hand to Plaintiff Norman Todd, his cousin. As such, Sergeant Todd made neither an admission of a party opponent nor a statement against the interest of the City of Clanton, and his remarks are due to be stricken.

### 2.    The "Judge" and the "Magistrate"

Plaintiff conceded in his Response that any statement attributable to the (unnamed) "judge" should be stricken. Plaintiff's Response, pp. 2-3, ¶ 4(B). As such, Defendants will not address and pray that this Honorable Court will strike those statements.

As to the (unnamed) "magistrate," Plaintiff again stated in his Response that he heard the "magistrate's" words, and therefore had personal knowledge. Id. at p. 3, ¶ 4(B). Plaintiff added that the "magistrate's" statement "represents an admission against interest of an employee of the City whom may testify at trial as well as admissible for the fact that the statement was said." Id.

Similar to the reasoning Plaintiff used in his attempt to admit Sergeant Todd's statement as part of Plaintiff Todd's Affidavit, Plaintiff wrote in his Response that he is able to repeat the statements of others because he heard the

14

statements and thus had personal knowledge of those statements.  He argues,

therefore, that the statements are not hearsay.  FRCP 56 states (emphasis added)

that "supporting and opposing affidavits shall be made **on personal knowledge**."

It is not for the Defendants to contest whether the Plaintiff had personal knowledge

that the "magistrate" spoke certain words to the Plaintiff, but rather to contest that

the Plaintiff had personal knowledge regarding the subject matter being discussed

by the "magistrate."  The Plaintiff's personal knowledge of the hearsay does not

make the statement any less hearsay and is due to be stricken.

### I.    No Admission by Party Opponent / No Statement Against Interest

Plaintiff added that the statements of the "magistrate" repeated in Plaintiff

Todd's Affidavit are "an admission against interest of an employee of the City."

The "magistrate's" statement was by no means an admission against the interest of

an *employee* of the City.  Nevertheless, this "magistrate" does not have the

authority to make an admission as the "City" or a statement against the City's

interest, as cities are entitled to immunity from vicarious liability for intentional

torts of magistrates, as well as those actions taken by magistrates in bad faith or

with malice.  See e.g., Ex parte City of Tuskegee, 932 So.2d 895, 911 (Ala. 2005);

ALABAMA CODE 11-47-190 (1975).  Furthermore, FRE 804(b)(3) states that a

statement against interest is a "statement which was at the time of its making so far

contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."

In Plaintiff's Evidentiary Submission, Exhibit 1,  Affiant claimed that the "magistrate," in responding to questions posited by the "judge" during Plaintiff Todd's court appearance, "tried to explain that this was a civil matter to Officer Greg Charles and the Complainant (Ms. Littlejohn); but, that she felt pressured by the officer to issue the warrant anyway."

The City is immune from any action against the "magistrate" sounding in tort, malice, or bad faith.  Moreover, the "magistrate" is not a party to the instant suit.  Her statement was not contrary to her pecuniary or proprietary interest; neither did it subject her to civil or criminal liability, or render invalid a claim by the "magistrate" against someone else.  In fact, Defendants have no way of knowing the exact contextual utterance of the "magistrate's" alleged statement.  If the Plaintiff wishes to verify the truth of these statements, rather than submit the same as hearsay evidence, he may be willing to produce an Affidavit of the "magistrate" verifying these statements or a transcript of the court proceeding.

More importantly, the Case Action Summary submitted as part of

Defendants' Exhibit 1 to Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment states in black and white that the case against Plaintiff Todd was "Dismissed for want of prosecution."  Defendants' Evidentiary Submission to Defendants' Motion for Summary Judgment, Exhibit 1.  Plaintiff Todd stated in his own Affidavit that "neither the Clanton Police Officer, Mr. Greg Charles, nor Christy Littlejohn showed up for court."  Plaintiff's Evidentiary Submission, Exhibit 1, p. 1.  Nowhere is there a notation on the Case Action Summary of any mention of a legal opinion of the "judge" or "magistrate" as to the lawfulness or unlawfulness of Plaintiff's arrest, as indicated by the Plaintiff in his Affidavit.  For the foregoing reasons, anything that Plaintiff claims was said by this "magistrate" is unverified (and totally omitted and unverified by a reading of the Case Action Summary) and is inadmissible hearsay.  As such, the "magistrate's" statement is due to be stricken.

### **3.**    **Defendant Littlejohn**[4]

Plaintiff stated in his Response that Plaintiff Todd and Christy Mullis heard Defendant Littlejohn's words, and thus have personal knowledge of what

---

[4] Although not discussed in Plaintiff's Response to Defendants' Objection to Plaintiff's Evidentiary Submission and Motion to Strike, a similar analysis can be made for the hearsay testimony in Plaintiff's Affidavits of Officer Greg Charles.  Plaintiff seeks to enter hearsay testimony of Defendant Charles as that which Officer Charles allegedly said to Debra Allison, who then allegedly recounted the same to Plaintiff's Affiants, which Plaintiff now seeks to use as *substantive* evidence in support of his Motion for Summary Judgment.  Rather, the Affidavits should be stricken, or, at minimum, the statements of Defendants Littlejohn and Charles should be stricken from the Plaintiff's Exhibit Affidavits.

Defendant Littlejohn said.  Id. at p. 3, ¶ 4©).  Plaintiff added that "Ms. Littlejohn

had personal knowledge of the facts as well."  Id.  Further, Plaintiff added that Ms.

Littlejohn is a party opponent, so her "statements qualify as admissions against

interest (or by party opponent) and are, therefore, admissible."  Id.  Finally,

Plaintiff claimed in his Response that Defendant Littlejohn's statements "qualify as

contemporaneous statements and are, therefore, non-hearsay."  Id.

          Once more the Plaintiff claimed in his Response that he (and now Ms.

Mullis, as well,) are able to repeat the statements of others because they heard the

statements and thus had personal knowledge of those statements.  He argues,

therefore, that the statements are not hearsay.  FRCP 56 states (emphasis added)

that "supporting and opposing affidavits shall be made **on personal knowledge**."

It is not for the Defendants to contest whether the Plaintiff and Ms. Mullis had

personal knowledge that Defendant Littlejohn spoke certain words to them, but

rather to contest that the Plaintiff and particularly Ms. Mullis had personal

knowledge regarding the subject matter being discussed by Ms. Littlejohn.

Defendants do not contest that Ms. Littlejohn had personal knowledge of the

events.  Defendants contest such personal knowledge as relayed through the filter

of Plaintiff Todd's and Ms. Mullis' Affidavits.  Plaintiff Todd's and Ms. Mullis'

personal knowledge of the hearsay does not make the statement any less hearsay

and is due to be stricken.

Unlike Sergeant Todd and the "magistrate," Ms. Littlejohn is a party to this case. What is in dispute as it pertains to Ms. Littlejohn, then, is whether or not her comments as repeated in the Affidavits of the Plaintiff, Ms. Thomas, and Ms. Mullis constituted an "admission" or a "statement against interest."

Ultimately, in Ms. Thomas' and Ms. Mullis' Affidavits, the Affiants recount the theory of the occurrences of the dates made the basis of Plaintiff's Complaint **as relayed to them via other individuals**. In other words, Defendant Littlejohn **did not admit or make a statement against her interest.** The hearsay-within-hearsay (Defendant Littlejohn said to Ms. Allison who said to Ms. Mullis who wrote an affidavit) situation requires the reader of each Affidavit to sift carefully to find an admission or statement, and neither are present. Defendant Littlejohn made no admission or statement against interest to either Affiant, Ms. Thomas or Ms. Mullis. Neither was any admission or statement to someone else by Defendant Littlejohn repeated in either Affidavit (except one passage wherein Ms. Thomas repeated in her Affidavit what the *Plaintiff* told Ms. Thomas that Defendant Littlejohn allegedly said.) Because there was no admission or statement against interest made by Defendant Littlejohn in either Ms. Thomas' or Ms. Mullis' Affidavit, Ms. Littlejohn's statements are due to be stricken therefrom.

19

As to Plaintiff Todd's Affidavit, there are only two sections therein where the Plaintiff recounts what Defendant Littlejohn allegedly told to the Plaintiff that could possibly be construed as an admission or a statement against interest.   On page two of Plaintiff's Affidavit, Plaintiff claimed that "Ms. Littlejohn advised me that she and Officer Greg Charles had gotten the landlord to let them in my mobile home without a search warrant based upon the fact that Mr. Charles was a police officer."  Later on page two, the Plaintiff recounted Defendant Littlejohn's reasons for entering his trailer, "to get a plate she had left at my house. . . [and to look] for a cell phone and could not find it."

Defendant Littlejohn's supposed reasons for entering his trailer are not relevant to this pleading, as they are not meant to show the truth of the matter asserted as it pertains to the City of Clanton, Mayor Driver, Chief Henderson, or Officer Charles.  That leaves merely one potential admission or statement against interest at issue.  That statement, however, is so clearly biased as recounted by the Plaintiff - *and no other affiant* - that it is due to be stricken.  No one other than the party with the most to gain, the Plaintiff, verified that Defendant Littlejohn said such a thing, leading to a "he said/she said" situation between the premier subjects to the events made the basis of this lawsuit.  Justice requires that this statement be stricken in favor of testimony of the Defendant herself.

## 4.    **Debra Allison**

Plaintiff stated in his Response that Debra Allison is subject to cross-examination at the trial of this matter and shall be cross-examined by the Plaintiff and that Ms. Allison's Affidavit was made under oath. <u>Id.</u> at p. 3, ¶ 4(D).  The Plaintiff added that "the inconsistent statements Ms. Allison gave under oath may be impeached with her prior inconsistent statements." <u>Id.</u> at p. 3-4.  Plaintiff Todd stated that those statements are exceptions to the hearsay rule, and that the statements are not hearsay as they are not admitted for the truth of the matter asserted but rather admissible as having been said. <u>Id.</u>

Plaintiff's Affiants mention the (alleged) words of non-party witness Debra Allison.  Ms. Allison's statements as recounted by Plaintiff's Affiants are not admissible, as they attempt to offer inadmissible hearsay testimony.

Although Plaintiff's Affiants  attempt to offer that which they claim Ms. Allison said and that which they claims Ms. Allison said as inconsistent with her Affidavit, her Affidavit is "not inconsistent with any testimony given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." <u>See</u> <u>U.S. v. Brown</u>, 151 Fed.Appx. 787 (11th Cir. 2005) ("'[U]nder Federal Rule of Evidence 801(d)(1)(A) prior inconsistent statements are not hearsay and are admissible as **<u>substantive evidence</u>** if given under oath or subject

to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition.'"

(citing Wilson v. City of Aliceville, 779 F.2d 631, 636 (11th Cir.1986) (emphasis

added)). But see California v. Green, 399 U.S. 149 (1970) (California v. Green, is

distinguishable, however, as it allows for the use of prior inconsistent statements

not made under oath but as provided by California Evidence Code: the testimony

made at a hearing is inconsistent with a prior statement and the witness has the

opportunity to explain or deny the alleged prior inconsistent statement . Id. at 164.

Regardless, the California Court wrote that "Our task in this case is not to decide

which of these positions [i.e., the majority view, that out-of-court statements are

inadmissible in that the statement may not have been made under oath; the

declarant may not have been subjected to cross-examination when he made the

statement; and the jury cannot observe the declarant's demeanor at the time he

made the statement versus the minority view that  permits the substantive use of

prior inconsistent statements on the theory that the usual dangers of hearsay are

largely nonexistent where the witness testifies at trial], purely as a matter of the law

of evidence, is the sounder." Id. at 155.)

The Plaintiff cited U.S. v. Sisto, 534 F.2d 616 (5th Cir. 1976) in his

Response, which states: "Evidence of prior inconsistent statements of witness may

be admitted to impeach that witness, and the prior statements may have been oral

and unsworn and may be drawn out in cross-examination of witness himself and, if witness has denied making statement on cross-examination, or has failed to remember it, the making of statement may be proved by another witness."[5]

Defendants do not dispute that an alleged prior inconsistent statement of a witness can be used to *impeach* that witness *during cross examination*. Defendants dispute the use of the Affidavits and the alleged prior inconsistent statements as *substantive evidence*; substantive evidence going to the truth of the matter asserted to prove or disprove that Plaintiff's rights were violated as set forth in his Complaint. In fact, U.S. v. Sisto makes it crystal clear that "the trial court would have been in error had it refused a defense request that the jury be cautioned to consider [the prosecution's witness'] testimony only in relation to [the defense witness'] **credibility**. [The prosecution's witness'] testimony was **clearly hearsay** with regard to [the defendant's] actions, and **should not have been considered by the jury as direct evidence** of [the defendant's] guilt." Id. at 623 (emphasis added).

In this case, Ms. Debra Allison made her Affidavit, and Defendants have submitted the same as an Evidentiary Submission in support of their Motion for Summary Judgment. Clearly, then, Ms. Allison is not "testifying" at a trial or

---

[5]  The quotation is actually a WestLaw headnote quotation summarizing the text found in the case on p. 622.

hearing (and has not testified at a trial or hearing) but rather has made a statement under oath. Neither has Ms. Allison been subject to cross examination concerning the statement. As such, the Affidavits submitted as Plaintiff's Evidentiary Submission are due to be stricken as they recount that which Ms. Allision allegedly revealed to the Affiants.

Finally, the Plaintiff claimed that Debra Allison's statements as recounted by his Affiants are not hearsay, but rather "admissible solely for the reason that the statement was made." Clearly, however, the Plaintiff is attempting to have Ms. Allison's alleged prior inconsistent statements admitted as *substantive evidence* in order to help the Plaintiff prove his case, that his to help him prove the allegations made in his Complaint, that his rights were violated by the Defendants, based on Officer Charles allegedly demanding entry into Plaintiff's mobile home without a warrant and then allegedly entering Plaintiff's mobile home with Defendant Littlejohn and without the Plaintiff's permission. This is hearsay, an out of court statement offered to prove the truth of the matter asserted, and should not be admitted.

WHEREFORE, Defendants respectfully request that Plaintiff's Exhibits 1, 2, and 3 attached in support of Plaintiff's Evidentiary Submission in Support of Plaintiff's Response to Defendants' Motion to Dismiss/Motion for Summary

Judgment be STRICKEN and that the Court will provide such other and further

relief that it deems appropriate under the circumstances.


/s/ James W. Porter II
James W. Porter II, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 3314 T79J
State Code POR001


/s/ Christy Lynn Sherbrook
Christy Lynn Sherbrook, one of the
Attorneys for Defendants, City of Clanton,
Mayor Billy Joe Driver, James Henderson,
and Greg Charles
State Bar ID ASB 2409 H65S
State Code  SHE 094


OF COUNSEL:
PORTER, PORTER & HASSINGER, P.C.
P.O. Box 128
Birmingham, Alabama  35201-0128
(205) 322-1744
Fax: (205) 322-1750

## *CERTIFICATE OF SERVICE*

     I hereby certify that a copy of the above and foregoing has been **electronically filed** with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon the following, this, the  3rd  day of **December**, **2007**.  If Notice of Electronic Filing indicates that Notice should be delivered by other means to any of the following, I certify that a copy will be sent via U.S. Mail, properly addressed, postage prepaid.


Donald G. Madison, Esq.
418 Scott Street
Montgomery, AL 36104


                        /s/ James W. Porter II_____
                        OF COUNSEL